KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>vs.<br><br>Richard Larry Self,<br><br>              Defendant/Movant. | No.   CV 13-8199-PCT-DGC (SPL)<br><br>         CR 10-8036-PCT-DGC<br><br>**ORDER** |

Movant Richard Larry Self, who is confined in the Federal Correctional Institution-Englewood Satellite Camp in Littleton, Colorado, has filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Court will call for an answer to the § 2255 Motion.

**I.     Procedural History**

Movant was convicted by a jury of three counts of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1), and three counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). On March 14, 2011, the Court sentenced Movant to a 135-month term of imprisonment followed by lifetime supervised release.

**II.    Section 2255 Motion**

Movant raises eight grounds for relief:

> (1)     Movant's counsel was ineffective in failing to investigate the validity of three search warrants;

TERMPSREF

(2) Movant's counsel was ineffective in allowing Movant to be indicted, tried, and convicted in violation of Movant's right to be free from double jeopardy;

(3) Movant's counsel was ineffective for failing to challenge prosecutorial misconduct;

(4) Movant's counsel was ineffective for failing to object to irrelevant evidence of prior bad acts;

(5) Movant's counsel was ineffective when she failed to introduce evidence that others lived in Movant's household, had access to Movant's AOL account and use of the computer, and that of the five computers seized, "only one was dirty";

(6) Movant's counsel was ineffective because counsel refused to let the probation officer interview Movant, members of Movant's family, or any of Movant's friends;

(7) Movant's counsel was ineffective by failing to present evidence that someone else could have committed the crime; and

(8) The Court abused its discretion by failing to resolve the conflict between Movant and Movant's counsel and for not appointing new counsel.

The Court will require a response to the § 2255 Motion.

### III. Warnings

#### A. Address Changes

Movant must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Movant must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Copies

Movant must serve Respondent, or counsel if an appearance has been entered, a copy of every document that Movant files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Movant must submit an additional copy of every filing for use by the Court. LRCiv 5.4.

TERMPSREF

Failure to comply may result in the filing being stricken without further notice to Movant.

### C. Possible Dismissal

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the § 2255 Motion (Doc. 1 in CV 13-8199-PCT-DGC (SPL)), the Memorandum in Support (Doc. 2), and this Order on the United States Attorney for the District of Arizona.

(2) The parties and the Clerk of Court **must file** all documents related to the § 2255 Motion in the **civil case**.

(3) The United States Attorney for the District of Arizona has **60 days** from the date of service within which to answer the § 2255 Motion. The United States Attorney may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2255 Cases.

(4) Movant may file a reply within **30 days** from the date of service of the answer to the § 2255 Motion.

. . .

. . .

. . .

. . .

. . .

TERMPSREF

(5) The matter is referred to Magistrate Judge Steven P. Logan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 4th day of November, 2013.

_____
David G. Campbell
United States District Judge

TERMPSREF

- 4 -