# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Larry Self,<br>Movant/Defendant<br>-vs-<br>United States of America,<br>Respondent/Plaintiff. | CV-13-8199-PCT-DGC (JFM)<br>CR-10-8036-PCT-DGC<br><br>**Order** |

Under consideration is Movant's Motion for Reimbursement, filed October 3, 2014 (Doc. 25). Although briefing on the motion is not complete, the Court finds that further briefing is not necessary to a fair adjudication of the motion.

Movant seeks reimbursement pursuant to 18 U.S.C. § 3006A for his expenses incurred in again providing copies of his Memorandum (Doc. 2). The Court was required to order Movant to again file his Memorandum because the electronically filed copy has become corrupted and partially unreadable. (*See* Order 9/15/14, Doc. 23.)

18 U.S.C. § 3006A governs the reimbursement of court appointed counsel. Generally, that provision effectuates the right to appointed counsel in criminal proceedings, whether through individual court appointed counsel and/or the Federal Public Defender and Community Defender organizations. The statute further provides that "Attorneys may be reimbursed for expenses reasonably incurred." 18 U.S.C. § 3006A(d)(1).

The Ninth Circuit has concluded that "reasonably incurred expenses of an indigent defendant on appeal should normally be reimbursed," including "xeroxing and postage." *U.S. v. Feldman*, 788 F.2d 625, 626 (9th Cir. 1986). *But see U.S. v. McElhiney*, 369 F.3d 1168 (10th Cir. 2004) (rejecting *Feldman* and holding reimbursement limited to attorneys); *Green v. United States*, 323 F.3d 1100, 1104 (8th

1

Cir.2003) (same).

However, a motion to vacate pursuant to 28 U.S.C. § 2255 is not a criminal prosecution, but a civil collateral attack on conviction. Thus, the normal right to appointment of counsel, and reimbursement under 18 U.S.C. § 3006A does not apply in such cases. *See Dragon v. U.S.,* 414 F.2d 228 (5th Cir. 1969). Rather, in such cases, appointment of counsel is limited to instances where the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

Moreover, in *Feldman*, the Ninth Circuit's conclusion that expenses were available to *pro se* criminal defendants was based in part upon the concern that barring "a pro se defendant from recovering costs would be tantamount to placing an impediment on a defendant's right to proceed *pro se*." 788 F.2d at 626. In the instant civil case, proceeding *pro se* is not a question of right, but a presumptive course of events unless the movant retains private counsel.

Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides that an attorney shall be appointed for an indigent petitioner "[i]f an evidentiary hearing is required." *See U.S. v. Duarte-Higareda*, 68 F.3d 369 (9th Cir.1995) (evidentiary hearing makes appointment of counsel mandatory). Unless such a hearing is required, however, the decision to appoint counsel is within the discretion of the court. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1177 (9th Cir. 1990); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986).

The purpose of 18 U.S.C. §3006A(a)(2) is to provide for appointed counsel whenever required by the Constitution, *Knaubert*, and since the Sixth Amendment right to counsel does not apply in habeas corpus actions, *id*., the upward parameter of the court's discretion is measured by whether the failure to appoint counsel would amount to a denial of due process. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 107 S.Ct. 1911 (1987); *Knaubert*; *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied*, 382 U.S. 996 (1966).

"In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Factors which have been held relevant in determining the appropriate exercise of discretion include: whether the claim is non-frivolous; whether the nature of the litigation makes the appointment of counsel beneficial to the litigant and to the court; the pro se litigant's ability to investigate facts and present claims; and the complexity of the factual and legal issues involved in the case. *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990).

The Court sees no reason why the same considerations would not apply to the payment of expenses of a *pro se* movant under § 2255.

There has been no evidentiary hearing scheduled, and thus, appointment of counsel would not be required.

Further, the Court cannot find that failing to pay Movant's expenses would amount to a denial of due process.

Here, Movant's Motion to Vacate is not likely to succeed. Although the Court cannot resolve the Motion to Vacate in the course of ruling on the instant motion, the Court has reviewed the Response to the Motion to Vacate and Movant's Reply and was well advanced in preparing a ruling when the corrupted file was discovered. Respondent asserts substantial defenses to the requested relief, and at this juncture, the Court finds it more likely that Respondent will ultimately prevail.

Further, Movant's current motion is not founded upon any complexity of the issues in this case.

Rather, Movant simply argues that it is unfair to require him to again bear the costs of filing his Memorandum, when it was corrupted without fault on his part, and is a heavy burden in light of his limited income. Assuming unfairness alone could justify the Court ordering the Government to pay Movant's expenses, Movant fails to show the unfairness in this instance would rise to a due process concern.

Movant has been able to undertake the expense, and has now again filed his Memorandum (Doc. 25). Further, the expense has not been so great as to create an inference of some frank unfairness. Movant has requested some $29.15 in expenses. While undoubtedly a significant sum to a prisoner, it is not inordinate in comparison to the financial obligations which Movant has voluntarily undertaken to pursue the instant proceeding.

Finally, Movant remained free to refuse to incur the cost (albeit at the potential risk of dismissal of this proceeding for failure to prosecute or loss of the ability to maintain arguments founded upon the lost records). The decision to undertake the instant proceeding was Movant's. Unlike criminal prosecutions, motions to vacate are not maintained at the insistence of the government, but of the movant. That the expense has increased because of circumstances outside Movant's control is unfortunate, but does not give rise to due process concerns.

**IT IS THEREFORE ORDERED** that Movant's Motion for Reimbursement, filed October 3, 2014 (Doc. 25) is **DENIED**.

Dated: October 7, 2014

13-8199-025o Order 14 10 06 on Motion for Reimbursement.docx

James F. Metcalf
United States Magistrate Judge