THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE LR CV 5.4
(Rule Number/Section)

United States District Court

District of Arizona

```
| FILED        | ___ LODGED |
| RECEIVED     | ___ COPY   |

FEB 02 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY
```

United States of America

           Respondant

V

Richard Larry Self
      Defendant / Movant

CV-13-8199-PCT-DGC (JFM)

CR-10-8036-PCT-DGC

Objection To Report And
Recommendation on Motion
To Vacate, Set Aside or
Correct Sentence

Comes Fourth, Defendant / Movant Richard Larry Self (Here-in-After Defendant), in pro se To Answer And object To Magistrates Report And Recommendation To Defendants Motion To Vacate, Set Aside, Correct Sentence. (28 USC 2255) Defendant will again refer To documents As in his responce to governMent. "The abbreviation "CR" refers To District Court Clerk's Record From The underlying Criminal conviction. CR-10-8036-PCT-DGC, And Followed by relevant document Number/s. The abbreviation "CV" refers To The Clerk's record from CV-13-8199-PCT-DGC (JFM). The abbreviation "RT" refers To The Reporters Transcript of proceedings And will be Followed by relevant dates And page numbers.
   The defendant will NOT present A statement of Facts
(1)

The Court is aware of the case leading to the present motion. This is to save time and materials. The defendant has already spent $29.15 to replace (CV-2 6/28/2013) when it was found the electronic file was corrupted. This file became corrupted in the Courts possession, at no fault of the defendant, over a year from filing. See (CV 23-1 9/15/2014). Defendant was denied Reimburstment by the magistrate, see (CV-26-1 10/7/2014)

Ground 1 (a) No probable cause to search Home :

The Magistrate as well as the Respondant (Government) has misread or understood the claim. The defendant is not arguing the staleness of the evidence in the probable cause. The second warrant was a reissue of the first. The staleness was decided in this Honorable court as well as on direct appeal. And cannot be an issue under collateral attack in a 2255.

On January 13, 2010 a warrant (10-4006 mb) was issued for the residence of defendant Richard se IF. This warrant was not executed within 10 days of it date so became void. On January 27, 2010 a second warrant was issued on the same residence (10-0401mb) This warrant was executed on February 8, 2010. This second warrant was a reissue of the first. The only difference is the date and warrant number.

See Supreme court digest, Lawyer's edition § 11 Search and Seizure (Necessary additional evidence). A Search Warrant

(2)

CANNOT be issued on The showing of probable cause, which Formed The basis for The issuence of The First Search Warrant, After the first Search Warrant Has become void, because not executed And returned with in the 10 days after its date. But There must be additional proof of probable Cause, existing at Time of issuing The Second Warrant

The issue of A second warrant is A new process, As when The first warrant became void, All parts of The Warrant become void, And The issuence of A second Warrant is A new process. (emphasis added)

No where is The supreme court digest or in The decision Of Sgro, 287 U.S. 206 does it state except probable cause. In both The court Case And the supreme court digest it Asserts in plain And unambiquous Language, That The Warrant is void And probable cause is Not useable, unless There is Additional evidence in The second Warrant close to The time OF issuence.

Ground 1 (b)(c) Warrant on Home And Truck Not Properly served: Defendant will Answer (b)(c) in This one part of The ground Since They are primarily The Same.

Even With Grubbs, 547 U.S. 99 (2006) Decision. Agents Failed To Follow magistrate's instructions on The Face of The warrant. Volumes of substantial Authority support This conclusion. the supreme court has explained That A Search was unconstitutional because The Warrant Failed To describe items

To be seized and "did not incorporate other documents
See United States v. McGrew, 122 F.3d 847, 849 (9TH Cir 1997)
(Holding That An incorporated Affidavit did not provide
particularity because The Government "offered no evidence,
That The Affidavit or any copies were ever attached to
The Warrant or were present at The Time of The Search");
United States V. Dahlman, 13 F.3d 1391, 1385 (10TH Cir 1993)
(Holding That The Government cannot rely upon Affidavits
not attached to The Warrant itself to satisfy The particularity
requirement); United States V. Dale, 991 f.2d 819, 846,
301 U.S. App. DC 110 (D.C. Cir 1993) (Stating That incorporation
of an Affidavit provides particularity only if The Affidavit
accompanies The Warrant); United States V Morris, 977
F.2d 677, 681 n3 (1st Cir 1992) (" An affidavit may be referred
To for purposes of providing particularity if The affidavit
occompanies The Warrant"); United States V Clerry, 911
F.2d 72, 77 (8TH Cir 1990) ("[A] description in The supporting
Affidavit can supply The requisite particularity" for a
Valid warrant if " the Affidavit occompanies The Warrant"
And " the Warrant uses suitable words To reference which
incorporate The affidavit Therein") (internal quotation
marks and citations omitted)

    The face of Both Warrants plainly states "See
Attachment A" And "See Attachment B. The Attachments or
the Affidavit should have been attached to The Warrants
being The "Attachments A + B" were incorporated in it.

                          (4)

See MASSACHUSETTS V. SHEPPARD, 486 U.S. 981, 82 L.Ed. 2d 737 (1984) (Were The Supreme court held THAT A Reasonable officer ShouldN'T be expected To disregard A Judge's ASSUrence, THAT A particular course OF ACTION is AUTHOvized. See ALSO UNITED STATES V. FRANZ, 2014 BL 310961, 3rd Cir No. 13-2406 (11/4/2014) ALTHough There is NO question THAT The AGENT iN This CASE should have KNOWN he was "Required" To present The ATTACHMENT To the defendant. IN This CASE The AGENT WAS SAVEd From The exclusionary rule because The AGENT WAS UNder the misaprehension ThAT he was forbidden To SHow The defendant the ATTACHMENT because of The MAGISTRATES Order of "SEAL". The officer iN Above CASE WAS A NEW Officer were iN CASE AT bar The Lead AGENT WAS A Senior AGENT, AND The AGENT ThAT wrote The WARRANT For The Truck (10-4021MB) AND There WAS NO SEAL order by The COURT. see (RT 11/17/2010 174.

Agent John Koski WAS ALSO iN violation OF RULE 41 (f)(B) INVENTory: AN officer present during The execution of The WARRANT MUST prepare, AND verify AN inventory of ANy property seized. The officer MUST do so iN The presents of ANother officer "AND" The person from Whom, or from whose premises, The property WAS TAKEN. The defendant WAS STILL Locked iN BACK OF A PATROL CAR When They or him made out The INVENTory LIST.

(5)

The EXCLUSIONARY RULE is applied only to situations where police conduct is sufficiently deliberate. That exclusion can meaningfully deter it in the future.

If Law enforcement exhibits deliberate reckless or grossly negligent disregard for the Fourth Amendment Rights or if the conduct involves recurring or systamic negligence. The deterrent value of exclusion is strong and tends to out weight the resulting costs of suppressing evidence. In case at bar The exclusionary Rule is warranted because the Lead Agent not only deliberately made the error once, but did the same thing twice, with the same defendant. He did not attach the incorporated attachments nor did he attach the Affidavit, which did included "Attachment A" and "Attachment B" when he left the copy at the house search. But left neither the warrant or attachments with defendant at the truck search.

Ground I (d): Magistrate and Respondant argues there no evidence that defendant was searched, And That defendant was not prejudiced. See (Exhibit 4 6/29/2013) It plainly states that defendant was "ordered" to Remove All items from his pockets, Then Ops officer Chrysler patted defendant down to be sure all items were Removed. If Respondant and magistrate would have read Exhibit 4, They would have read the following "I Had self come back to my vehicle with all his paperwork,

(6)

Self Followed me back to my vehical, Were an agent
with ICE contacted The Self and Told Him why we were
Stopping him, Self pulled out All of The iTems he had in
His pockets per ICE agent, at Which Time I patted him
Down to make sure, everyThing Was out. I did NOT Locate
AnyThing at That Time." (As The court CAN see This was
NOT A safety pat Down (Looking for a weapon.)) at This Time
All of The defendants property including identification
was reTained on The hood of officer chrysler's vehicle
while defendant was Locked in Back of patrol Car.

    As The court CAN plainly see The defendant was seized
prior To ANY search. Defendant always Followed The
Command of Authority. Officer J Chrysler was Acting
on authority of ICE, he was AN Agent under Law.
See (RT 28  11/17/2010  175). This also explains The
Numerous Amount of agent's and police officers at
The seen. Defendant ThoughT he was under Arrest
being The Large Amount of officers, The Immediate
Separation of Defendant and wife. The Complete
Body search of Defendant, And The retention of
Defendants identification, And personal property. As
Well As being Locked in The back of The patrol Car.

    As To The search of the defendant (NOT A safety pat
Down) see supreme court Digest § 5, 8; The warrant
Clause of The Fourth amendment does not protect only
dwellings And other specifically designated Locals, The

(7)

FourTh AmendmenT proTecTs people, noT PLAces, And more parTicularilly iT proTecTs people. From unreasonable governmenT inTruslions inTo Their Leg'7imaTa expecTaTions of privacy. Supreme CourT digesT S 4, seArcH And Seizure; (FourTh AmendmenT purpose) A fundamenTal Purpose of The fourTh AmendmenT is To SAfegard IndividuaLS From unreasonAble governmenT invasions of LgiTimaTa privacy inTeresT, And noT simply Those inTeresT foand inside The four waLLs of The Home.

See williams v. counTy of SanTa BarbAra, 272 F. Supp 2d 995 (9TH cir 2003) (ciTing Ganwich v. Knapp, 319 F.3d 1115, 1122 (9TH cir 2003) in Ganwich The ninTh CircuiT held ThaT A deTenTion during search violaTed, The deTainies FourTh AmendmenT righT wshen officers held Them in A waiTing room, prevenTing Them from going To The VesTroom unATended, "prevenTing Them From reTreving Their personAl properTy" (EmphAsis Added)

The seArcH warranTs served on defendanT plainly sTaTed They were searching for evidence, were The Rule of deTenTion does noT necessArilly AppY To A seArcH warranT AuThorized for evidence.

The MagisTraTe sTaTes "even Assuming ThaT The Searches were prohibiTed, MovanT MAkes no suggasTion ThaT Any evidence used AT Trial was obTained during or derived from The seurch of his person, walleT, ecT." IT makes no difference if Any evidence was

(8)

used at Trial or not. It was a plain violation of defendants Fourth Amendment Right to privacy, and "Does make a difference."

The defendant believes he has shown violations of The Fourth Amendment and violations of Rule 41 That also caused a violation of The Fourth Amendment, and ineffective assistance of counsel for not investigating these violations when brought to her attention.

Ground 2 Inavective assistance re Double Jeopardy. Defendant stands by his original challenge of Double Jeopardy, were possession is The Lessor included offense of Transportation. As explained in answer to government on how The District Court come To The Conclusion in United States V. Kennedy, 643 F.3d 1251 (9th Cir 2011) This Conclusion has not been challenged by The government, so They were not going To make a desision in that matter. The magistrate was wrong when he stated Kennedy was charged with possession and reciept. He was charged same as defendant with Transportation, 2252A (a)(i) And possession 2252A(a)(5) (B).

This Honorable Court in its instructions To The Jury Explained, That possession was The Lessor included Charge To Transportation. See (RT 89 11/19/2010 464) Also see Jury verdict form. So it would only stand

(9)

To Reason That The Government, Defense counsel,
And This Honorable court Agreed That possession
is The Lessor offense, of Transpertation, being All
Three Agreed To The Jury instruction And in making
the Jury verdict form.

IT is still The Contention That "ANY" And "l or more"
HAS The Same meaning "ANY"; Core meaning, A grammatical
Word Used To indicate one, some, or several. When
The quality type or number is NOT Important... Without
Limit, AN UNLimited or undefinite Amount or number of
Singular or plural. verb depending on The sense. @" ANY OF These
Suggestions is acceptable". @" Are ANY of The children coming"
( is ANY of The children coming — implies That one is expected )
(ENCARTA World English Dictionary (Bloomburg publishing
1999)). So iT Would Seem That "one or more" As written in
18 USC 2252 And "ANY" written in A USC 2252A Would Mean
The Same Thing, or you have Two offences Contradicting
each other. Being All images And matter were in The Same
place AT the same Time, in The Same Transaction.

The defendant does not believe That The Congress
Would Leave such offenses up To The descresion of The
Prosecutor, when The Congress has been so specific on
All The Other details.

Ground 3 (a) inefective Assistance re prosecutor
Misconduct: Pretrial hearing was set for 9/17/2010
And trial was set for 10/12/2010 see (CR 28 9/3/2010)
(10)

ON 9/7/2010 defense Attorney Jane McClellan recieved A Letter/Notice from the Prosecution stating they were going to supercede the indictment, forceing defense to once again motion for extention of time to try and prepare. (Exhibit enclosed) And on 9/21/2010 they filed the superceding indictment. This was a vindictive move by prosecution because, defendant would not agree to a plea bargin and maintained he would to observe his right to trial. Defense motion for extension of time was file on 9/17/2010 see (Cr 32 9/17/2010) this again was another delay to trial.

The superceding indictment was for 3 counts of Transportation 2252A (a)(i) and 3 counts of possession 2252A (a)(5)(B). What makes this a vindictive move is (1) it was Brought Right at trial time. (2) it was done because defendant, repeatively refused any discussion of a plea bargin (3) the transpartation charge, has a manditory minimum of 5 years, and a maximum of of 40 years. were possession has no minimum and a maximum of 10 years.

The defendant was arrested on 3/14/2010, 6 months prior to the superceding of the indictment. See Neal V. Cain, 141 F.3d 207.214. (5th Cir 1998) "Vindictiveness maybe demonstrated where a prosecutor Brings additional charges against defendant to punish the defendant for his excercise of procedual rights.

(11)

You can also see The vindictiveness in Her statement "These Charges Carry a mandatory minimum of a 5 years And increased sentencing guideline." Also she is making unsubstantiated Claims in This letter that "Mr Self An Author And collector of pornographic stories that discuss incest And sex with children." These stories are protected by The First Amendment, whether They belong to The defendant, His Nife, or Anyone else That may have Collected or Authored Them.

You Can see The Vindictiveness in her intentions to Try And prove A incest relationship between The defendant And His Daughter. This could never Had Happened with Any of my Three Daughters.

The Magistrate Has Things Turned Around. The Letter Written by Robin The defendants daughter did NOT Refer To Dawn Self defendants Downis syndrome. Daughter, it refered To Her HALF sister Berneta Sehm.

The Stories were never Actually proven They were. Authored by The defendant, our were The property of The defendant. They were suspected As belonging to The defendant, because The name "Richard Self" was Found on 3 or 4 of The over 40 Stories, And They were. Found on A Computer proven to be used by A LOT OF OTHer people. And on Computer media That was suspected To be. The defendant. The prosecutor had This evidence Admitted Without substantiating ownership. They were found in

(12)

Amoung the property of both the defendant and his wife. Scatered Amoung computer case's and clothing bags belonging to both defendant and defendants wife, in A truck cab shared by both, and amoung wife's belongings in the Bonus room (office) in their Home, but yet defendant had a "secret". Wife's Testomony elicted by government states he never let anyone see the media or use them, but they were found on top bunk storage area unsecure.

The Magistrate alleges in (CV 29-1 ns 18) that defendant made no allegations of prosecutor misconduct about use of stories, about insect, but if the court would look at (CV. 2 7), the defendant did argue the stories about everything, including ownership, and government brought up the subject of insect in their brief see (CV 12 21)

At this time I would like abolizize to this Honorable court. I did not bring the subject of the issue of Ex-wife - wife. So I will not pursue it here.

Ground 3 (b) misconduct use of stories: Part of this was answered in 3 (a). The misconduct was in the use. of the stories themself was very prejudicial, but the use of only one's depicting a truck driver, a charicter Named "Rick", and as a veterin prosecution was making defendant out to be because of a hate.

Defense attorney, did challenge the stories, but

(13)

did NOT Challenge, The authenticity of The stories, nor fact They were using prejudicial stories of A truck driver, Veterin, or of a character named "Rick" This was not brought To The Courts attention, The Court only Redacted Certain Items, so iT was introduced And was very very prejudicial. As This Honorable Coort knows once a seed is planted, no matter what instruction give, The seed still grows.

Ground 3 (c) misconduct re Fingerprint And DNA evidence. Magistrate and Respondant states The Fingerprint left on The Camera Card case would have only ment someone else Touched That item. But yet in Testimony elicited by The prosecution from wife, see (RT79 11/17/2010 250-257) no one was Allowed To use Them.

In regards To The DNA The government states The Reason They did not Test The DNA matter Found That iT Took 6 months To A year To Have Test Done. This was not only untrue, but prejudiced The Jury See Maryland V. King, 186 L. Ed. 2d 1, 25 (2013) The Supreme Court Found "DNA identification data base Samples have been processed in As Few as Two days in California, Although Around 30 days have been Average." According To The Report All They needed was A purple Top Tube of defendants blood, And a letter From The United States Attorney in charge of Case, Authorizing Them To use. The Cellular matter evidence.

The Magistrate states defense could have had The DNA Tested. This possibily could have been done, but defense would have To went Through many motions To get The Testing done, including haven The Trial date extended, getting The Money From The Court, And A court Order for The Testing.

From The Notice from The Forinsic Lab, They were Ready To Test. The Magistrate, states Reason defense. Counsel did not have iT done was because iT was A Tactical move, because iT could have Shown As defendants

DNA, there is no possible way for the magistrate Court
To Constru This, short of talking To The dense attorney.
The presents of The fingerprint And DNA Never
became Knowledge, to The defendant before being
mentioned at Trice. The defence attorney Knew of This
evidence, but did not share or relate This evidence
To The defendant. If defendant Had Known of This
evidence, he would have "Tried" To get Counsel To Test
Or insist, T be Tested, because The exclusion of The
fingerprint, and handwriting, And Then The DNA would
have pretty much showed The defendants innocent.
Magistrate again is wrong when he makes The
Statement "Movant does not, for example, suggest
That Anyone Touching The items must have been The
one placing The Child Pornography on Them". See (CV 29-1 22).
Defendant has always denied ownership of The CD's
And Thumbs, And in This brief The defendant still denies
ownership. Even Though defendant Has Never Stated
The finger print could belong to The person placing The
Pornography on The items. T is possible. As is with
The DNA, Cellular matter.
   IT could be The reason The prosecution did
not Do The DNA Testing was with The exclusion of
The fingerprint And Handwriting evidence, The DNA
Along with The fingerprint, And Handwriting could have
implicated Another Known person, And shown The
innocents of The defendant. They were Trying so
hard, And spent so much Time Trying To Convict.
   Defendant does not overstate The persuasive
effect of such evidence. All Three factors, DNA,
Fingerprint, And Handwriting, or very persuasive. This
is why The prosecution mislead The Jury with Statements,
like, "IT TAKE 10 months To years To get DNA Results.
See (RT 79 11/18/2010 398-99). ITS almost like A
Prosecutor fallacy, except in This case she's refering
To Time periods.

Ground 4 ineffictive assistance re failure
To object To prior bad act.: Magistrate is Again Wrong.
The only way defence counsel objected To The stories
being admitted was, unfair prejudice, cumulative,
Repetive, And misleading under rule 403. No where
did she even Ask for the handwriting examiners report.
      There was an handwriting forinsic examiner. This
was elicted by The Magistrate court AT The detention
hearing by Magistrate Judge Aspy from SA Schrable.
      "In regards To These Handwritten And Typed statements,
I think you referred To Them As fanTasies ThaT were found,
is There AnyThing To date who authored Them? in oTher
words whose Hand writing They are in, where They were
found, AnyThing To Tie ThaT To The defendant oTher Than
Simply being in His Residence?"
      WiTness: "NoT aT This Time", sir "The forensic
examinaTion of handwriTing exemplars has noT
been completed." see (Cr 22-3/18/2010 17). The quesTion
Now is why did noT The prosecution present This evidence?
And more imporTanTly why did NOT The defense counsel
present This Report?
      The mere fact ThaT They were found in
defendants Residence, does noT mean They were His
Property. See Delgado v. United sTates, 327 F2d 641,
642 (9TH Cir 1964) "iT is Fundamental To our system of
Criminal Law, ThaT guilT is individual, when The premises are
Shared by more Than one person. Mere proximity To Contraband
presence on The property where found, And association with
person Are persons having Control of iT are All insufficient
To establish consTrucTive possession.
      The mere facT a few of The sTories were said To be
AuThored by The defendant, because his name was on Them,
does noT mean he did AuThor Them. To show This defendant
Used The case. Jerigan v. Ryan, No CV-08-838-PHX-
MHM (LoA) (2009) DisTrict of ArizonA. Were The name
"Richard Self" was fraudulently used in A mortgage.

(16)

Scheme. IT was used To seT up A BANK Account.
MAGISTRATE STATES iT was mere coincidence, And
Why would Defense counsel Know of This CASE, She
would KNow because I give her This case, with other
CAses, she should have researched. This is Also when
defendant Told her About The fraudulenT use of
his bank ACCOUNT. This is ANother iTem defense.
Counsel did invesTigATe, even After defendant give
Copies of His Account for This period. ON 11/16/2010
Around 2:30 pm Counsel Came to The HAlF WAY House
were defendANT was AT, To geT signATures on
Release forms To get informATion from The BANK
(M+I) iN madison wisconson. ThAt would be 4:30 pm
iN wisconson if She was Able To fax The forms
ImmediATely. 11/16/2010 was The eve of TriAl
iN PrescoTT, AriZoNA. (BSSW) HAlF WAY HoUSe is iN
Phoeniv, AriZoNA.
        Also There was NO invesTigATion inTo The
disAppeArAnce of defendAnTS Brother-in-law
(Shari's BroTher) Eddie. How Ard. ThAt was.living wiTh
The defendANT from Novem ber 2008 unTil Around
June 2009. Then left And disAppeared withouT A word
To Anyone. See (RT 79 11/18/2010 259) TesTimony by
Shari Self. For A liTtle over A month Eddie Howard
used The Acer 5720, he HAd losT His back To Rent-A-Center
AFTer losT his job AT The Cliff CAsTle CASiNo iN CAmp Verdi
ArizonA. All of This evidence was in The hands of defense.
CounSel And Never invesTigaTed
        "ONus Probandi" means burden of proof". The
sTrick meaning of The onus probandi " is ThAt if no
evidence is Adduced by The party on which The burden
is CasT [Gov], The issue must be found AgainsT."
    There was No prove. presenTed ThAT The sTories, were
AuThored by The defendanT presented oTher Than elicTed
from SoN-iN-law, ThAt defendant was very rarely ever
Around, presented Himself As AN AuThor wriTing His

biography. biography: written History of A persons life (Merriam-Webster's collegiate dictionary - 11TH Edition 2003. What would be in The life of The defendant worth writing About?. He also states Himself nor Anyone on else every seen Him writing nor Have They seen Anything he ever wrote. See (CR 78 11/17/2010 169)

See Schorbenberger V. Mingo, 542 F2d 328 (6TH Cir 1976) "Trial Judge. has responsibility To determine whether genuineness of Handwriting on exemplars is sufficiently proved. 28 USC §1731 Handwriting The Admitted or proved handwriting of Any person Shall be Admissible, for purpose of Comparison, To determine genuineness of other handwriting Atributed To Such person.

IN Absense of extreme or unusual Circumstences, No reason exists why handwriting Comparisons cannot be made by Jurors, and Conclusions drawn from Them, either in The presence or Absense of expert opinion. Extreme or unusual Circumstances involve situations where authenticity of The handwriting is a primary issue in The case.

The Law does not require a questioned Document examiner To vouch for The semilurity of handwriting, but instead, Allows The Jury To determine for iT self whether The same person's handwriting Appears on two different documents.

See United States V. Alvarez-FarFan, 338 F.3d 1043, 1046 (9th Cir 2003) This error Also effected Alvarez's Substantial Right, As The Hand writing Comparison provides Alvarez. with His only means To undermine. And perhaps discredit Altogether Rivera's Testimony.

In case aT bar, The handwriting was The only means To Show lack of Knowledge To The CD's and Thumbs, and Stories.

The defendant wife was Allow To give AN opinion As To The handwriting, from memory, more Than 9 months

from seeing any of the defendants handwriting, and made the
statement she was making this opinion from a few hurried
written shopping list, or a to do list. See (RT 79 11/18/2010
252-53)

United States V. Woodson, 526 F.2d 550 n1 (9th Cir 1975)
The rules of evidence ordinarily do not permit
witnesses to testify as to opinions or conclusions. An
exception to this rule exists as to those whom we call
"expert witnesses". Witnesses who, by education and
experience, have become expert in some art, science,
profession, or calling, may state opinion as to relevent
and material matter, in which they profess to be expert, and
may also state their reasons for the opinion

Defense counsel was ineffective for not investigating
this evidence and pursuing counsel's own examination
specially since defendant had been hollaring his innocents
from March when arrested till trial 8 months later.

Ground 5, ineffective assistance re omitted evidence
As the magistrate states, defense counsel did elicit
testimony that others could have had access to and use
of defendants home, computer, and truck, and could have
use his AOL account, but did not introduce the evidence
she had in her files, and three witnesses.

Defense counsel had the AOL information that
shows others using the account, and they were using in
the late night, and early morning hours. See (Exhibit 5
6/29/2013).

See (Exhibit 3 6/29/2013 p4 item 3) were some one
else was searching for "Lolita Sites" on his computer. Were
Jim 5708 @ Hughs. Net on 11/4/2008. "Energize. Glazed/
Hey; this is Lolita, young girls in action with an.. .?
F.....l:......l.............RS..6...AOLH6...............
(c/....6......e-2...........7½.....7½.. ...... ......
Jim 5708 @ Hughes. Net......."...Fwd: Ever wonder?--y-Read
Care.... ...............

Granted this was found in unallocated space, but

99)

IT STILL shows someone else was using defendants Computer And AOL Account.

As for The AOL Account. This information was brought fourth by The Government. A Subpoena by Matthew DUNN (Administrative Subpoena ADMS 09-0117) (Exhibit 5  6/29/2013). This plainly shows others using AOL Account, And around The Time The down Loads were Suppose. To have been made.

This fact could have further been proven if defense Counsel would have called witnesses like James Holdgrafer, Laura Holdgrafer, Robin Dufresne. (Now Brueland) Sandy Maranda. They All could have Testified That To others using Computer, And That, That Computer was home others to use And pay bills with. Defendant had A different Computer A (Asis) That was Seized At Time of Arrest, And Returned because The was No Pornography or Any Signs of Searching for such Sites.

Defense counsel did elict Testimony That The government Could not place defendant At The Computer, And could Not Tell who plugged in The Thumb drives to load or View Them. Defense Counsel Also elected Testimony That Anyone with defendants Password information could have Conducted Searches. What She failed to do was introduce evidence That defendants password To His AOL Account, was Attached To A Cork board, Along with his credit/debit Card information (PIN number), So others at The House Could Access his bank Account And Pay needed bills. Counsel Had This evidence.

Defense counsel Also had The Reciept Showing Shavi If Purchased 8 of The Thumb drives, And The Black Bag They Were in. Only Three of The Thumbs were The defendants, 2 gray - 1 Black with yellow Trim. Robin defendants daughter give it To her, when she Also give The letters written by Her, And copies of Bank Account Information For The period of The illegal Activity.

As pointed out The witnesses That were ready Available To Testify, were James Holdgrafer, Laura Holdgrafer, Robin

Dufresne (Bivoland), and Sandy maranda.

James Holdgrafer was ready To Testify That defendant rarely Took his computer on road trips unless his wife or daughter/s were with Him. Laura Holdgrafer was ready To Testify That Shari self did infact bring The computer And media with her. Shari called her down To The House To see if she would feed and care for The family Dog. at This Time she was seen loading computers into her car with her bags for The Trip. Robin Dufresne, was ready To Testify That defendant rarely Took computer on trips by Himself, The Acer 5720 was always left at Home, To Take care of bills, That for at least a month Eddie Howard had use of The Computer, and periodically There After. prior To His disapearence, Around June 2009, believed To have returned to North Dakota. She was also ready To Testify That herself and her sister Dawn was on The Truck with defendant and made no stops after leaving Henderson Nevada, after loading. See (Exhibit 23 6/29/2013) drivers log.

Government elected The Testimony defendant always did His Log, and did so correctly. Defendant left Henderson at 0600 (6am) and arrived Phoenix at 1130 (1130am). 6 hours driving Time, 362 miles. This is approximately 61 miles per hour over a Lane Highways (US 95 - Cal 62 - Az 72) To Quartzite Arizona. Then Interstate 10 To Phoenix at 67 miles per hour. Stewart Transport Trucks were governed To This speed.

It would have been imposible To find a safe place To stop, get computer out, set up equipment, connect To The said web site. And down load The matterial (8 minute down load) put everyThing away, And continue Trip. plus The girls (daughters) were present.

Sandee maranda was ready To Testify That Shari' was using Thumbs on her computer To Show her pictures of her daughters wedding, and That She had a few Thumbs with music on Them. She was ready also To Testify That Shari used The Acer 5720 Computer.

After she burnt her keyboard with cigarettes, until
defendant got home from road trip to fix her
computer.
        Magistrate states forensic examiners report
states that there was images created through out
December 2008. That period is when Eddie How and
had almost exclusive use of the computer. Also
when he put me in contact with his sister Shari
again. See (RT 78 11/18/2010 217). Magistrate states
defendant does not have the right to state what a witness
was going to testify to. prosecutor and defense attorney
talked about what information there witnesses were
going to testify to, whats the difference?
        Defense counsel states non of the witnesses could
testify they knew child pornography was on the computer
or not, but they could and would have testified
others had more than ample time and opertunity to
do so. Robin defendants daughter was at trial
every day waiting to testify. Defense counsel may
had a tactical reason for not calling Robin, but she
had no reason not to call the others.
        The magistrate in (CV 29-1 10/31/2014 34) makes
a statement of "of defendant and his adult daughter
naked in his tracker-trailer, wearing only santa
hats," its this kinda statements that have been very
prejudicial throughout this case. To begin with as
stated before. At no time did defendant or defendant's
daughter take nude pictures of each other. defendant
only took the pictures of his daughter in night gowns
and bikinis. She took her own nude photo's with her
own camera with a small tripod. She down loaded
them on to her own disk. not with mine. And
at no time were there any nude photo's of
defendant and daughter together as implied by
the magistrate. We never even placed the
photo's on the same media.

Evidence was poffered To show That Child Pornography was only in unallocated space on The acer 5720 Computer, defendant would have no Knowledge of This without The use of special software. The defendant mainly used The "Azus" Computer, which was Another laptop. Defense Counsel did not poffer This evidence, nor did She Poffer The evidence That The other 4 computers Seized by ICE, were All Found To be free of Any Child Pornography or Any of The said Stories. Defense Counsel Had This evidence, given To her by prosecution. The "Azus" Computer seized At Time of Arrest was reTurned by request. One Computer was destroyed months prior To Trial See (Exhibit 16 6/29/2013).

Government showed substantial evidence Some one had accessed "DreamZone", but other Than The Computer belonging To The defendant nothing even The Thumbs proved The defendant Accessed The "DreamZone" web site. By defense counsel not Admitting Any evidence. or Calling witnesses, nor having A Jury instruction as To her defense Theory of "No Knowledge" she Allowed The Jury To believe, defendant HAd no defense.

defense Counsel should have Also looked into The defendants Theory given To Counsel. (1) Shari did not want To go on Trip with defendant. Then After defendant had already left, She Calls And States she Changed her mind And wished To go. (February 6, 2010) (2) late Night secret phone Calls (3) house searched (February 8, 2010) (4) More late night secret phone calls And when defendant was out of Truck fueling or Unloading, Reloading (5) Search of Truck (February 18, 2010) (6) Shari helping Berneta sehm (defendants Ster daughter) To get gardianship of half Sister Dawn Self. (February 19, 2010), defendant Retained

custody of daughter. (Maricopa County Superior Court Suprise, Arizona) (7) Shari having conversation with an attorney Ms Prescott of Cottonwood, Arizona about Guardianship of Dawn self. (February 20, 2010). (8) Shari packing and leaving with no word (February 21, 2010) going to defendant's step daughters home. (9) Removing $2,000.00 from checking and savings. Not community property. money was insurence money for repairs to home after sever wind damage. (February 22, 2010)(10) Order of protection (February 24, 2010) See (Exhibit 12 6/29/2013) (11) Petition for Annulment (March 10, 2010. (12) Shari moving back to Kingman with Ex-husband Michael Alden, and asking for the name Alden back. This is the man she just divorced to marry defendant.

Defense Counsel had all of this as you can see from the exhibit: defendant was able to obtain. defense counsel did not try to empeach Shari, self's testimony showing she had lied about defendant on two occasions, under penalty of perjury to two different courts. Yaupia County, and Mohave County Arizona

Magistrate states defense counsel could not use the information in (Exhibit 12 and 17) to empeach wife's testimony, but your are allowed to show character, and by showing Shari had the propensity to lie, even under oath and perjury. See (Exhibit 12 6/29/2013) you can see by the statement of "Under penalty of perjury. And on (Exhibit 17 6/29/2013 3) were she was duly sworn, that the matters there in are true and correct" so her truthfulness can be challenged under rule. 608(a).

Ground 6. ineffective assistance re. errors in presentence report: Magistrate and Respondant argues that defendant fails to show that interviews of Himself, family, and friends would have altered the sentence.

(24)

And the records indicate defendant had the opportunity to be interviewed, but declined. Defendant never at no time declined an interview with the probation officer nor did defendant decline to have his family and friends interviewed. Defense counsel did this without discussion or permission of defendant see (Exhibit 13 6/29/2013) Defense counsel had no right to decline interviews.

The presentence report (PSR) is part of a defendants record, and needs to be corrected if it contains unfactual information or inaccorate information. See United States v Mackay, 2014 U.S. App. Lexis 12049 (5th cir 2014) The court ruled The [PSR] is part of the Record; United States v. Carty, 520 F.3d 984, 992-93 (9th Cir 2008)(EN BANC) ("[A] deguate explanation in some cases may also be inferred from the PSR or record as a whole."); United States v Gonzalez-Aparicio, 663 F.3d 419, 423 (9th cir 2010)("the district Court accordingly ordered That The presentence Report is made a part of the record"); United States v. Scott, 642 F.3d 791 (9th cir 2011) ("appellate Rule 28. Merely requires a statement of facts to contain "Appropriate reference to the Record" And both the PSR and indictment Are part of the record on Appeal.)

The Eighth circuit relied on an empirical Law review Article That Authors wrote under a Contract with the Federal Judicial Center. The authors concluded that, if the defendant is incarcerated, the PSR is used in determining both the proper institution and the defendants classification within the institution. The [PSR] also plays a crucial role in parole decisions And Aiding parole supervision when defendant returns to the community. Finally, the [PSR] serves as a source of information beyond its use in the Treatment and supervision of the offender; it is requested frequently by correctional, social

Services, And Law enforcement Agencies, by researchers, And by others who come into contact with the offender.

Stephen A. Fennell And William N. Hill. Due process at sentencing: An empirical And legal Analysis of the disclosure of presentence reports in Federal courts, 93 Harv. L. Rev. 1615. 1628 (1980) (Footnotes ommited).; united states v. Brown, 175 F.2d 387, 389 n2 (8th cir 1973). Futher like an order, the PSR contains "directions or instructions" About defendants Sentence. Because the PSR Affects the rights And obligations of the defendant, we conclude iT is of like Kind or character As A "Judgment" or "order" And That iT is embraced by the term "other part of the record."

So The magistrate is wrong in his Assertion That The information in the PSR would not have Altered The Sentence.

Rule 32 (d) (3) (c) Exclusions: Any other information That, if disclosed, might result in Physical or other Harm to the defendant or others. The information About A possible insect relationship should never have been included in The PSR, being iT was never substanciated. The information on molestation of his daughter. Defendant was never Arrested for The Alligation. iT only went To Counseling because daughter admitted iT never happened. As stated in daughters Letter (Exhibit      6/29/2013). This could have Also been verified if defense counsel would have done her Job And investigated, by contacting Snowhomish county, in washington state. Defense Counsel could have Also contacted San Bernardino County sherriffs department, Victorville, California Detective Gene Crawford As To The Alligation of forceable Rape, of A girl he dated one time And Knew for years. Detective Crawford not only released

The defendant, BUT contacted The girls father, Telling him That his daughter had lied To protect her relationship with her current Boy friend. None of This should have ever been put in The PSR, (1) They were false. (2) They have Already injured me at The institution, And As public record possibly have or will harm my daughters. in violation of Rule 32 (d)(3)(c)

    Rule 32 (e)(2): the probation officer must give The presentence report To The defendant, the defendants Attorney, AND Attorney for The government At least 35 days before Sentencing, unless defendant waives This minimum period.

    At no time was defendant given A copy of the PSR, by either The probation officer, or defense Counsel. Defense counsel came To CCA in Florence, Arizona were defendant was being held, wanting information, About prior Arrest, health, ect. At This Time she told me They were including The insect And molestation Alligations in The PSR. After explaining These To her, she made NO comment, And That was The Last defendant heard on The PSR subject until Court. Never got To read it until I got To Englewood FCI, And Ask my Case manager To read it.

    Rule 32 (i)(1)(A): must verify That The defendant And defendants Attorney have read And discussed The Presentence report, And Any addendum to The report. Only defense counsel was Asked if she went over PSR with defendant see (RT      3/14/2011    ), which she did NOT.

    Rule 32 (i)(4)(ii): Address The defendant personally in order to permit The defendant To Speak or present Any information To mitigate The Sentence.

    The Court did Ask The defendant if he had Any Thing to Say, but Niether The Court or defense counsel instructed The defendant That he could object To The

PSR or ANY PART of the PSR That was incorrect or fraudulant information. Infact The defendant was instructed To remain Silent as to NOT Aggrivate The Court. Under Rule 52(b) The defendant Still has A right To object To The PSR And have A evidencuary hearing To Correct The information in The PSR AS it is A "Part of The record" and A violation of Substantial rights. See BUSH Terminal CO, 93 F.2d 659, 660 (2nd Cir 1938) Like A Judgment, The PSR determines The rights And obligations of The defendant going Forward.

The Magistrate also Talks about The Mouant/defendant being Sentenced at The bottom of the guidline, but The Court as well as The probation officer had To be Swayed by the "Addictive Fixation of Sexual Abuse of children reflicted in The Stories, And The various. "Crimes of violence." e.g. FALSE imprisonment, ASSult, Aggravated Battery, Rape Under Threat of harm, ASSult To Commit Rape/Robbery, ect. Presentence, Report (Doc 28 Id at 19) See United States V. Castillo-Mann, 684 F.3d 914, 919 (9th air 1998) "[A] district Court may NOT rely on A PSR's factual description of A prior offense To determine whether The defendant was convicted of a crime of violence. The only Thing on The report That Could Constitute A crime of violence was The 1973 misterminor Conviction in Santa Clara County, California, for false imprisonment. A 1 year sentence, No probation, were defendant was on work furlough, working at his own Job. NOT A crime of violence.

The attempted escape and ASSult on A police officer were dropped within Just A few days. The investigation Showed defendant was NOT part of The attempt or ASSult. Again No crime of violence. The forced Rape Charge was dropped The Next morning by Detective Gene Crauford. The girl Admitted NO rape. Again NO crime of violence.

Magistrate refers To Mouant/defendant NOT Taken

Acceptance, of responsibility And/or shown remorse.
How does one Take. acceptance. of responsibility or
Show remorse, for SomeThing he never done, or would
ever do. The defendant has always maintained his
innocents of These charges, And Always will.
   Defendant does not believe counsel has The right To
refuse the defendant AN interview with The probation
officer, nor does counsel have The right To refuse. Access
To family And friends. Defendant believes This is his
personal privelge, specially when she never discussed
This with The defendant. The first defendant heard About
AN interview was when counsel Sent The defendant
A Letter. See (Exhibit 13 6/29/2013) letter dated 12/3/2010
Also see (Exhibit 13 6/29/2013) E-mail dated 11/29/2010
@ 09:54 am. This was To Counsel's paralegal.
   As To The Allegation by the magistrate That I did
read And discussed The PSR with counsel. I Did NOT.
As Said before, counsel came To me with questions
About, Criminal History, marital History, And family.
Telling me probation was preparing a presentence.
report. This is also were she told defendant about
The inclusion of The molestation And insect Alligations
Neither counsel or probation give me a copy of The PSR
report AT Any Time.
   As Threw out The Time defense counsel MS Jane
McClellen represented The defendant never once did she.
discuss Any evidence, witness, or Tactic with The defendant
And it only got worse after District Court refused To
Substitute, counsel Knowing There was still Alot of Conflict,
mistrust, And no communication between Them. see (RT 74
11/10/2010 17-19). She rarely came To BSSW, The Half
way House, defendant was AT. Defendant had a Cell
phone And counsel had The number, but rarely ever Called.
There was no reason not To Contact defendant, either by
phone or in person.
   As To The why defendant, did not Speak out In Court

(29)

(1) The defendant was instructed NOT TO SAY ANY Thing AS NOT To agrevate The Court. (2) Defendant did NOT know This was The Time To speak out against The DSR. As The Court Can See from Sentencing (RT 95 3/14/2011 3-8) There was Alot discussed, mainly about The defendants Sentence, before he was asked "is There any Thing you would like to SAY".

As The Court Can plainly see. ON (RT 95 3/14/2010 3) defense Counsel was Asked About The DSR, but The defendant never was Asked.

The prosecutor ms Beit made a lot To do about sex offenses see (Cr 95 3/14/2011 9) with out ANY INVesTigaTion The prosecution, probation, And This Court was going on A report from FBI, were They stated "No information Available". There has only been Three Case's. () 3T) in Santa Clara county, California. Lead investigating officer Sgt Pantega (not sure of spelling) stipulated There was NO WAY defendant Could have driven from Santa Cruz, California, To Los Gatos, California. Comitted The attempted Rape. And been at Home when street Cleaner seen The defendants Car in driveway in east San Jose, California 2nd was a girl That married And divorced A Friend of Mine. When she moved Back To California from Arkansas She contacted me, We went out To dinner And dance. We were seen out And defendant spent night with her. later she tried To Cover up our Consentual sex by Claiming Rape. Defendant was Arrested at work (Hesperia shell) IN The Afteroon, And released The next morning AFTer Detective Gene Crawford TAlk To her, her father And her now ex-boy Friend. The Third is when defendants daughter claim defendant was molesting her, After She got The idea from A girl friend, That had done The Same Thing To her father. Defendant was never Arrested. Counseling was suested after Robin Admitted The defendant had not Touched her in Any unopropriate Way. This was over A $1,000.00 phone bill, were we

(me and mother) placed her on restrictions until the
phone bill was paid. All of this could have been
checked threw the appropriate dy partments. by
either prosecution or defense. The court can see
were the allegations in the PSR effected the prosecution
but this very honorable court itself.

You can also see were prosecution is still going
on about the stories, truck drivers, veterins, and ect.
There has been a lot to do about defendants arrest
record, but noone felt it warranted any investigation
There was even a lot to be made about defendants
failure to appear on a ticket, were the judge under-
stood the circumstances, and did not convict or fine
me for it.

The defendant is sure this honovable court knows
anyone., at any time, can get accused of most anything
but this does not mean he is guilty of the accusations
made against him. This is why we have a investigation
process.

The magistrate is wrong on several things on this
ground. I will try and show objections to each in
same order. (a) Counsel had evidence that someone
else used the computer to search for loTiTa sites.
See (Exhibit 3 6/29/2013 4 para 3) (b) it is already a
fact that defense counsel let discovery trickle in
when ever government wanted to release it. Defense
counsel never once, at any time made an offensive
move, or any kind of agresive move in the defense
of the defendant. Time and time again defense
counsel made motions to contenue. because government
did something, instead of allowing the government make
their own motions. The only motions for continuence.
was by the defense, because she was in no way
prepared in defendants case. defense was not
even prepared for trial. 8 months after arrest
And her recieving the case. (c) By counsel not

investigating she did NOT know about governments handwriting forensic Examiner, she did NOT even investigate AFTer defendant Told her About Him. (d) She did NOT object To The stories, The most damaging evidence, presented by The government, (e) Defense did have viable witnesses Available To Testify (F) Counsel AT no time, Agresively defended The defendant. Just Tried To show "Lack of Knowledge" with out having A Jury instruction To defense Theory, being she was NOT calling witnesses or presenting ANY evidence. (G) Counsel did NO investigation into The fact defendant did NOT have A computer UNTil April 2008 when he bought The Acer 5720. She had the reciept. AND THAT he bought A second Computer A "Azus" in June 2008, both being laptops. Defense counsel had reciept for This computer also. This information, Along with The fact she was Able To get The "Azus" computer reTurned, would have really done damage To The prosecutions Timeline evidence. She did NOT investigate The fact NONE of The 5 computers had or ever had word perfect insTalled. This fact with The Time line stories were written, As well As handwriting would have more THAN shown "Lack of Knowledge. The Theory The magistrate uses, defendant used someone elses Computer, or even might have had ANOTher computer was really reaching. The use of someone else's Computer, for Almost A 2 year period, without them Knowing what defendant was doing on Their Computer, would be pretty magical. And Their was witnesses To The fact defendant did NOT own his own computer up uNTil April 2008. (H) Defense Counsel had The photo's showing position of computers and Computer Bags, Their being moved from Top bunk To bottom bunk, removed from bags, placed on bottom bunk. See (Exhibits 27-28 6/29/2013). One photo shows Computers Together on bottom bunk The NexT shows

ONLY ONE COMPUTER NEXT TO A BAG OF fritos, ALSO Note
IN ONE of The pictures There is A frito BAG AND NO COMPUTERS.
GoverNMENT eLeCTED TestiMony from AGENT JohN Koski
ThAT he Took These pictures. (RT       4/17/2010 #83
MY DoKReN ALSO elected The TestiMony ThAT The pictures
AccurATly depicTed the position of the ITems before The
SeArCH. The elected TestiMony STATes bottom bunk hAd
blANKeTs oN'iT, NO mentioN of CompuTers. buT yet he
is stATing They found computers oN bottom bunk Id @ 184
YoU miGhT ALSO note. No frito bag. Finding The CD's under
oTher sTufP AS is. STATing This is The wAy They found them, None
Were iN cAses. This would be very dangerous To The CD's, more
likely ThAN NOT being scrATCHed beyond use.
       YoU CAN see items (EXHibiTs) 7A AND 7B Id @ 190 were AdmitTed
without objecTion by counseL. There wAs hANdwriTiNg oN Them,
ThAT hAd NOT yeT been sTATed As defendAiTs.
       AGenT Koski STATes he found the thumb bag (little blAck
bAg) "IT WAS approximately in The middle of The sleepING
bed" BUT yeT iT WAS NOT IN ANY of The originAL pictures
Id @ 193. There wAs so much coNTrAdicTing evidence.
She did NOT objecT To. becAuse she wAs NOT reAdy for
TriAL.
       The mAgistrAte mAkes a stAtement iN regArds To
Adding fAiLures of counsel, See (CV 29-1 10/31/2014 45). This
is NOT AN AccurAte stAtemeNT. The FollowiNG CAN All be
found iN (CV-2 6/29/201). I will meNTion pAge number
by "Id" (1) BANK AccouNT. Id @ 9 defendANT TAlks AbouT
frAudulANT use of BANK AccouNT. (2) DefendANT iS mAkiNg
STATemeNTs AbouT brother-iN-lAw (ShAri's broTher) Id @ 12
iN regArds To wife's truThfulNess. Id @ 21 - (3) impeAchmeNT of
A geNT schrAble. Id @ 21. (4). DefendANT hAs A righT To A
Theory of defeNse. ChArged To the Jury Id @ 20. As To The
Stories The courT CAN see were defendANT sTATes counsel
fAiled To iNvestigAte who wrote The sTories. Id @ 19. So This
CourT CAN see These clAims were NOT mAde for The
first Time.

___ magistrate states defendant failed to support MOST of his alligations. In the following I will list item as magistrate did then page number of (CV-2 6/29/2013) (A) 8) it shows someone else was using computer to search for lolita sites. (B) 19) were prosecutor failed to produce the forensic handwriting report. (C) counsel could have and should have investigated the handwriting, the fact defendant had NO computer of his own prior to April 2008, the fact NONE of the computers had word perfect, or any sign of that software ever being installed. This should cover (9) also except for the fact the magistrate is reaching when he states, defendant "Having owned a different computer in the past" "Movant is not required to own a computer to have downloaded" "Have access to a different computer with word perfect." (H) Testimony could have been elicted from Shari self. She was in the truck, and you can see by photo's the computer in there bags on to bunk

___ magistrate suggest counsel elected not to call defendant as a witness is not founded. It was defendants choice, not to testify, because the damage done by counsel could not be undone by my testimony it would only protray defendant as stating untruths. It is not defense counsel decision to call defendant to testify.

___ magistrate is wrong in his believe, that there was not a reasonable probability that any of this evidence would have altered the outcome. It most certainly would. When the fact the stories and handwriting on the CD's and thumbs was prosecutions hinge to knowledge by the defendant.

___ As to the defendant suggesting that counsel's failure to object to the reference to his wife being called his ex-wife, was prejudicial, and it was a untruth.

___ prosecution elected the testimony that the stories were written in word perfect from their forensic

(34)

Expert SA Potosky (RT 79 11/19/2010 383-84) but again
Could not testify that it was in or had been in any of
the computers.

The additional discovery was the handwriting
report, plus any other forensic testing that was done
but not presented to the defense.

As to the Magistrate statement (CV-29-1 10/31/2014
46) the placement of the computers would not have
changed the outcome, but it would show Agent Koski
was not honest with his testimony about the search
of the truck.

Other prejudicial remarks during trial counsel did
not object to was the continued use of the remark
of military style hat. It was a black baseball cap
not a military beret.

Magistrate's statement that failing to call witnesses
is without merit is rediceless. First of all the Magistrate
as this Honorable court, and defense counsel had no
idea as to what the witnesses could testify to. The
only witness to be interviewed was Robin, they tried
to interview James Holdgrafer over a cell phone
while he was in a poor area, were the signal kept
failing off. He was in Phoenix every Monday, and
Tuesday, there was no excuse not to interview
him. She made no attempt to interview Laura
Holdgrafer, or Sandy Maranda. And of course no
one is going to admit they but the images there, but this
does not mean they were not good witnesses.

Yes Defense counsel made a motion to suppress
evidence (only under staleness). She even opposed some
of the evidence being introducted, but not the right evidence
or for the right reasons. And yes she did elect some evidence
in cross-examination, but counsel did not introduce the
evidence to substantiate the elected information.

Defendant will agree with Magistrate, were the
Sixth Amendment does not require counsel to manufacture

or invent a defense, but the sixth Amendment does require counsel to give a defendant a vigirous defense, were they call witnesses, that have viable information And introduce evidence, they have, that might cast A doubt on prosecution.

MAgistrate states showing the other computers Were free of Any images did not have merit. But it did have merit.(1) it would have shown that the prosecutions time line (chart) (Exhibit 14 6/29/2013) was not factual as far as defendants use. (2) It would have shown that defendant was not looking for C.P. sites.

Magistrate making the statement that the other computers were there for others to use, is not A true statement. No were has defense made that statement. Only the Acer 5720 was there for others to use. The other computers were not ever hooked up, they were selling on the floor One was the computer belonging to my wife. The other (the Dell) was my Down syndrome daughters. At the time of search of the Truck, the "Azus" Computer was in the closet behind the drivers seat, were it was Always kept, except when going home. It was in December 2009 or January 2010 that defendant bought the wifi card system The wifi system was only in truck when wife was with defendant so both could use computers At the same time, other wise it was at home so wife and daughter could share it.

MAgistrate also states as well as Respondant, that Any testimony given at the detention hearing could not prejudice the defendant, This is true. But when prosecution brought up the line of questioning About Agent schrable, being at the searches, it opened the door for defense. To attack his testimony for impeachment. Specially when he was testifing

To what others did and said.

Coround 8: Ineffective Assistance re. Abuse of Discretion of the Court: On 11/10/2010 before pretrial defendant ask for substitute counsel see (RT 174 11/10/2010) This request was denied by This Court even though the loss of trust and the conflict was not solved. The only thing solved was the Quality of the attorney not the Quality of defense, nor was there any discussion on solving the rift between the attorney and the defendant.

defendant left hearing with more distrust in both the attorney and the system not allowing him a fair trial by allowing him an attorney that would give him a vigorous and viable defense. An attorney willing to converse, and discuss all face's of the defense with the defendant.

In Daniels V. Woodford, 428 F.3d 1181, 1196-97 (9th Cir 2004) The sixth Amendment provides That "In all criminal prosecutions. The accused shall enjoy the Right to ... have the assistance of counsel for his defense." United States Constitution Amendment VI. This right has two components. (1) The right to counsel's undivided loyalty, wood V Georgia, 450 U.S. 261, 272, 67 L.Ed. 2d 220 (1981) And (2) The right to reasonably competent counsel, McMann V. Richardson, 397 U.S. 759, 770-71, 25 L.Ed.2d 763 (1970). A defendant has a Sixth Amendment right to conflict free representation, United States V. Moore, 159 F.3d 1154, 1157 (9th Cir 1998); Not every conflict between a defendant and counsel, However implicates The Sixth Amendment. See Schell V Witek, 218 F3d 1017, 1027 (9th Cir 2000) As The supreme court has explained, The right to counsel does not guarantee "a right to counsel with whom the accused has a meaningful attorney — client relationship."; Morris V. Slappy, 461 U.S. 1, 3-4, 75 L.Ed. 2d 610 (1983); Nevertheless where a court " compel[s] one charged with [a] grievous crime. To undergo a trial with

The Assistance of an attorney with whom he has become
embroiled in [AN] irreconcilable conflict[it] deprive[s]
him of the effective assistance of any counsel
whatsoever."; Brown v Crown, 424 F.2d 1166, 1170 (9th Cir
1970) Thus, a reviewing court must assess the nature and
extent of the conflict and whether that conflict deprived
the defendant of representation guaranteed by the Sixth
Amendment; Schell v Witek, 218 F.3d 1017, 1027 (9th cir 2000)
(en Banc). United States v. A la mes, 2011 U.S. App Lexis
23271 (9th cir 2011 (unpublished); For an inquirey regarding
a motion to substitute counsel to be sufficient," the Trial
Court should question the attorney or defendant' privately
and in depth". United States v Nguyen, 262 F.3d 998, 1004
(9th cir 2001) (Quoting United States V. moore, 159 F.3d 1154,
1160 (9th cir 1998). Futher the district court " must conduct
such necessary inquiry as might ease the defendants
dissatisfaction, distrust, and concern .... and give the
court a sufficient basis for reaching an informed decision"
United States V. Reyes - Bazgue, 596 F.3d 1017, 1033 (9th cir
2010)
   On 11/10/2010 defendant asked the court for
substitution of counsel, defendant was denied after
the court explained counsel was above most other
attorney's in the federal system, but did nothing to try and
solve the conflict between attorney and defendant.
See (RT 74 11/10/2010 17-8) it sounds if the court is
advocating for the fPDO and ms mcclellen in particular.
   Even after I explained to the court, she did not
believe anything I said, infact she did not believe anyone
tied to me, in this case. She would not investigate any
evidence I give her (even sales reciepts). She refused
to keep me posted as to desisions she was making. When
an attorney and her investigator makes the stlate ment
"why don't you agree to a plea bargin? Its going to be
embaresing for me to defend a unwinable Case."
It was an unwinable because she refused to work with

defendant, And investigate the evidence. Defense counsel Lost This case long before trial.

Defense Attorney And This Honorable court Violated The defendants Sixth Admendment right To Cousel, see United States v Adelzo-Gonzalez, 268 F.3d 772 (9th Cir 2001); it is A Violation of The Sixth Amendment to Unproperly deny A motion To substitute counsel in A Criminal Matter and an error That must be revered regardless of whether prejudice results. a Court may not deny A motion for substitution of counsel in A criminal matter Simply because, it Thinks current Counsel's representation is Adequate.

Eight (B) Lesser included offenses: magistrate States There is no merit To defendant's counsel for not challenging The lessor included offenses, and greater offense. The defendant does believe iT has merit. Were This Honorable Court plainly states (RT 89 11/19/2010 457) "The crime of transportation of child pornography includes The lessor crime of possession of child pornography." And were The court discribes possession The Same in The lessor of transportation in counts 1,2 and 3 And in actual possession offenses 4,5 and 6 Id@ 457-462

Eight(C) ineffective assistance/abuse of court re. Special assessments. being The Lack of Time because of having To Hand write This Document. defendant Does not Have The Time To pursue This ground.

Conclusion:

Ground 1: Defendant believes he has shown Several Violations of The Fourth Amendment: The reissue of The first search warrant on January 27, 2010. With The failure To leave attachments at Both Searches, or A copy of the Affidavit. The Seizure of defendant And his wife, Before The Search of The Truck, were They were immediately seperated, defendants Identification was Taken, and not returned until After ICF was done with Search. Defendant wM Searched, not A Safety pat Down, And Locked in Back of patrol Car with

Numerous officers from DPS, City of Flagstaff, and Agents of ICE

Ground 2: Defendant believes he has shown that he was charged and convicted of the greater and lessor offenses. Double Jeopardy. Transportation and possession

Ground 3: Defendant Believes he has shown the misconduct/vindictiveness of prosecution with the superceding indictment because defendant would not agree to a plea bargain, and wanted to exercise his right to trial by jury.

The stories were never proven to be defendants. Jury was lead to believe, they were. The did not even use there own handwriting examiners report

The prosecutor only used stories with, truck driver, veterins, and one with a character by the name of "Rick" there was probibly a lot with John, Jim, Steve, Also

Defendant believes he has shown that the prosecutor had ulterior motives for not doing the DNA testing, and the prosecutor deliberately mislead the jury by electing testemony from Agent Schrable that DNA testing would take from months to years, were in reality it only takes an average of 30 days.

Magistrate states on (CV-29-1 10/31/2014 19) "Government has substantial other forensic evidence taken from examination of the computer and media. That would support a finding that defendant would have had knowledge." but there was never any real evidences presented. They never admitted the forensic report of handwriting. And this error also effected the defendants substantial rights, As the hand writing comparison provided the defendant with the only means to undermine, And perhaps discredit prosecutions theory that defendant authored the stories, And show "lack of knowledge."

Government hid the items that could have shown innocents, Handwriting, DNA, illegal or fraudulent use.

of defendant Bank Account. See United States v. Kozayon, 8 F.3d 1315, 1323 (9th cir 1993); prosecutors, as servants of the law are subject to constraints and responsibilities that do not apply to other lawyers, They must serve truth and Justice first.

Ground 4: Defendant believes he has shown that defense counsel fail to object to this evidence properly being the handwriting and others in the Residence all the time. Mainly the handwriting being This is were prosecution was Hinging there case.

Ground 5: Defendant believes he has shown That defense had substantial evidence, and did not admit any evidence, except one log sheet for 11/18/2008 She did elect some information but did not introduce The evidence to substansiate That testimony.

Ground 6: Defendant believes he has shown Substantial errors in regards to rule 32 and false statements in the PSR, enough that there should be an evidencuary hearing.

Ground 7: Defendant believes he has shown That There was enough people in his house to show a possible Third party. with the evidence found at the residence. intermingled with wifes belongings Under The Sink. And by the matter in the truck, fixed were it could very easily be found on the Top bunk, not in either computer bag, but out in the center of the bunk.

Ground 8: Defendant believes he has shown Abuse of descretion of the court, in Refusing defendant Substitute Counsel. See Murray v Carrier, 477 U.S. 478, 496 (1986). The right to effective Assistance of Counsel ... may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial. (investigating evidence, Handwriting) The court Allowed defendant To be convicted of Both The Lessor and greater offense, when convicted

of The greater you Are Already Convicted of The lessor.

Relief: Defendant believes because of the Numerous Violations of The Constitution (4th, 5th, 6th, And even 14th Amendments) And with the Violations of Federal Rules of Criminal Procedure, 32, And 41 (Rule 41 Turned into Constitutional Violation). This Court Should Reverse, Vacate, And set Aside defendants Sentence And Conviction.

This Court Could still order The DNA Test Done defendant brought up The Matter, Long before the 3 year Experation under 18 USC $3600. The OPS forensic LAB should still have The Cellular Samples, And defendant would give The Blood Needed (There is Samples of defendants DNA Listed with CODUS also). That Way defendant would be excluded from All Three Types of evidence. Handwriting, fingerprint, And DNA.

Submitted This 23 day of January 2015

Richard Larry Self

Richard Larry Self U pro se
Reg. No. 30099. 008
Federal Correctional Institution Englewood
9595 west Quincy Avenue
Littleton, CO 80123.

This is To CerTify oN JANuARY 23, 2015 I Richard L. Self SenT by 1st CLASS uNited STATes MAIL, The eNcLosed DocumeNT To uNiTed sTates DisTricT CourT CLerk, 401 WesT WASHingToN STreeT spe 10, U.S. CourThouse sTe 130, phoeNiy 85003-2119

ALSO oN JANuARY 23, 2015 I Richard Self SenT by 1st CLASS uNited sTATes MAiL, To U.S DepArTmenT of JusTice, HeATher sechvisT AssisTANT U.S. ATToyNey, Two ReNAiSSANce Square, 40 NorTh CentrAl Ave, suite 1200 phoeNiy, AZ 85004-4408

Richard Self.

Richard Self
ReG. NO. 30099-008
Federal CorrecTioNAl
INstiTuTioN ENgLewood
9595 wesT QuiNcy Ave.
LiTTLeTon, Co, 80123.