**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Respondent,<br><br>v.<br><br>Richard Larry Self,<br><br>    Defendant/Movant. | No.  CV13-08199-PCT-DGC (JFM)<br>       CR10-08036-PCT-DGC<br><br>**ORDER** |

Movant Richard Larry Self filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. CVDoc. 1.[1] United States Magistrate Judge James F. Metcalf issued a report and recommendation ("R&R") recommending that the motion be denied. CVDoc. 29 at 52. Movant filed an objection to the R&R on February 2, 2015. CVDoc. 34. For the reasons set forth below, the Court will accept the R&R and deny Movant's motion.

**I.  Background.**

On March 9, 2010, a grand jury indicted Movant on four counts of Possession of Child Pornography, with forfeiture allegations. CRDoc. 1. Movant was arrested on March 14, 2010, and the Court appointed trial counsel soon after. CRDocs. 5, 14, 19. Movant made four motions to continue trial, the last of which was filed on September 17, 2010. CRDocs. 20, 23, 26, 32. The Court granted all four motions and

---

[1] Documents filed in CV-13-08199-PCT-DGC will be referred to as "CVDoc" and documents filed in the related criminal action, CR-10-8036-PCT-DGC, will be referred to as "CRDoc."

scheduled trial to start November 17, 2010.  CRDocs. 21, 25, 28, 41, 49.

On September 21, 2010, the government filed a superseding indictment charging Movant with three counts of Transportation of Child Pornography, three counts of Possession of Child Pornography, and forfeiture allegations.  CRDoc. 35.  On October 13, 2010, Movant's counsel filed a motion to suppress evidence obtained from the search warrant issued January 27, 2010.  CRDoc. 47.  The motion was based on staleness and lack of probable cause.  CRDoc. 47 at 6-10.  The parties fully briefed the issue, and the Court denied Movant's motion.  CRDocs. 47, 56, 65, 69.

On November 10, 2010, one week before Movant's trial date, Movant requested new counsel.  CRDoc. 74; CVDoc. 34 at 37-38.  Movant believed his attorney had failed to properly investigate his case (by not pursuing leads Movant suggested or interviewing witnesses Movant claimed would discredit prosecution witnesses), did not believe he was innocent, and would not present him with an unbiased defense.  After considering Movant's complaints, the Court rejected the request, stating that based on the information Movant had provided, a different lawyer would not give Movant a better defense than the one current counsel was set to present.  CRDoc. 74.

Trial proceeded as scheduled, and the jury found Movant guilty on all counts.  *Id.*; CRDoc. 90.  Counsel moved for a downward departure and variance at the sentencing.  CRDoc. 93.  The Court denied the request for an extension and Movant was sentenced to concurrent terms of 135 months for each transportation charge and 120 months for each possession charge – an effective sentence of 135 months.  CRDocs. 95, 97.

On appeal, Movant challenged the trial court's denial of his motion to suppress, arguing that the search warrant was stale and insufficient to establish probable cause.  CRDoc. 117.  Movant also challenged his sentence as procedurally erroneous and substantively unreasonable.  *Id.*  The Ninth Circuit rejected Movant's claims and affirmed his conviction and sentence.  *Id.*

On July 29, 2013, Movant filed his pro se motion to vacate.  CVDoc. 1.  Magistrate Judge Metcalf issued his R&R on October 31, 2014.  CVDoc. 29.  Movant has

filed an objection on Grounds One through Eight. CVDoc. 34.

## II. Legal Standard.

Under § 2255, a person in custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A party may file specific written objections to the R&R's proposed findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

In the context of ineffective assistance of counsel claims, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The Court must apply a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* To prevail on a claim for ineffective assistance, Movant must show that "(1) his attorney's performance was unreasonable under prevailing professional standards, and (2) a reasonable probability that but for counsel's unprofessional errors, the results would have been different." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 687-94). *Strickland* defines reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.*

## III. Analysis.

### 1. Ground 1: Ineffective Assistance on Search Warrant.

Movant objects on Ground 1(a), asserting that Judge Metcalf misunderstood his

claim; on Grounds 1(b) and (c), arguing that Counsel was ineffective by failing to challenge the search based on improper service of the warrant; and on Ground 1(d), arguing that counsel failed to challenge the illegal search and seizure of Movant's person during the warrant's execution. CVDoc. 34 at 2-9.

### A.     Ground 1(a).

Movant asserts that his Ground 1(a) claim was misunderstood as challenging "the staleness of the evidence in the probable cause." *Id.* at 2. In clarifying his argument, Movant claims that trial counsel was ineffective because she failed to challenge the search warrant on the basis that it contained no new probable cause, and was an improper reissue of a previously voided warrant. *Id.* at 2-3 (citing *Sgro v. United States*, 287 U.S. 206 (1932)).

Judge Metcalf understood Movant's position on Ground 1(a) – that the second search warrant was improper because it did not present new support for probable cause, and that a new probable cause statement should have been required for a valid warrant. CVDoc. 29 at 6-8. Judge Metcalf decided that *Sgro v. United States*, 287 U.S. 206 (1932), and the other cases relied on by Movant do not stand for the proposition that every warrant must be accompanied by new affidavits or statements. *Id.* at 7. Rather, a warrant must simply be based on timely information. *Id.* The Court finds Judge Metcalf's analysis to be sound. *See id.* at 6-8. Movant failed to show that new affidavits and statements of probable cause were required for a valid search warrant, and trial counsel's "failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

### B.     Grounds 1(b) and (c).

In his objection on Grounds 1(b) and (c), Movant reasserts the same arguments of improper service he made in his motion to vacate. *See* CVDoc. 2 at 2-3; CVDoc. 21 at 3-4; CVDoc. 34 at 3-6. The Court agrees with the R&R's analysis that a challenge to the search based on timing or lack of service would have been meritless, and failure to make the arguments was not ineffective assistance. CVDoc. 29 at 8-11.

### C. Ground 1(d).

Movant's objection on Ground 1(d) is somewhat unclear. *See* CVDoc. 34 at 6-9. In his motion to vacate, Movant argued that trial counsel should have challenged the search of his truck on the ground that agents improperly searched Movant's person, improperly seized Movant's effects, and improperly detained Movant without issuing a *Miranda* warning. CVDoc. 2 at 3-5; CVDoc. 21 at 4-6. Judge Metcalf found that a challenge of the search by trial counsel on those grounds would have been meritless. CVDoc. 29 at 11-14. Further, Judge Metcalf noted that even if the court assumed the searches were improper, Movant failed to show how he was prejudiced by the search of his personal effects. *Id.* at 14. In his objection, Movant states that he believed he was under arrest during his detention and that he need not show prejudice. CVDoc. 34 at 7-9.

The Court has reviewed the R&R's treatment of Ground 1(d) and agrees that any challenge to the search of Movant's person or to his detention would have been meritless. CVDoc. 29 at 11-14. Movant's claim that he was not given a *Miranda* warning lacks merit because Movant does not claim that he was interrogated or that any statement obtained in violation of *Miranda* was used against him at trial. *See United States v. Kim*, 292 F.3d 969, 976 (9th Cir. 2002) (holding that a defendant is entitled to a *Miranda* warning when police questioning exceeds the scope of a *Terry* stop and becomes a custodial interrogation); *see also United States v. Patane*, 542 U.S. 630, 641 (2004) ("Potential violations [of the Miranda rule] occur, if at all, only upon the admission of unwarned statements into evidence at trial.").

### 2. Ground 2: Ineffective Assistance on Double Jeopardy.

Movant states in his objection that he stands by his original challenge that counsel was ineffective in failing to challenge Movant's convictions based on double jeopardy. CVDoc. 34 at 9. Movant reasserts that: (1) the three possession of child pornography charges amounted to a single offense, and (2) his possession convictions were lesser included offenses of his transportation convictions. *Id.* at 9-10; CVDoc. 2 at 5-6; CVDoc. 21 at 6-8.

1    Applying 18 U.S.C. § 2252(a)(5)(B) and its reference to a defendant's possession
2 of "any" material containing child pornography, Judge Metcalf found that possession of
3 multiple materials containing child pornography established multiple violations of the
4 possession statute.  CVDoc. 29 at 16.  Because each possession charge in this case relied
5 on separate material, multiple possession charges were appropriate and a challenge by
6 trial counsel on this basis would have been futile.  *Id.*

7    Judge Metcalf also determined that although possession of child pornography can
8 be a lesser included offense of transportation of child pornography, Movant failed to
9 show that the images used to support his possession charges were the same images used
10 to support his transportation charges.  *Id.* at 17.  Movant therefore has failed to show that
11 counsel was ineffective for failing to raise it.

12    The Court has reviewed Judge Metcalf's reasoning on these issues and finds it to
13 be correct.  Movant's Ground 2 objection is without merit and will be denied.

**3.    Ground 3: Ineffective Assistance on Prosecutorial Misconduct.**

15    Movant asserts that (1) trial counsel failed to challenge admission of prejudicial
16 stories based on authenticity, and (2) the government failed to investigate fingerprint and
17 DNA evidence that would have exonerated Movant.[2]  CVDoc. 34 at 10-15.

**A.    Failure to Challenge Stories Based on Authenticity.**

19    On February 8, 2010, a search warrant was executed at Movant's residence.
20 CVDoc. 29 at 2.  Along with other evidence, agents found several hundred pages of
21 printed documents containing fictional narratives describing sexual conduct with children
22 (the "stories").  *Id.*  Following notice that the government intended to use the stories at
23 trial, Movant's counsel argued the stories were unfairly prejudicial under Federal Rule of
24 Evidence 404(b) and that the government possessed other evidence sufficient to show

---

[2] Movant's argument regarding a vindictive superseding indictment was raised for the first time in Movant's reply brief.  CVDoc. 29 at 18 n.5; CVDoc. 21 at 8-11.  The Court "will not consider new arguments raised for the first time in a reply brief." *Bach v. Forever Living Prods. U.S., Inc.*, 473 F. Supp. 2d 1110, 1122 n.6 (W.D. Wash. 2007) (citing *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837 n.6 (9th Cir. 2004)); *see Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007).

- 6 -

Movant had knowledge of the contents of the electronic storage media that contained child pornography. CRDoc. 57 at 7. The Court concluded that the stories were admissible only with redactions and other limitations. CRDoc. 70 at 5-7.

Movant contends that his counsel should have challenged the authenticity of the stories and the fact that the admitted stories involved a truck driver, a veteran, or a character named "Rick," all of which might describe Movant. Given the vigorous arguments that were made by defense counsel regarding the stories and the limitations the Court placed on their admission at trial, including limiting the number of stories admitted, redacting portions of the stories, and limiting instructions to the jury, the Court cannot conclude that the evidence would have been any different had defense counsel made the arguments Movant suggests. Copies of the stories were found in Defendant's home and on electronic storage media in his truck, facts the jury could take into account in deciding whether they were authentic. The similarity of some of the stories to Movant was further evidence of their authenticity. The Court agrees with Judge Metcalf's conclusion that the additional arguments suggested by Movant would have had no effect on admission of the redacted stories at trial. CVDoc. 29 at 19-20. Because it is unlikely that the outcome would have been different, trial counsel was not ineffective for failing to make the arguments identified by Movant. *See Strickland*, 466 U.S. at 691-92.

**B.    Failure to Investigate Fingerprint and DNA Evidence.**

Movant argues that trial counsel was ineffective for failing to assert a claim of prosecutorial misconduct based on the government's failure to follow through on fingerprint and DNA evidence. CVDoc. 34 at 14-15. The R&R concluded that Movant "misapprehends the obligation of the prosecution," and has overstated the persuasive effect that the DNA and fingerprint evidence would have had. CVDoc. 29 at 22-23. The R&R also notes that trial counsel may have had a tactical reason for not pursuing the evidence in question. *Id.* at 23-24. Movant objects to these conclusions, and argues that the persuasive effect of the testing cannot be overstated because it would have rebutted testimony from his wife and supported Movant's denial of ownership. CVDoc. 34 at 14-

15. Additionally, Movant claims "there is no possible way for the magistrate court to constru [sic] [that trial counsel's decision not to pursue testing was tactical], short of talking to the dense [sic] attorney." CVDoc. 34 at 15.

Movant's objections are without merit. The R&R's statement that trial counsel's decision not to pursue testing may have been tactical is supported by the fact that trial counsel highlighted the lack of testing during trial, both on cross examination and in closing argument. CRDoc. 112 at 397-98; CRDoc. 113 at 441. Defense counsel might well have concluded that the ability to make these arguments at trial outweighed the potential benefits and risks of pushing the government to complete the testing. Additionally, the government had no obligation to pursue the fingerprint and DNA analysis, and a prosecutorial misconduct charge on this basis would have been meritless. *See Arizona v. Youngblood*, 488 U.S. 51, 59 (1988) ("[T]he defendant is free to argue to the finder of fact that a . . . test might have been exculpatory, but the police do not have a constitutional duty to perform any particular tests."); *United States v. Polizzi*, 801 F.2d 1543, 1553 (9th Cir. 1986) (holding government has no duty to disclose exculpatory material that the prosecutor was neither aware of nor in possession of).

**4.     Ground 4: Failure to Object to Prior Bad Acts.**

Movant asserts that trial counsel was deficient in failing to challenge admission of the fictional stories for lack of attribution. CVDoc. 34 at 16-19. He also claims trial counsel failed to investigate evidence that would have supported his denial of authorship.

As discussed in the R&R, trial counsel did oppose the stories' admission under Federal Rule of Evidence 404(b) and 403, and renewed the objection again at trial to every story admitted. CVDoc. 29 at 26. Counsel also argued to the jury that the government could not attribute the stories to Movant, pointing out that multiple people had access to Movant's residence, computer, and other media while Movant was away for extended periods of time as a truck driver. CRDoc. 113 at 442-44.

"[A] court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance" and "the defendant must overcome the

presumption that . . . the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "There are countless ways to provide effective assistance in any given case." *Id.* Movant has failed to show trial counsel's decisions as anything but reasonable trial strategy, and thus the Court will deny his Ground 4 objection.

### 5. Ground 5: Omitted Evidence.

Movant argues that trial counsel was ineffective because she did not introduce the following evidence: (1) AOL account time of access logs; (2) that Movant's AOL account information and credit/debit card information were posted on a corkboard so others could pay bills; (3) a receipt showing that Movant's wife purchased eight of the thumb drives that were found in Movant's truck, along with the bag they were found in; (4) evidence that Movant used a different computer than the one that was found to have child pornography; (5) evidence that four of the five computers seized were free of any child pornography; and (6) evidence to impeach Movant's wife by showing she had a propensity to lie about Movant. CVDoc. 34 at 19-24. Further, Movant claims trial counsel should have called the following witnesses: James Holdgrafer, Laura Holdgrafer, Robin Dufresne, and Sandy Maranda. *Id.* at 20-22. According to Movant, these witnesses would have testified that Movant did not take a computer with him on road trips unless his wife or daughters were accompanying him, Movant's wife brought the computer on the road trip on which they were searched, Movant's brother-in-law had access to the computers for over a month, and Movant's wife used the thumb drives for pictures and music storage. *Id.*

Movant concedes that trial counsel did elicit testimony on cross-examination that others had access to his home, computer, thumb drives, truck, and AOL Account. *Id.* at 19-20. Movant also concedes that trial counsel elicited testimony from government experts that they could not place defendant at the computer, or say with certainty who plugged in the thumb drives to load or view files. *Id.*

Judge Metcalf reviewed each of Movant's omitted evidence claims in great detail.

- 9 -

CVDoc. 29 at 29-40.  The Court has reviewed these claims and Movant's objections, and agrees with Judge Metcalf's analysis.  Regarding witnesses not selected to testify, trial counsel had strong tactical reasons for not calling them.  *Id.* at 33-35.  With regard to evidence that Movant's wife purchased the thumb drives and bag seized during the search, that four of five computers were free of child pornography, and that Movant did not frequently take a laptop with him on road trips, many of these facts were brought out on cross-examination and the remainder would not have altered the outcome of the trial.  *Id.* at 32, 35-38.  With regard to evidence that Movant's wife was a perjurer, Federal Rule of Evidence 608(b) prevented use of the exhibits Movant suggests.  *Id.* at 39.

These arguments are classic examples of second-guessing strategic decisions by trial counsel.  The presumption in favor of trial counsel's decisions precludes habeas relief on such a basis.  Ground 5 lacks merit.

**6.     Ground 6: Errors in the Pre-Sentence Report.**

Movant argues that trial counsel was ineffective because she failed to correct a number of inaccuracies in the pre-sentence report ("PSR"), did not allow Movant to interview with the probation officer, and never provided Movant with a copy of the PSR.  CVDoc. 34 at 24-31; CVDoc. 2 at 17-18.

The R&R addressed each claim regarding the PSR and found they lacked merit.  CVDoc. 29 at 41-44.  The Court agrees.  The Court found that Movant had no criminal history points, resulting in a criminal history category of I, and sentenced him at the bottom of the guideline range.  CRDoc. 114 at 6, 11.  The Court based its sentencing decision on Movant's possession of hundreds of photographs and videos of child pornography, his perpetuation of the market for child pornography, his fixation on sexual abuse of children as reflected in many stories he wrote about abusing children, and his failure to accept responsibility.  CRDoc. 114 at 10-11.  Movant has not shown that the alleged errors in the PSR concerning his prior arrests and various allegations of sexual abuse had any effect on his sentence.  *See Strickland*, 466 U.S. 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment

of a criminal proceeding if the error had no effect on the judgment.").

Nor can the Court conclude that trial counsel was ineffective when she recommended that Movant not have an interview with the probation officer who was preparing the PSR. *See* CVDoc. 29 at 43-44. Trial counsel may well have concluded that Defendant's demeanor and lack of contrition would result in a less favorable recommendation. Additionally, Movant has failed to show how the interview would have affected the outcome of his sentencing. *See Strickland*, 466 U.S at 691-92.

Lastly, Movant claims that trial counsel never provided him with a copy of the PSR or reviewed it with him. This claim is significantly undermined, however, by the fact that Movant referred to the "Probation Report" in his pre-sentencing letter to the Court, commenting on some of the matters raised in this habeas petition. CRDoc. 96 at 2. Nor did Movant contradict his counsel's specific statement at the sentencing hearing that she had reviewed the PSR with him. *Id.* at 44; CRDoc. 114 at 3. Ground 6 lacks merit.

### 7. Ground 7: Evidence of Third Party Guilt.

Movant argues that counsel was ineffective by failing to (a) present evidence from the forensic expert that someone else could have committed the crime; (b) pursue discovery and disclosures from the prosecution; (c) investigate whether another person authored the fictional stories; (d) object to the stories; (e) call witnesses for the defense; (f) present a defense; (g) investigate information that Movant did not own a computer until May 2008, that the other computers were clean and available for others to use, and that the program used to write the stories was not on his computer; (h) show that the computers could not have been placed on the bottom bunk of the truck at the time of the search; (i) impeach the government's witnesses; and (j) object to references to Movant's ex-wife as such at trial, even though they remained married at that time. CVDoc. 34 at 31-37; CVDoc. 29 at 45.[3]

---

[3] The R&R did not reach a number of Movant's additional arguments regarding trial counsel's failures because they were raised for the first time in his reply brief. CVDoc. 29 at 45. These include counsel's failure to present bank statements showing illegal activity in his account, failure to impeach Movant's ex-wife, failure to impeach Agent Schrable, failure to present evidence about Movant's brother-in-law, and failure to

1  Judge Metcalf found arguments (a), (b), (c), (g), (h), and (j) to be unsupported, and explained why. CVDoc. 29 at 45-47. He found arguments (d), (e), (f) and (i) to be repetitive of earlier grounds already dismissed. *Id.* at 47-48. Movant objects to these conclusions, sometimes citing evidence and often with only conclusory assertions. CVDoc. 34 at 31-33. The Court again concludes, however, that Movant is second-guessing his trial counsel's strategic decisions on how best to try this case. Although the Court does not doubt that Movant genuinely believes a better defense could have been mounted, that is not the test for ineffective assistance. Movant must show that his attorney's performance was unreasonable under prevailing professional standards, and, but for counsel's unprofessional errors, the results of his trial would have been different. *Strickland*, 466 U.S. at 687-94. The "highly deferential" approach the Court must take when evaluating counsel's performance precludes the kind of issue-by-issue criticism Movant levels in Ground 7. *Id*. at 689.

After a de novo review, the Court finds Judge Metcalf's discussion of the arguments raised in Ground 7 to be correct. CVDoc. 29 at 45-48. The Court will accept the R&R's findings and deny Movant's Ground 7 objections.

**8.    Ground 8: Abuse of Discretion.**

Movant asserts that (a) the Court abused its discretion by refusing Movant's pre-trial request for new counsel, and (b) counsel was ineffective "for not challenging the lesser included offenses, and greater offense." CVDoc. 34 at 37-39.

Judge Metcalf properly notes that "to the extent that Movant might have intended to assert direct challenges on these decisions of the trial court, the claims would be procedurally defaulted for failing to raise them on direct appeal." CVDoc. 29 at 49; *see*

---

have the jury instructed on his theory of defense. *Id.* Movant asserts in his objection that he did raise these claims in his opening brief, but the Court has reviewed that brief and can find no mention of them. Movant does state in his opening brief that "[a] criminal defendant has the right to have the Jury instructed on his/her theory of defense separate and apart from instructions given on the elements of the charged offense." CVDoc. 2 at 20. But Movant then asserts that trial counsel called no witnesses, presented no evidence, and thus "allow[ed] the Jury to believe there was no defense." *Id.* This is not a challenge to trial counsel's effectiveness on jury instructions as raised in his reply.

*Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."). Judge Metcalf decided that Movant's first claim was not procedurally defaulted because Movant was not directly claiming that the Court abused its discretion, but rather that trial counsel was ineffective for failing to object to the Court's decision as an abuse of discretion. CVDoc. 29 at 49. Here, Movant's objection makes no such distinction. *See* CVDoc. 34 at 41 ("Defendant believes he has shown abuse of discretion of the Court, in refusing defendant substitute counsel."). Accordingly, Ground 8(a) is procedurally defaulted and will be denied.

Movant's argument in Ground 8(b) regarding the lesser included offenses is the same argument made in Ground 2 and will be denied for the reasons discussed above.

**IT IS ORDERED:**

1. The R&R (CVDoc. 29) is **accepted.**
2. The motion to vacate sentence (CVDoc. 1) is **denied.**
3. The Clerk is directed to terminate this action.

Dated this 15th day of April, 2015.

_____
David G. Campbell
United States District Judge