UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

X̄ FILED        ___ LODGED
___ RECEIVED       COPY

NOV 1 4 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES OF AMERICA          )
)
    RESPONDANT,          )
)
V.          )
)
RICHARD LARRY SELF          )
)
    PETITIONER/MOVANT,          )
)
)
_____)

CASE NO. 15-15855
3:13-CV-08199-PCT-DGC
3:10-CR-08036-PCT-DGC

60(b)(1), Mistake, Inadvertence, suprise, or Excusable Neglet
60(b)(3), Fraud, Misrepresentation, or Misconduct, by opposing
party.

    **COMES NOW;** Richard Larry Self, Pro Se Litigant with a 60(b)
(1), (3) Motion . (Hereafter Petitioner).

    It would seem there was a lot of confusion over petitioners
wording, or lack of wording in his other briefs, were he was
possibly misunderstood. His 28 U.S.C. §2255 pleading, and answer
to the Governments brief, and Magistrates R&R.
But see **Quair V. Gerts, 585 Fed Appx 594 (9th cir 2014)(unpublished)
(Quoting Lopez V. Smith, 203 F.3d 1122, 1130 (9th cir 2000)(en
banc)**(setting forth standard of review). Federal Rule of Civil
Procedure 15(a) provides that a trial court shall grant leave
to amend freely "when justice so requires". The Supreme Court
has stated that "this mandate is to be heeded." **Foman V. Davis,
311 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)** In addition,
we have repeatedly held that "a district court should grant leave
to amend even if no request to amend pleading was made, unless
it determined that the pleading could not possibly be cured by
the allegation of other facts; **Doe V. United States, 58 F.3d 494,
497 (9th cir 1995);** See also **Rodriguez V. Steck, 795 F.3d 1187
(9th cir 2015) (Quoting Lucas V. Department of Corrections, 66
F.3d 245, 248 (9th cir 1995)(per curiam):** ("Unless it is absolutely

clear that no amendment can cure the defect..., a pro se litigant
is entitled to notice of the complaint's deficiencies and opportunity
to amend prior to dismissal of the action."

Under these precedence the petitioner does not want this
motion or pleading if you will to be construed as a second and
successive 2255. The petitioner believes he is very plain in most
of the following grounds, that this will be treated as a 60(b)
motion as intended.

In all of the preceding briefs written by the petitioner,
he showed that the warrants were without **Particularity,** and where
no more than a general warrant and there for illegal.

The warrant executed on the petitioners house was authored
by Christopher Shrable as well as the affidavit, and sworn to by
the same. (see warrant 10-04017MB, January 27,2016, affidavit,
Page 36). And signed by Judge (magistrate) Mark E. Aspey.

If the court would look at the warrant face itself where
it states "(identify the person or describe the property to be search and
give its location)";SEE ATTACHMENT A is all it states. and in the
location were it states "identify the person or describe the property
to be seized)"; SEE ATTACHMENT B is all it states. No where does
it state anything about the affidavit. See **United States v. Sedaghaty,
728 F.3d 885, 925 (9th cir 2012)** (Quoting **Doe v. Groody, 361 F.3d
232, 239-41 (3rd cir 2004)** "it is simple logic that when an affidavit
is not incorporated then law enforcement is precluded from relying
upon it and to do so would exceed the scope of the warrant".

Altogether there were eight warrants issued in the case
at bar. Two for the petitioners house, (one was returned not executed).
The second (10-04017MB), and the one for the semi truck the petitioner
was driving (10-04021MB) dated February 17, 2010. Both only referenced
"SEE ATTACHMENT A" and "SEE ATTACHMENT B", nothing in the order
of the affidavit was mentioned, as the court can see. But if the
court would look at the warrants written by Agent Matthew Dunn,
all mention the appropriate affidavit. See warrants 09-086-M-01,
09-087-M-01, and 09-088-M-01, the wording on the face of the warrant
states "SEE ATTACHED AFFIDAVIT HERE IN INCORPORATED BY REFERENCE
AS IF FULLY RESTATED HEREIN". This was written in both locations
(description - location) and (persons - property).

Warrants 08-716-M-01, and 08-717-M-01, state "SEE ATTACHMENT A TO THE ATTACHED AFFIDAVIT HERE IN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN. (for description - location), and "SEE ATTACHMENT B TO THE ATTACHED AFFIDAVIT HERE IN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN, (for persons - property to be seized).

**Massachusetts V. Sheppard, 468 U.S. 981, 82 L. Ed. 2d 737 (1984)** "[a] warrant that fails to conform to the **particulaity requirement** of the Fourth Amendment is unconstitutional" (emphasis added): **Groh V. Ramirez, 547 U.S. 551, 157 L. Ed. 2d 1068 (2004)** "The fact that the application adequately described the "things to be seized" **does not save the Warrant from facial invality**. The Fourth Amendment by its terms require **Particularity** in the warrant, not the supporting documents."...Most Federal Courts of appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if (1) the warrant uses appropriate words to incorporate, or (2) the supporting documents accompanies the warrant. (emphasis added).

It also states in the Federal Rules of Criminal Procedure 41(e)(2)(A); Contents of warrant: Warrant to search for and seize a person or property, except for a tracking device warrant: The warrant must identify the person or property to be searched, Identify any person or property to be seized, and designate the Magistrate Judge to whom it must be returned.

Also in Rule 41(f)(1)(B), Inventory: An officer executing the warrant must prepare and **verify** an inventory of any property seized. The officer must do so in the presence of another officer **and the person** from whom, or from whose premises, the property was taken. (emphasis added). In Rule 41(f)(1)(B) Inventory; would be were the affidavit (or at least the amendments) should be present to make sure that only the items listed were the items seized, and not just a general rummaging of the persons belongings took place. as shown before Christopher Shrable wrote and swore under oath, to the probable cause and the probibility that the items would be at the residence of the petitioner. This agent Shrable was not at the search of the residence. (see testimony day 2 of trial 11/18/2012). Under testimony elected by the prosecution

that the agent was on approved leave. Eight other agents, and officers were executing the warrant on February 8, 2010, lead by agent John Koski.

Two ICE agents, Koski, and Leon. Three U.S. Marshalls, Larson, Noble, and Hitchler. One Flagstaff P.D. officer, Buckley. One Yavapia County Detective, Johnson. and one Yavapia county Deputy Sheriff, (no name), Thats a lot of officers rummaging with no affidavit or attachment to the affidavit present to refer to.

Even the case the Government likes to reference; **United States V. Grubbs, 547 U.S. 90, 164 L. Ed. 2d 195 (2004);** the referenced attachments were attached to the warrant, even though the affidavit was not. Id at 200-201.

The court can see by their own testimony on their training and position as lead Agent they knew the affidavit should have been with the warrant in light of the agent that wrote the application and affidavit was absent at the execution of the warrant on February 8, 2010. Agent Koski also knew he should have had it attached to or present at the search of the truck also. At the minimum at least the attachments should have been present.

Agent Christopher Shrable wrote a 36 page affidavit plus the attachments to the affidavit. and swore in testimony he was agent in charge. Agent John Koski wrote a 54 page affidavit plus attachments to the affidavit. BOth agents knew with there training and position as agent in charge (John Koski, while Shrable was on leave) that the affidavit was to be attached or at least present at the search. The attachments at a bare minimum, they had the knowledge of the warrant requirements, so would not be eligible for the good faith exception.

See **al-Kidd V. ashcroft, 580 F.3d 949, 971 (9th cir 2009)** (Quoting **stanford V. Texas 379 U.S. 476, 481, 13 L. Ed. 2d 431:** The Fourth Amendment "reflect[s] the determination of those who wrote the Bill of Rights that the people of this new nation should 'be secure in their persons, houses, papers, and effects' from intrustion and seizure by officers acting under unbridled authority of a general warrant."

The warrants were no more than general warrants without the affidavit or at a minimum the attachments, (this includes

the warrant for the semi truck also).

This was ignored or just not paid attention to in the other briefs, by the petitioner. I think this could be called worse than inadvertence, mistake, or suprise. this was misconduct or misrepresentation, since the Government, Magistrate, and the court all, referenced a Fourth Circuit case. **United States v. Hurwitz, 459 F.3d 463, 472 (4th cir 2006)**; but see **United States v. SDI Future Health, Inc., 568 F.3d 684, 690 (9th cir 2009)**; The passage is only logically applicable to the second prong of the Kow test, that "the affidavit either [be] attached physically to the warrant or at least occompan[y] the warrant, while agents execute the search.

Courts consider an affidavit to be part of the warrant, and therefore potentially curative of any defects, only if (1) the warrant expressly incorporates the affidavit by reference (2) the affidavit either is attached or at least accompanies the warrant while agents execute the search...Particularity means that the warrant must make clear to the executing officer exactly what it is that he or she is authorized to search for and seize.

Where a warrant is defective without incorporating a supporting affidavit, the good faith exception may still apply, however the government must show that the officers who executed the search **actually** **relied** **on** **the** **affidavit**. Were in the case at bar they cannot. Were the affidavit was not physically at the search and the person that authored the affidavit was not at the search either. So trying to rely on that presumption would be false, since trying to rely on the affidavit that was not present at the execution of the search would be out side the scope of the warrant. This also goes for the warrant executed on the truck.

It is the understanding of the petitioner that the binding presence of statute is with the Supreme Court, and the Ninth Circuit Court of Appeals.

There were 8 officers at the truck search. Two ICE agents, Koski, Leon. One Flagstaff P.D. Detective Coules. DPS Sgt Elliot. And 4 DPS officers, (no names). So again there were a lot of officers there, to be without the affidavit being at the search.

VINDICTIVE PROSECUTION:

Prosecutoral Vindictiveness (1968) Criminal Law. "The act or instance of intentionally charging a more serious crime or seeking a more severe penalty than proper, esp. in retaliation for defendant's lawful exercise of a constitutional right. (Black's Law Dictionary, 10th edition, 2014, Thomson Reuters).

The original indictment for the petitioner was filed on March 9, 2010. It charged the petitioner with 4 counts of Possession 18 U.S.C. §2252A(a)(5)(B), and 2256, with a 18 U.S.C. §2253 Forfeiture Alligation. After the petitioner repeatedly refused all plea agreements. The first was on 04/06/2010 (see exhibit A) and there after at a rate of approximately one a month, until 08/24/2010, (see exhibit B), when defense counsel finally convinced the government that the petitioner was not going to sign a plea agreemnet and wanted to go to trial.

On 09/21/2010, the government filed a superseding indictment of Six counts, three counts of Transpertation, 18 U.S.C §2252A(a)(1), and three counts of possession 18 U.S.C. §2252A(a)(5)(B) and 2256, with a 18 U.S.C. §2253 Forfeiture Alligation.

The Transportation Charges Carry a mandatory minimum of 5 years(60 months), and a maximum of 20 years(240 months) each plus a 0 to 10 years on each possession charge.
If the Court would look at and read the prosecution letter to the defense counsel you can plainly see the vindictiveness.

The letter of 09/07/2010 (Exhibit C) informing defense counsel of intentions to seek a superseding indictment. She states she did not originally charge the petitioner with these offenses because she wanted to offer the plea bargins, and that these charges were based on the discovery that she had already sent about the petitioner driving a truck from Florida to Arizona with child pornography. But if the Court would look at the warrants again it would see the original charges and on the arrest warrant of the petitioner. they stated just the 28 U.S.C. §2252A(a)(5)(B). They already knew of the Transportation at that time. If the Court would look at the Affidavit written by Agent John Koski, it mentions in there on the probable cause, the 18 U.S.C. §2252A(a)(1). The government has no grounds to state they just held off because they wanted the Petitioner to sign a plea agreement. It even states that if

petioner changed his mind they were still open to a plea agreement.
The vindictiveness goes even further with the threats
*of introducing evidence of a incestuous relationship* with one
of his daughters, which was just that a threat, there was never
any evidence of any kind of incestuous relationship and the government
knew this but still threatened the petitioner, thinking he would
fold and make an agreement. And in her using the stories to show
that the petitioner had a propensity for sex with minor children
and incestuous relationships. The reference to 18 U.S.C. §2252(a)(1),
and 18 U.S.C. §2252A(a)(1) is on page 1 Paragraph 3 of the affidavit
to warrant 10-04021MB Semi truck warrant. So the Court can see
it is not just found evidence, it was evidence that the U.S. Attorneys
office knew of before the warrant was executed on February 18,
2010. This was just plain vindictive prosecution.

The AUSA states she wanted to use the stories to show
Knowledge, Identity, and possession by the petitioner, and that
he was a collector and author of child pornography. But the thing
is the government never shown any kind of proof that the stories
were possessed or written by the petitioner. The stories were
found in a room not used by the petitioner, it was a room that
his then wife stored a lot of her boxed belongings in, and had
other peoples **stuff in it.** The only testimony about petitioner
being an author was by a person that was married to his step-daughter,
and was very rarely even in his home, and this person Dean Sehm
is the only person to testify that the petitioner was suppose
to be an author. There was never any testimony given to the fact
that they had read anything the petitioner ever wrote. Noone ever
testified that they had ever even seen those stories before, them
showing up in court, but yet they were suppose to be setting right
out in the open.

At the detention hearing on 03/18/2010, the Magistrate
Judge elected testimony from Agent Christopher Shrable, that there
was Forensic handwriting analysis being done, but at that time
was not finished. What ever happened to this evidence. That would
be considered Brady evidence and should have been given to the
defense, but it was not. This evidence should have been introduced
at trial, but was not. The government introduced them, because

they were to have been found in the petitioners house. And on a CD that was suppose to have been his, were the government used the petitioners wife of only four months, and had not seen his writing in any form for 9 months to testify that she knew my handwriting, and said the writing on one of the DC's was the petitioners, but could not testify to the other CD.

See **United States V. woodson, 526 F.2d 550 nl (9th cir 1975);** the rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses".

The finger print was also played off as some one else at some time touched the object. But yet these items were suppose to be a "secret", why would anyone else have handled them if that is so? Someone else did touch them, the petitioner was excluded. Like the DNA, it was played off as someone sometime touched the items. According to the report from the DPS forensic lab, Cellular material was found on "miscellaneous storage devices and adapters, (item L1002) and also on TWENTY EIGHT CD-R/CD-RW,s (item L1003). To the petitioner that seems like a lot of touching for someone that had nothing to do with the items.

**United States V. Jenkins, 504 F.3d 694 (9th cir 2007);** to establish a presumption of vindictiveness, a defedant need not show that the prosecutor acted in bad faith or that he maliciously sought the indictment, rather, the defendant must demonstrate a reasonable likelihood that the government would not have brought the charges had she not elected to exercise a protected right. **United States V. Gann, 732 F.2d 714, 723-24 (9th cir 1983);** a defendant seeking dismissal for vindictive prosecution has the initial burden of demonstrating an appearance of vindictiveness. This "involves a showing that the prosecution has re-indicted the defendant and involved the severity of the charge, after the defendant has exercised a constitutional or statutory right."

The petitioner believes he has shown vindictiveness just in the letter to the defence counsel, with the severity of the charges and penalties, as well as the information used and threatened to use.

**United States V. Burt, 619 F.2d 831, 836 (9th cir 1980)**

(citations omitted); a demonstration that "the prosecution in fact acted with malicious or retaliatory motive," is not required. Id. rather, vindictiveness is infered. The burden then shifts to the prosecution to prove that the increase in the severity of the charge did not result from vindictive motive.

The petitioner believes he has shown vindictiveness by the prosecution, in the increase of the severity of the charges and the severity in the sentence, since the transportation charge alone has a mandatory minimum of 5 years(60 months).

## PROSECUTORAL MISCONDUCT

Prosecutoral misconduct (1963) Criminal Law. A prosecutor's improper or illegal act (or failure to act), esp. involving an attempt to avoid required disclosures or to persuade the jury to wrongly convict a defendant or assess an unjustified punishment. If prosecutoral misconduct results in a mistrial, a later prosecution may be barred under the double jeopardy clause. (Black's Law Dictionary, 10th edition, 2014, Thomson reuters).

First the prosecutor did not share all the discovery asked for under brady. The forensic handwriting analysis was not giving to the defense. Second no handwriting exemplars were given to the Jury or the court to compare for genuineness. **28 U.S.C. §1731 Handwriting;** The admitted or proved handwriting of any person shall be admissible, for purpose of comparison to determine genuineness of other handwriting attributed to such person.

**Scharfenberger V. Wingo, 542 F.2d 328 (6th cir 1976);** "under ferderal law the trial judge has the responsibility to determine whether the genuineness of the handwriting on the exemplars is sufficiently proved. Specimens must be proved to be genuine to the satisfaction of the court, and an appellate court will reverse a ruling only if it is not fairly supported by the record.

**Uniterd States V. Alvarez-Farfan, 338 F.3d 1043, 1045-46 (9th cir 2003)** (Quoting **United States V. Woodson, 526 F.2d 550 (9th cir 1975);** the law on handwriting comparison is plain. "In absence of extreme or unusual circumstances...we see no reason why handwriting comparison cannot be made by jurors, and conclusions drawn from them, either in the presence or absence of expert opinion.

Extreme or unusual circumstances involve situations where authenticity of the handwriting is a primary issue in the case. *A suspect maybe, for example to provide a handwriting sample.*

Since handwriting was such an issue with both the defense and the prosecution, with the introduction of the evidence, only comparisons could have proved the identity of the person responsible, proven exemplars should have been given either to the court or the jury to draw deductions on the genuineness. They had samples of the defendants handwriting, his employment records gotten from his employer.

None of this was done by the prosecution, which was there resresponsibility to do so, since the handwriting issue was introduced by them, with the testimony of the petitioners wife, Shari Self, to try and prove identity and possession. See **woodson, 550 nl** supra, The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses".

**Alvarez-Farfan,** Supra, Id at 1046, We are persuaded that a reasonable possibility exists that the error materially affected the verdict.

This error also effects Alvarez's SUBSTANTIAL RIGHTS, as the handwriting comparison provided Alvarez with his only means to undermine, and perhaps discredit altogether, Rivera's testimony (emphasis added).

As in the case at bar, the petitioners only means to discredit the stories and the CD's was with the handwriting, since the testimony brought forth there was handwritten stories and corrections to them in handwriting, also the handwriting on the CD's and thumbs.

The prosecution misrepresented the DNA information to the jury. See (day two of trial 11/18/2010, pg-397-98). Defense counsel asked about the DNA cellular material located on some of the storage devices and adaptors, electing information that it was there. Then on redirect the prosecutor elected testimony from the same Agent, Christopher Shrable, about the time to test DNA samples. His answer was 6-months to years. Were in reality, they both knew this process only took days to an average of 30-days. See **Maryland V. King, 186 L. Ed. 2d 1, 25 (2013)**; DNA identification data base

(10)

samples have been processed in as few as two days in California, although around thirty days have been average.

Secondly they told the jury they only recieved the DNA information just prior to trial, This was not true. The DNA (and fingerprint) information was found on 02/18/2010 (see exhibit D). Granted there is no statute that the Petitioner has been able to find that say's the prosecution is mandated to test DNA. Although the Supreme Court has said it is sometimes the only true way to identify someone. Identity is one of the most important things in criminal law. The notice the prosecution was refering to was a letter, from the DPS forensic labs for a purple top tube of defendants blood and a letter signed by the U.S. Attorney to use the evidence. This letter was dated a month prior to trial (see exhibit E) The sister letter (exhibit F) excluded Richard Self from the fingerprint found.

So with the prosecution not producing the forensic handwriting information,(see detention hearing 03/18/2010). And the petitioner being excluded from the fingerprint found, the only means of identification was through the DNA cellular material found on the cases, and CD's.

Both the prosecution and the agent knew this was false information they were given the jury. This also could be constued as ASSISTED MISREPRESENTATION, by agent Christopher Shrable.

Assisted Misrepresentation" (1899) Criminal law. The act of contributing by word or conduct to others misrepresentation so as to give an impression of credibility. (Black's Law Dictionary, 10th edition, 2014, Thomson Reuters).

In an article written by Douglas A. Bermon, from the Moritz collage of law at Ohio State University, entitled "Why police lie under oath and challenges involving criminal law." published February 3, 2013.

"thousands of people plead guilty to crimes every year in the United States because they know that the odds of a jury believing their word over a police officers are slim to none...In this era of mass incarceration, the police shouldn't be trusted any more than any other witness, perhaps less so.

Peter Kearne, a former San Francisco police commissioner,

wrote an article in the San Francisco Chronicle, decrying a police culture that treats lying as the normal...This pieces goes on to cover upon broader systemic problems that result from "get tough" metries, after being used by police and prosecutors and rewarded by Legislators.

Agent Christopher Shrable also assisted in the misrepresentation to the detention hearing, leading the court to believe he was at the search of the petitioners house, by words, and that he was talking to the petitioners wife over the phone between the search of the house and the search of the truck, but yet if you look at the testimony elected by the government at day two of trial,(11/18/2010) he states he was on authorized leave, during this period, and Petitioners wife was on the truck traveling across the United States, until after delivery of his load on February 19, 2010. She also went to a Superior Court hearing in Surprise Arizona with the Petitioner, in the afternoon of the 19th. She also spent the night with the petitioner and on the 20th she spent the day with petitioner, his daughter and boyfriend, and riding the motorcycle. There is no way he could have talk to her during this period. Only after the 21st when she left the defendant, and returned to Kingman, Arizona.

The petitioner believes he has shown the misrepresentation and assisted misrepresentation By Agent Shrable to the court.

This would also be a (60)(b)(3), Fraud, Misrepresentation, and misconduct by an opposing party violation.

Abuse of discretion or misconduct by the court;

Abuse of discretion; An adjudicator's failure to exercise sound, reasonable, and legal decisions-making. (Black's Law Dictionary, 10th edition, 2014, Thomas Reuters)

On November 10, 2010 the petitioners first time asking for subsitute counsel, which was promptly denied. After asking way the petitioner felt he needed substitute counsel, and explaining that cousel would not listen to him in matters of the case, was not going to call witnesses, nor was she going to admitt evidence, even after him given her, evidence to show, that he was not the owner of the stories nor the CD's or the thumb's. But the courts answer to this was.

Court "In fact, I knew Ms. McClellan before she went to the public defenders office, She and I worked at the same Law Firm some years ago and she was a terrific lawyer then as well.

So I really don't have a basis for concluding that we should change counsel.

I have listened to what you have said, I certainly understand your concerns about trial, but I think you have a good lawyer who will present the best defense you could have."

Defendant "She's on her own, then"

Court "Well, if you say she's on her own, thats going to be your decision, but you need to provide what help you can during the course of the trial."

Two things here. The court was plainly advocating for an ex-coworker, and friend. Secondly the court must not have listened to what the petitioner said about the problems he was having with the appointed counsel he was given.

Defense counsel had already violated his right to fast and speedy trial (see exhibit A) you will note were she circled the petitioners name and wrote "go to trial" in her own writing, she knew from the begining I was prepared to go to trial, but she refused, and kept trying to get petitioner to sign a agreement, she was really playing tag team with the prosecution. She would not communicate with the petitioner, nor would she allow petitioner to participate in any active manner. See **Daniels V. Woodford, 428 F.3d 1181, 1197 (9th cir 2004)**; The Supreme Court has repeatedly held that a defendant's Sixth Amendment right to counsel is violated if the defendant is unable to communicate with his or her counsel during key trial preparation time." See **Riggins V. Nevada, 504 U.S 127, 144, 112 S. Ct. 1810, 118 L. Ed. 2d 479 (1992)** ("we have held that a defendant's right to the effective assistance of counsel is impaired when he cannot COOPERATE in an active manner with his lawyer. The defendant must be able to provide NEEDED INFORMATION to his lawyer and PARTICIPATE in the making of decisions on his own behalf." (citations omitted)(emphasis added) See also **Schell V. Witek, 218 F.3d 1017, 1025 (9th cir 2000)(En Banc)** "before the district court can engage in a measured exercise of discretion, it must conduct an inquiry adequate to create a 'sufficient basis

for reaching an informed decision.'"

As we said in **Brown V. Craven, 424 F.2d 1166 (9th cir 1970);**
We think...that to compel one charged with [a] greivous crime
to undergo a trial with the assistance of an attorney with whom
he has become embroiled in irreconcilable conflict is to deprive
him of the effective assistance of any counsel whatsoever." Id
at 1170. **United States V. Adelzo-Gonzalez, 268 F.3d 772 (9th cir
2004);** it is a violation of the Sixth Amendment to improperly
deny a motion to substitute counsel in a criminal matter and an
error that must be reversed, reguardless of whether prejudice
results.

A court may no deny a motion for substitution of counsel
in a criminal matter, <u>simply because it thinks current counsel's
representation is adequate.</u> (emphasis added)

It was improper of the court to allow the stories to be
introduced as evidence and published to the jury, before proof
of ownership or identifying the person by proper means. In the
case at bar the prosecutor was using handwriting as a means of
identification.

There was prior testimony elected by the Magistrate judge
Mark Asprey, to the fact there was a handwriting analysis being
done. See detintion hearing 03/18/2010). being the case with out
a forensic expert being at the trial when the handwriting subject
came up by law the judge at trial court has the responsibility
to decide the genuineness of the handwriting exeplars is sufficiently
proved. See **scharfenberger V. Wingo, 542 f.2d 328 (6th cir 1979);**
"Under federal law the trial judge has the responsibility to determine
whether the genuineness of the handwriting on the exempals is
sufficiently proved. Specimens must be proved to be genuine to
the satisfaction of the court, and an appellate court will reverse
a ruling only if it is not fairly supported by the record."

**Fed. R. Evid.901** deals specifically with the requirement
of authentication. It states: (a) general provision. The requirement
of authentication or identification as a condition precedent to
admissibility is satisfied by evidence sufficient to support a
finding that the matter in question is what its proponent claims.
(b) illustrations. By way of illustration only, and not by way of

(14)

limitation, the following are examples of authentication or indentification conforming with the requirements of this rule: (3) comparison by trier or expert witness. Comparison by trier of fact or by expert witness with specimens which have been authenticated.

There are a lot of items that can be used in identification, such as but not limited to; fingerprints, palm prints, footprints, measurements, handwriting, handprinting, sound of voice, blood samples, urine samples, saliva samples, hair samples, comparative personal appearance or photographs of an individual.

only one of these were used "Fingerprint" and the petitioner was excluded.

See **United States V. Johnson, 439 F.3d 824 (8th cir 2006);** rule 404(b) excludes evidence of specific bad acts used to circumstantially prove that the person has the propensity to commit acts of that crime.

With any prove that the petitioner wrote the stories in question, thats all that was being done, because the stories which were not illegal, (at the time), had nothing to do with the charges of transportation or possession of child pornography what so ever. see also **United States V. Martin 796 F.3d 1101 (9th cir 2015)**(quoting **United States V. Brown 880 F.2d 1112, 1114 (9th cir 1988);** under rule 404(b) evidence of a defendants prior crimes or wrongful acts may not be introduced to show that the defendant has bad character and is therefore more likely to have committed the crime with which he is charged.

Again with out any proof the stories in question were his, other than some of the stories mentioned the military, (being the petitioner has an interest in the military) and those about a truck driver, (being petitioner was a truck driver) and those that had the name of Rick as one of the character, (being the petitioners name AKA Rick). That is not much proof that the stories were the petitioner property or that he wrote them. And were certainly no proof that the CD that some of them were found on was the property of the petitioner either. See **United States V. Parks, 285 F.3d 1133, 1141 (9th cir 2001);** Rule 404(b) of the federal rules of evidence is a rule of inclusion "designed to avoid 'a danger that

the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment.'"

So without the proof presented to the court, of the genuineness of the handwriting on the items presented as evidence, the jury accepted the fact presented by the government, "the handwriting was the defendants, because it was backed by government testimony by the agent."

**CONCLUSION:**

The petitioner believes he has shown with out possible doubt, using **binding precedence**, that the **particularity requirment** of the Fourth Amendment was violated, by the warrants executed on the house, and semi truck driven by the petitioner. The Supreme Court was very unambiguous in **Massachusetts V. Shappard, 468 U.S. 981, 82 L. Ed. 2d 737 (1984)**; "[a] warrant that fails to conform to the **particularity requirement** of the Fourth Amendment is unconstitutional." (emphisis added)

So being both warrants were without Particularity, they were no more than just general warrants, and thus illegal. And that all evidence seized from the house of the petitioner should be suppressed, and that the evidence seized from the semi truck suppressed as fruits of the poisonness tree, or even on the grounds it was an illegal warrant, A general warrant.

**United States V. Kriesel, 720 F.3d 1137, 1147-48 (9th cir 2012)(dissent by Stephen Reinhardt);** The majority's opinion illustrates the failure of today's judiciary to stand up to clear abuse of government authority as well as its unwillingness to protect the fundamental right of privacy of all Americans. Judges have come to place their reliance on what government tells them, rather than on the Constitution requires. Courts have grown more and more lax in curtailing the excesses of law enforcement, and the judiciary's record in protecting privacy rights has become wholly unsatisfactory. No other case, however, reflicts a greater surrender on the part of the court's of the citizens' right of privacy simply because it is told "Trust Your Government" as far

( 16 )

as I am concerned, the Constitution demands more.

The petitioner also believes he has shown the prosecutor was vindictive in the prosecution of the petitioner. It was said that the petitioner did not bring up the vindictiveness in his original brief, but if the court would look he did, but used the word misconduct instead of the word vindictive. The petitioner is untutored or trained in the law, and may miss use a word, but the intention was there.

The petitioner believes he has shown the abuse of discretion of the court, or even the misconduct (as in advocating for an attorney). For allowing unproven evidence to be admitted to the court, and for not allowing the petitioner to substitute his attorney when the court seen there was a conflict of interest between the attorney and the petitioner, when the court knew there was a lack of trust, and a lack of communication between the petitioner and his appointed counsel. Petitioner was made to go to trial with an unprepared, incompetent, and refused to communicate with the petitioner, in all matters of his defense. The court was more concerned with the quality of the attorney the it was with the quality of the defence the petitioner was given.

I pray the court will see the mistakes, misconduct, misrepresentation, vintictiveness, and abuse of discretion by the court in this case.


Submitted on this _9th_ day of _November_, 2016

By Pro Se Litigant

_Richard Larry Self_

Richard Larry Self
Reg. No. 30099-008
FCI Englewood
9595 West Quincy Avenue
Littleton, CO  80123-1159

EXHIBIT A

Jane McClellan/AZF/09/FDO        To   "Belt, Heather (USAAZ)" <Heather.Belt@usdoj.gov>
04/06/2010 10:24 AM              cc

                                 bcc

                         Subject  RE: Deherrera, Massey, and Self

Hi Heather,

Thank you for the Self discovery and plea.  One minor thing -- the plea agreement has the wrong
defendant's name in the first paragraph.  Ironically, I represented a Gary Hancock years ago !  I don't
know if it's the same one.  He never had any child porn! (just guns).  If you could make the change, that
would be helpful so that I can go over it with Mr. Self.  Of course, I have no idea yet what his position will
be or what my recommendation will be until we've read the discovery.

thanks.

_____

Jane L. McClellan
Ass't. Federal Public Defender
(602) 382-2729

EXHIBIT B

Jan Kullberg/AZF/09/FDO          To   Jane McClellan/AZF/09/FDO@FDO
08/24/2010 02:34 PM
                                 cc

                                 bcc

                             Subject   October dates - Self Trial

Just FYI - I know we can't control when the judge sets trial dates, but re: Richard Self, if the trial is set in October, I have 2 long weekend trips out of state scheduled with Keven, only one of which could be a problem.

The first I could possibly get out of (to see his mother using free passes), but the second one we have expensive NASCAR race tickets for.

   October 21 (Thur/Fri) - Oct 25 (back @ noon Monday)

   October 28 (thurs/Fri) - November 1 (back early am Monday)

Hope that doesn't cause a conflict.

Jan Kullberg, Paralegal
Federal Public Defender
850 W. Adams, Ste 201
Phoenix, AZ  85007
602-382-2842 Direct
602-382-2800 Fax
jan_kullberg@fd.org

EXHIBIT C



**U.S. Department of Justice**

United States Attorney
District of Arizona

*Two Renaissance Square*                    *Main: (602) 514-7500*
*40 North Central Avenue, Suite 1200*   *Main FAX: (602) 514-7693*
*Phoenix, Arizona 85004-4408*              *FAX: (602) 514-7650*

September 7, 2010

Jane L. McClellan
Assistant Federal Public Defender
850 W. Adams Street, Suite 201
Phoenix, AZ 85007

      Re:    *United States v. Richard Self*
             CR-10-8036-PCT-DGC

Dear Jane:

      I am writing this letter to inform you that I intend to seek a superceding indictment to add transportation of child pornography charges in violation of 18 USC §2252A(a)(1). These charges carry a mandatory minimum of a 5 years and increased sentencing guidelines. I did not originally charge these offenses because I wanted to extend a plea offer to possession of child pornography without having to gain permission to dismiss counts with mandatory minimums by going through an extended plea approval process. The new charges are based upon the discovery that I already sent to you. This discovery details how Mr. Self drove his truck from Florida to Arizona while possessing child pornography.

      It is my view that it will be easy for the government to prove transportation of the child pornography. The elements of transportation of child pornography do not require proof of an intent to distribute, only that:

    1.     The Defendant knowingly transported in interstate or foreign commerce by any means, including by computer,
    2.     child pornography, as defined in Title 18 Untied States Code, Section 2256(8); and
    3.     The Defendant knew that such transported item(s) constituted child as defined in Title 18 United States Code Section 2256(8).

      As you know, the media contained very personal items that were specific to Mr. Self and eliminate the possibility of any claim by him that he just <u>unknowingly</u> purchased used thumb drives, etc., which already contained this material at some truck stop. For this reason, I believe that it will be easy to prove that the defendant traveled with the child pornography on his round-trip from Arizona to Florida.

      This leaves the element of knowledge and the crimes of possession. Should Mr. Self try to shift the blame to his wife or others, the government plans to call a witness to testify to the following:

Letter to Jane L. McClellan
September 7, 2010
Page 2

> *It is very rare for women to collect child pornography. Mark Motivans & Tracey Kyckelhahn, "Federal Prosecution of Child Sex Exploitation Offenders, 2006," Bureau of Justice Statistics Bulletin 5 (Dec. 2007), http://bjs.ojp.usdoj.gov/content/pub/pdf/fpcseo06.pdf (visited Aug. 31, 2010) (only 1 percent of those charged with child pornography crimes are female); Janis Wolak et al., "Child-Pornography Possessors Arrested in Internet-Related Crimes: Findings From the National Juvenile Online Victimization Study" vii, 1-2 (2005), www.unh.edu/ccrc/pdf/jvq/CV81.pdf (visited Aug. 31, 2010) (less than 1 percent).*

The 7th Circuit Court of Appeals in Chicago recently observed that even without reading the underlying hidden data in a defendant's computer files, in a situation similar to that here, a defendant's claim that a woman did it is unbelievable due to these statistics. *U.S. v. Slaight*,--- F.3d ----, 2010 WL 3431621 ( 7th Cir. 2010).

To prove knowledge, identity, and possession, I also plan to introduce at trial evidence that Mr. Self  an author and collector of pornographic stories that discuss incest and sex with children. This 404(b) evidence is admissible to prove, among other things, knowledge, absence of mistake, and identity.  In that regard, I intend to introduce evidence that Mr. Self engaged in an incestuous relationship with his daughter. This proves, among other things, that Mr. Self possessed the stories as he has an interest in their content (incest).  Given the content of these stories also concerns child pornography and sex with children, possessing the stories is evidence that Mr. Self has a sexual interest in children and child pornography and that he, therefore, possessed the child pornography.

I am still hopeful that we can reach some sort of resolution, particularly in light of Mr. Self fully understanding the evidence that the government intends to introduce at trial. In any case, should this not occur, I wanted to make sure you had time to prepare for these issues even though I am confident that you had already anticipated them.  I look forward to talking with you.

Sincerely yours,

DENNIS K. BURKE
United States Attorney
District of Arizona

HEATHER H. BELT
Assistant United States Attorneys

# FEDERAL PUBLIC DEFENDER

**District of Arizona**
**850 West Adams Street, Suite 201**
## PHOENIX, ARIZONA 85007-2730

JON M. SANDS
**Federal Public Defender**

(602) 382-2729
(FAX) 382-2800
1-800-758-7053

September 7, 2010

As the Court can see from the dates on
this letter and the date on Prosecutors
letter, and the file date and Court date
this was a joint effert between defense
counsel and prosecutor

Richard Larry Self
c/o BSSW
2420 E. Roosevelt
Phoenix, AZ 85008

Re:    United States v. Richard Larry Self
       CR-10-8036-PCT-DGC

Dear Richard:

The Court has scheduled your next court appearance for the date and time listed below.

Event:      Arraignment on Superseding Indictment
Date:       September 29, 2010
Time:       10:45 a.m.
Place:      United States District Court
            401 West Washington Street
            Phoenix, Arizona 85003
Judge:      Magistrate Judge Lawrence O. Anderson
Courtroom #: 302

We will arrange for your transportation to the courthouse. The government added the transportation
charge, so you must have another arraignment hearing to enter a not-guilty plea to the new charge.
Please call me to discuss.

Very truly yours,

JANE L. McCLELLAN
Asst. Federal Public Defender

JLM/kk

EXHIBIT D

The ~~on no witnesses~~
~~or~~     CD Re: ✓   testify is not
~~rele~~   My Documents
△ h~~  She did not~~  right not to
~~testi~~  recognize

~~Instruc~~                    uption of guilt may
be                         inference of any
Kind may be drawn from ~~the fact~~
that Mr. Self DN testify. from the
                                    evidence
                                    present
What was (missing) from Gov's Case:

AE
① finger prints              (9 mths later)

② DNA - evidence seized (2/8/10)

③ Evidence that  △ looked at CP -
   Sherry Self
   Dean Sohm    > Knew △ -
                no testimony re: △ &
                                    CP

Fictional
④ Stories - Some evidence he was a writer
   But no evidence that anyone had read
   the stories in question

Objected  No h/w analysis - stories - edits or
                              writing on CDs
   └ Sherry Self DN recognize h/w on one but did
   the other - she's not an expert

AO93(Rev.5/85)Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of the Website
Located at URL:

http://www.easy-payments.org       **SEARCH WARRANT**
IP Address: 204.15.10.239

Located at FeBox, LLC
65 Cheyenne Street                   08 - 716 - M - 01
Tinton Falls, New Jersey 07712

TO: Senior Special Agent Matthew Dunn and any Authorized Officer of the United States

Affidavit(s) having been made before me by Senior Special Agent Matthew Dunn, who has reason to believe that
(name, description and or location)

SEE ATTACHMENT A TO THE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF
FULLY RESTATED HEREIN

in the jurisdiction of this Court, there is now concealed a certain person or property, namely (describe the person or property)

SEE ATTACHMENT B TO THE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF
FULLY RESTATED HEREIN

I am satisfied that the affidavits(s) and any recorded testimony establish probable cause to believe that the person or
property so described is now concealed on the person or premises above-described and establish grounds for the issuance
of this warrant.

**YOU ARE HEREBY COMMANDED** to search on or before _December 26, 2008_
                                                                    (Date)
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and
making the search ☑ (in the daytime - 6:00 A.M. to 10:00 P.M.) ☐ (at any time in the day or night as I find reasonable
cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant
and receipt for the person or property taken, and prepare a written inventory of the person or property seized and
promptly return this warrant to the undersigned U.S. Judge/U.S. Magistrate Judge, as required by law.

DEC 1 6 2008                              at Washington, D.C.

Date and Time Issued
JOHN M. FACCIOLA                         _John M. Facciola_
U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer       Signature of Judicial Officer

01452

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of the Website
Located at URL:

http://www.dreamzone.cc/portal
IP Address: 216.14.123.226

**SEARCH WARRANT**

08 - 7 7 7 - M - 0 1

Located at eBoundHost.com
3233 N. Arlington Heights Road
Suite 203
Arlington Heights, Illinois 60004

TO: Senior Special Agent Matthew Dunn and any Authorized Officer of the United States

Affidavit(s) having been made before me by Senior Special Agent Matthew Dunn, who has reason to believe that.
(name, description and/or location)

SEE ATTACHMENT A TO THE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF
FULLY RESTATED HEREIN

in the jurisdiction of this Court, there is now concealed a certain person or property, namely (describe the person or property)

SEE ATTACHMENT B TO THE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF
FULLY RESTATED HEREIN

I am satisfied that the affidavits(s) and any recorded testimony establish probable cause to believe that the person or
property so described is now concealed on the person or premises above-described and establish grounds for the issuance
of this warrant.

YOU ARE HEREBY COMMANDED to search on or before _Dec. 26, 2008_
(Date)

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and
making the search ☑ (in the daytime - 6:00 A.M. to 10:00 P.M.) ☐ (at any time in the day or night as I find reasonable
and receipt for the person or property taken, and prepare a written inventory of the person or property seized and
promptly return this warrant to the undersigned U.S. Judge/U.S. Magistrate Judge, as required by law.

DEC 16 2008

at Washington, D.C.

Date and Time Issued     JOHN M. FACCIOLA
                         U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer          Signature of Judicial Officer

01482

AO93(Rev.5/85)Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)
THE WEBSITE LOCATED AT URL
http://www.dreamzone.cc/
IP.Address: 67.225.176.169,
located at Liquid Web, Inc.
4210 Creyts Road
Lansing, MI 48917

### SEARCH WARRANT

CASE NUMBER:   09 - 0 8 6 - M - 0 7

TO: _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by SSA Matthew Dunn   who has reason to believe that
(name, description and or location)

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

in the jurisdiction of this Court, there is now concealed a certain person or property, namely (describe the person or property)

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

I am satisfied that the affidavits(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before _____ FEB 27 2009 _____
                                                                      (Date)
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search ☐ (in the daytime - 6:00 A.M. to 10:00 P.M.) ☐ (at any time in the day or night as I find reasonable cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to the undersigned U.S. Judge/U.S. Magistrate Judge, as required by law.

FEB 17 2009  12:45
_____          at Washington, D.C.
Date and Time Issued
ALAN KAY
U.S. MAGISTRATE JUDGE
_____          _____
Name and Title of Judicial Officer         Signature of Judicial Officer

01396

AO93(Rev.5/85)Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)
THE WEBSITE LOCATED AT URL

http://www.thepay.biz/
IP Address: 67.202.92.4

**SEARCH WARRANT**

Located at Steadfast Networks
350 E. Cermak Ave, Suite 240
Chicago, IL 60616

CASE NUMBER: 09 - 0 8 7 - M - 0 1

TO: _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by SSA Matthew Dunn___ who has reason to believe that
(name, description and or location)

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

in the jurisdiction of this Court, there is now concealed a certain person or property, namely (describe the person or property)

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

I am satisfied that the affidavits(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before    |FEB 27 2009
                                                                          (Date)
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search ☑ (in the daytime - 6:00 A.M. to 10:00 P.M.) ☐ (at any time in the day or night as I find reasonable cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to the undersigned U.S. Judge/U.S. Magistrate Judge, as required by law.

FEB 17 2009

Date and Time Issued
ALAN KAY
U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

at Washington, D.C.

Signature of Judicial Officer

01424

AO93(Rev.5/85)Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)
THE WEBSITE LOCATED AT URL
http://www.thepay.biz/
IP Address: 66.226.64.49
located at Abacus America
10350 Barnes Canyon Road
San Diego, CA 92121

### SEARCH WARRANT

CASE NUMBER: 09 - 088 - M - 01

TO: _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by SSA Matthew Dunn   who has reason to believe that
(name, description and or location)

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

in the jurisdiction of this Court, there is now concealed a certain person or property, namely (describe the person or property)

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

I am satisfied that the affidavits(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before _____ FEB 27 2009 _____
(Date)
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search ☑ (in the daytime - 6:00 A.M. to 10:00 P.M.) ☐ (at any time in the day or night as I find reasonable cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to the undersigned U.S. Judge/U.S. Magistrate Judge, as required by law.

FEB 17 2009   11:25 AM
_____
Date and Time Issued
ALAN KAY
U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

at Washington, D.C.

_____
Signature of Judicial Officer

01368

AO 93 (Rev. 01/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

### for the
### District of Arizona

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| (Briefly describe the property to be searched or identify the person by name and address) | ) ) ) | Case No. |
| 5750 North Desert Pine Road Rimrock, Arizona 86335 | ) ) ) | 10-4006 MB |

## SEARCH, SEIZURE AND FORFEITURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Arizona
*(identify the person or describe the property to be searched and give its location):*

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search, seize and hold for possible forfeiture proceedings the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _Janu~ 27, 2010_ *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge

_____
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30).*
☐ until, the facts justifying, the later specific date of _____

Date and time issued: _1-13-10  1:05 p.m._        _[signature]_
                                                   _Judge's signature_

City and state:    Flagstaff, Arizona        MARK E. ASPEY, U.S. Magistrate Judge
                                             _Printed name and title_

# UNITED STATES DISTRICT COURT

for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of. | ) |
| (Briefly describe the property to be searched or identify the person by name and address) | ) |
| | )    Case No.   10-04017MB |
| 5750 North Desert Pine Road Rimrock, Arizona 86335 | ) |
| | ) |

## SEARCH, SEIZURE AND FORFEITURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Arizona
(Identify the person or describe the property to be searched and give its location):

See Attachment A

The person or property to be searched, described above, is believed to conceal (Identify the person or describe the property to be seized):

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search, seize and hold for possible forfeiture proceedings the person or property.

YOU ARE COMMANDED to execute this warrant on or before _____ 2-16-10 _____
(not to exceed 14 days)

[X] in the daytime 6:00 a.m. to 10 p.m.    [ ] at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
_____
(name)

[ ] I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized (check the appropriate box) [ ] for _____ days (not to exceed 30).
[ ] until, the facts justifying, the later specific date of _____

Date and time issued: 1-22-10  3:40 AM

City and state:   Flagstaff, Arizona _____

_____
Judge's signature

_____
MARK E. ASPEY, U.S. Magistrate Judge
Printed name and title

01235

AO 93  (Rev. 01/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>2007 Kenworth W900 Semi-Tractor/Truck<br>VIN #1XKWD48X87R185271, Unit #157 | )<br>)<br>)<br>)<br>)<br>) Case No. 10 - 4091MB |

## SEARCH, SEIZURE AND FORFEITURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Arizona
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search, seize and hold for possible forfeiture proceedings the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before     3 - 3 - 10
                                                                                                                 *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10 p.m.        ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
_Mark E. Aspey_
        *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                                                                                 ☐ until, the facts justifying, the later specific date of _____

Date and time issued:   2-17-10  3:20 P.M.           _Mark E. Aspey_
                                                                                        *Judge's signature*

City and state:      Flagstaff, Arizona               MARK E. ASPEY, U.S. Magistrate Judge
                                                                                 *Printed name and title*

# OFFICERS - TRUCK SEARCH

ICE Leon

ICE Koski

Flagstaff PD Det. Coules

DPS Sgt. Elliot

4 DPS Officers (no names)

# OFFICERS - HOUSE SEARCH

ICE Leon

ICE Koski

USMS Larson

USMS Noble

USMS Hitchler

Flagstaff PD Buckley

Yavapai County Det. Johnson

Yavapai County Deputy (no name)


G - Believed to be Master Bedroom

H - Believed to be Office

## NOTICE OF PROOF OF SERVICE

I hereby certify that on this <u>9th</u> day of <u>November</u> 20<u>16</u> the original

plus <u>one</u> copies were mailed to:

<u>Clerk of the Court</u>          and one copy to: <u>U.S. Dept of Justice</u>

<u>401 West Washington St. Room</u> 130         <u>Heather Sechrist</u>

<u>U.S. Courthouse SPC 10</u>            <u>Assistant U.S. Attorney</u>
                                          Two Renaissance Square
<u>Phoenix, AZ 85003-2119</u>           <u>40 North Central Ave. Suite</u> 1200
                                          Phoenix, AZ 85004-4408
ATTN: Clerk of the Court, would you please stamp one copy "Filed" and return
                          Richard L. Self
to me as my reciept.      Reg. No. 30099-008
                          FCI Englewood
                          9595 West Quincy Avenue
                          Littleton, CO 80123

## CERTIFICATE OF SERVICE

PURSUANT TO

FEDERAL RULES OF CIVIL PROCEDURE, RULE 5

I <u>Richard L. Self</u>, swear under the penalty of perjury that I served

the above attached <u>60(b) Motion</u>, placing said documents in the

U.S. Mail postage pre-paid, at <u>Littleton, CO  80123</u>.

## DECLARATION UNDER THE PENALTY OF PERJURY

The undersigned declares under the penalty of perjury that I am the applicant

in this action, that I have read this application, and that the information

contained in this application is true and correct pursuant to 28 U.S.C § 1746

and 18 U.S.C. § 1621.

Dated this <u>9th</u> day of <u>November</u> 2016

Respectfully Submitted,