THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE ___CIV P. 5.4, 7.1(a)(1)___
          (Rule Number/Section)
          7.1(b)(1)

FILED ___   ___ LODGED
___ RECEIVED   ___ COPY

DEC 1 2 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ E DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

RICHARD LARRY SELF,           )
          Petitioner,         )
                              )
V.                            )    DC No. 3:13-cv-08199-PCT-DGC
                              )           3:10-cr-08036-PCT-DGC
UNITED STATES OF AMERICA,     )
          Respondant,         )
                              )

---

## 60(b) (6) MOTION (OTHER)

---

**NOW COMES;** Richard Larry Self, A pro se litigant with a 60(b) (6) motion. (hereinafter petitioner).

It would seem there was some misunderstanding, and confusion on the part of the petitioner over the time limits inpost on 60(b) motions. The petitioner was of the understanding that final judgement came from the Appeals Court, not the District Court, and that a litigant could not make a motion while case was under Appeal review, with out the Appeals Court's permission to file a motion.

The petitioner hopes the Court will except this motion under 60(b)(6).

It would seem there was a lot of confusion over petitioners wording or lack of wording in his other briefs, were he must have been misunderstood, in his 28 U.S.C. §2255 pleading. I will try to do better with this motion.

See **Pierce V. Alameida, 416 Fed Appx 664, 665 (9th cir. 2011)(unpublished)** (Quoting **Resnick V. Hayes, 213 f.3d 443, 447 (9th cir. 2000);** ( a court must liberally construe pro se pleadings, and accept as true all allegations of material fact.); See also **Amaeshi Nwozuzu V. Runnels, 338 Fed Appx 724, 725 (9th cir. 2009)(unpublished)** (Quoting **Bernhardt V. L.A. County, 339 F.3d 920, 925 (9th cir. 2003);** corts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints. Also in **Karim-Panahi V. Los Angeles Police Dep't, 839 F.2d 621,623 (9th cir. 1988)** (In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff of any doubt.");

Under these presidence the petitioner does not want this pleading to be misconstrued as a second and successive 2255 motion, and that this will be treated as a 60(b) motion as intended.

(1)

In all of the preseeding briefs written by the petitioner, he showed that the warrants were without **particularity**, and were no more than a general warrant and illegal. This information was included in a letter to the Judge, written before sentencing (see doc 96 03/14/2011 Pg. 5). The Court can plainly see that the petitioner has repeatedly brought this to the Courts attention, and has been ignored.

The warrant executed on the petitioners home was authored by Christopher Shrable, and sworn to by the same. (see warrant 10-04017MB affidavit, pg 36, Dated January 27, 2010). Signed by Magistrate Judge Mark Aspey.

On the face of the warrant were it states persons or places to be searched, it states "SEE ATTACHMENT A" and were it states persons or things to be seized, "SEE ATTACHMENT B", and no where does it mention a affidavit. See **United States v. Sedaghaty**, 728 F.3d 885, 925 **(9th cir 2012)**(Quoting **Doe v. Groody**, 361 F.3d 232, 239-41 **(3rd cir 2004)** "It is simple logic that when an affidavit is not incorporated then law enforcement is precluded from relying upon it and to do so would exceed the scope of the warrant".

Altogether there were eight warrants issued is the case at bar. Two for the petitioners home, (one was not executed and returned to the court). The one executed was 10-04017MB, and one for the cab of the semi truck 10-04021MB, dated January 27, 2011, and February 17, 2011 respectively. Both only mentioned, see Attachment A or see Attachment B. Nothing in the order of the affidavit was mentioned. But the other five written by agent Matthew Dunn, all mentioned the affidavit. See warrants 09-086-M-1, 09-087-M-1, 09-088-M-1, the wording on the face of the warrant states, "SEE ATTACHED AFFIDAVIT HERE INCORPORATED BY REFERENCE AS FULLY RESTATED HEREIN". This was in both locations (description and location) and (persons and property). Warrants 08-716-M-01, and 08-717-M-01, state "SEE ATTACHMENT A TO THE ATTACHED AFFIDAVIT HERE IN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN" for (description - location) and same wording but using "ATTACHMENT B" for (persons - property to be seized).

**Massachusetts v. Shappard**, 468 U.S. 981, 82 L. Ed. 2d 737 (1984); "[A] warrant that fails to conform to the **particularity requirement** of the Fourth Amendment is unconstitutional" (emphasis added); **Groh v. Ramirez**, 547 U.S. 551, 137 L. Ed. 2d 1068 (2004) "The fact that the application adequatly discribed the "thing to be seized" does not save the warrant from facial invality. The Fourth Amendment by its terms require **particularity** in the warrant, not some supporting documents."...most Federal Courts of appeals have

held that a court may construe a warrant with reference to a supporting application or affidavit if (1) the warrant uses appropriate words to incorporate, or (2) the supporting documents accomponies the warrant, (emphases added).

It also states in the Federal Rules of Criminal Procedure 41(f)(2)(A): Contents of warrant: Warrant to search for and seize a person or property, except for a tracking - device warrant: The warrant must identify the person, or property to be search. Identify any person or property to be seize, and designate the magistrate judge to whom it must be returned.

Also in Rule 41(f)(1)(B) Inventory: An officer executing the warrant must prepare and verify an inventory of the property seized. The officer must do so in  the presence of another officer and the person from whom, or from whose premises, the property was taken. (emphases added). In this rule it would seem the affidavit or at least the attachments would be needed to verify all the items seized were listed with particularity, and just a general rummageing in the persons belongings took place.

The petitioner was not at home when his home was searched, but neither was the attachments that were incorporated in the warrant, nor was the affidavit incorporated in the warrant for the truck.

Agent Christopher Shrable wrote and swore by oath to the application and affidavit for the warrant to the petitioners home, but Agent Shrable was not at the search of the petitioners home, so knowledge cannot be used. Under testimony given by Agent Shrable at trial he was on authorized leave at the time of the search on the petitioners home and the search of the semi truck. (see day two trial 11/18/2010).

Eight officers were at the search of the petitioners home, Two ICE Agents, Koski, and Leon. Three U.S. Marshals, Larson, Noble, and Hitchler. One Flagstaff P.D. officer Buckley. One Yavapai County Detective, Johnson. And one Yavapai County Deputy Sheriff officer,' (no Name), That is a lot of officer conducting a search with no knowledge of the warrant, Affidavit, or attachments. A good reference for this is **United States V, Allen, 625 F.3d 830, 836 (5th cir 2010)**; "furthermore, agent Stone, the agent in charge, made certain that those taking part in the search reviewed the warrant, affidavit, and attachments and were familiar with what could be seized." (emphasis added). This Fifth Circuit case looked like it is the proper procedure for familiarizing other officers with what could be seized.

There are nine circuits that say the affidavit should be referenced with

proper words of incorporation, and the affidavit should be attached to or at least physically at the execution of the warrant. The Ninth Circuit is one of the nine circuits.

Even in the case the government like to reference; **United States v. Grubbs**, 547 U.S. 90, 164 L. Ed. 2d 195 (2004) The referenced attachments were attached to the warrant even though the affidavit was not Id at 200-201.

The Court can see by the agents own testimony they knew the affidavit was to be attached to the warrant, and at a minimum the attachments there self. Agent Shrable wrote a 36 page affidavit plus the attachments to the affidavit, and agent John Koski wrote a 54 page affidavit plus attachments to the affidavit. So both were very familiar with warrants and agent Koski knew that the affidavits were needed at the search to be in compliance with particularity clause of the Fourth Amendment, so neither agent Shrable or Koski as lead agents would be eligable for the "Good Faith Exception.

See **al-Kidd v. Ashcroft**, 580 f.3d 949, 971 (9th cir, 2009) (Quoting Stanford v. Texas, 379 U.S. 476, 481, 13 L. Ed. 2d 431 (1965)); The Fourth Amendment "reflect[s] the determination of those who wrote the Bill of Rights that the people of this new nation should 'be secure in their persons, houses, papers, and effects' from intrustion and seizure by officers acting under unbridled authority of a general warrant."

So the warrants executed on the petitioners home and the semi truck he was driving were no more than a general warrant, and therefore unconstitutional.

This violation was either ignored, or just plainly not wanting to go into by the government or the Magistrates Court or the District Court, for like forementioned this was first brought to the Courts attention in a letter from the petitioner to the Judge then on every brief and argument in the process of the 2255. The government and the Magistrate did slightly mention it in their answer to the petitioners brief. But they used a Fourth Circuit case to back their answer, see **United States v. Hurwitz**, 459 f.3d 463, 472 (4th cir, 2006) BUT SEE, **United States v. SDI Future Health, Inc.** 568 F.3d 684, 690 (9th cir. 2009); the passage is only logically applicable to the second prong of the Kow test, that "the affidavit either [be] attached physically to the warrant or at least accompan[y] the warrant, while agents execute the search."

Most Courts consider an affidavit to be part of the warrant, and therefore potentially curative of any defects, only if (1) the warrant expressly incorporates the affidavit by reference, and (2) the affidavit

either is attached or at least accompanies the warrant while agents execute the search...**particularity** means that the warrant must make clear to the executing officer exactly what it is that he or she is authorized to search for and seize.

Where a warrant is defective without incorporating a supporting affidavit, the good faith exception may still apply. However the government must show that the officers executing the search **actually relied on the affidavit.**

Were in the case in bar they cannot. The affidavit, attachments, nor the Agent that authored the application and affidavit was not present, at the execution of the search, so the officers were not able to familiarize them selves with the affidavit, attachments, or the warrant. It is the understanding of the petitioner that the binding presence for this circuit is with the Supreme Court, and then the NInth Circuit rulings. The petitioner has shown by binding presence that his Fourth Amendment right to be free from general intrusion and seizure was violated, because of the Particularity Clause of the Fourth Amendment. **Massachusetts V. Sheppard, 468 U.S. 981, 82 L. Ed. 2d 737 (1984):** "[a] warrant that fails to conform to the **particularity requirement** of the Fourth Amendment is unconstitutional." (emphasis added).

In the dissent by Stephen Reinhardt he stated in **United States V. Kriesel. 720 F.3d 1137, 1147-48 (9th cir. 2012);** "The majority's opinion illustrates the failure of todays judiciary to stand up to clear abuse of government authority as well as its unwillingness to protect the fundamental right of privacy of all Americans. Judges have come to place their reliance on what the government tells them, rather than on what the Constitution requires. Courts have grown more and more lax in curtailing the excesses of law enforcement, and judiciary's record in protecting privacy rights has become wholly unsatisfactory. No other case, however, reflicts a greater surrender on the part of the courts of the citizens' right of privacy simply because it is told "Trust Your Government," as far as I am concerned, the constitution demands more.

### VINDICTIVE PROSECUTION:

Prosecutoral Vindictiveness (1968) Criminal Law; "The act or instance of intentionally charging a more serious crime or seeking a more severe penalty than proper, esp. in relation for a defendant's lawful exercise of a constitutional right. (Black's Law Dictionary, 10th Edition, 2014, Thomson Reuters)

The original indictment was filed on March 9, 2010. Four counts of

28 U.S.C. §2252(a)(5)(B) and 2256. On 04/06/2010 the first plea bargin offer was made, and rejected, (see enclosed exhibits). The was even marked by defense attorney "Go To Trial". Over the next few months there were at least once a month offer of a plea, never accepted. Then in September of 2010 defense counsel received a notice from the AUSA that they were going to supersede the indictment because new evidence. The transportation evidence, which they already had, see the search warrant affidavit page 1 paragraph 3 it plainly refers to 28 U.S.C. §2252(a)(1), and 28 U.S.C. 2252A(a)(1), dated February 17, 2010. So as the court can see the discovery was not just found.

The AUSA states she wanted to use the stories found to show KNowledge, identity, and possession by the petitioner, and that he was a collector and author of child pornography. The AUSA never at no time poffered any evidence that the stories were the petioners. She had a witness Dean Sehm state the the petitioner was an author, but never seen anything he wrote or ever seen him writing any thing. Nothing was ever introduced to show that petitioner was a author, and had written anything. Some of the stories were to have had handwritten corrections on them, but no handwriting evidence was ever introduced to show that the handwriting was that of the petitioner. At the detention hearing on March 18, 2010 judge Mark Aspey elected testimony from agent Schrable that forensic handwriting was being done. (se detetion hearing March 18, 2010). The house was always full of people that either lived there or had keys to come and go as they pleased, and no one could testify that they had seen the petitioner write anything or had seen him writing anything.

The forensic handwriting results was never introduced at trial, even though this would have been considered Brady evidence, and should have been given to the defense. The only reason the petitioner can see that it was not introduced was because the petitioner was escluded same as with the fingerprint evidence. There was no evidence introduced that the stories were ever written on any of the computers tested, only print out found in plain sight in a room the prosecution labeled office, but no one ever seen them. Also none of the computers had Word Perfect in them at any time,

The only handwriting ever testified to was by Shari Self Petitioners ex-wife, and she had not seen the petitioners handwriting in 9-months, and was only subject to it in a few fast written shopping list.

Fed. R. Evid. 701 governs lay witness opinion testimony generally and and dictates that such testimony must meet three requirements, including that the testimony must be rationally based on the perception of the witness. Fed. R. Evid. 701(a). Fed. R. Evid. 901 (b)(2) is a more specific rule, governing

lay witness opinion testimony as it relates to the identification of writing. This rule requires that non-expert opinion testimony as to the **genuineness of handwriting** must be based upon familiarity not acquired for purpose of the litigation. Thus, testimony purporting to satisfy the specific requirements of Fed. R. Evid.901(b)(2) must also satisfy the general requirements in Fed. R. Evid. 701. If either rule is not satisfied, the testimony is inadmissible.

Shari Self, petitioners wife of only four months, only familiar with a few rushed handwritten shopping list, or notes left for things to do, and had not seen his writing for 9 months was only able to identify one CD, that "Ricks file was written on, Wonder why only that one, "ricks files". No other item was identified by any one as to the handwriting but yet everything was admitted anyway.

**United States V. Jenkins, 504 F.3d 694 (9th cir. 2007);** to establish a presumption of vindictiveness, a defendant need not show that the prosecutor acted in bad faith or that he maliciously sought the indictment, rather, the defendant must demostrate a reasonable likelihood that the government would not have brought the charges had she not elected to exercise a protected right. **United States V. Burt, 619 F.2d 831, 836 (9th cir, 1980)(citations omitted);** a demonstration that "the prosecution in fact acted with malicious or retaliatory motive," is not required. Id rather, vindictiveness is infered. The burden then shifts to the prosecution to prove that the increase in the severity of the charge did not result from vindictive motive.

Petitioner believes he has shown the infered vindivtiveness, and maliciousness of the prosecutor with the superseding indictment.

### PROSECUTORAL MISCONDUCT:

Prosecutoral Misconduct (1983) Criminal Law. A prosecutor's improper or illegal act (or failure to act). esp. involving an attempt to avoid required disclosure or to persuade the jury to wrongly convict a defendant or assess an unjustified punishment. If prosecutoral misconduct results in a mistrial, a later prosecution may be barred under double jeopardy clause. (Black's Law Dictionary, 10th Edition, 2014, Thomson Reuters).

First the prosecutor did not surrender all Brady Discovery, asked for in the letter requesting all Brady Discovery. Dated March 23, 2010. (note the elected testimony by agent Shrable as to the testing being done.)

When the question as to the handwriting came (by the prosecution) and only one item out of several items with writing on them, a sample should have

been given to the court for its or the juries comparison, not only on the item that was identified but more so for the items that were introduced as evidence, that were never identified. 28 U.S.C. §1731 Handwriting; The admitted or proved handwriting of any person shall be admissable, for purpose of comparison to determine genuineness of other handwriting attributed to such person. See **United States V. Alvarez-Farfan, 338 F.3d 1043, 1045-46 (9th cir. 2003)**(Quoting **United States V. Woodson, 526 F.2d 550 (9th cir. 1975);** The law on handwriting comparison is plain. In the absence of extreme or unusual circumstances... We see no reason why handwriting comparison cannot be made by jurors, and conclusions drawn from them, either in the presence or absence of expert opinion. See also **Scharenberger V. Wingo, 542 F.2d 328 (6th cir. 1976);** Trial judge has the responsibility to determine whether genuineness of handwriting exemplars is sufficiently proved. By not taking these steps the petitioners SUBSTANTIAL RIGHTS were violated.

The fact that the prosecutor used testimony from a witness that had not seen any writings of the petitioner, (unless shown and told the it was the petitioners) in over 9-months. and could not remember how to open her computer that she used every day for more than a year. See **United States V. Woodson, 526 F.2d 550 nl (9th cir. 1975);** The rules of evidence ordinarily do not permit witnesses to testify as to opions or conclusions. An exception to this rule exists as to those we call "expert witnesses."

**United States V. Alvarez-Farfan, 338 F.3d 1043, 1046 (9th cir. 2003);** we are persuaded that a reasonable possibility exists that the error materially affected the verdict.

This error also effects Alvarez's SUBSTANTIAL RIGHTS, as the handwriting comparison provided Alvarez with his only means to undermine, and perhaps discredit altogether, Rivera's testimony...(emphasis added).

As in the case at bar the hand writing comporison was the only way to discredit the evidence, being there was handwriting on the stories, CD's and thumb drives, and only one item out of all the items presented as evidence was said to be the handwriting of the petitioner.

The Stories, CD's and Thumbs should never had been admitted with out first proving the items were the property of the petitioner, which the prosecution did not do, and could not do, so they were admitted under the admission of the one CD that was said to contain the petitioners handwriting, but even that should have been in question because she could not identify any other. So the Admission of the unsubstantiated evidence was very pejudicial.

The prosecutor misrepresented the DNA information she give the jury in regards to the time period it takes to test, as the reason they did not have the DNA tested. (see day two trial 11/18/2010 pg 397-98). Were defense counsel asked about the cellular material located on some of the storage devices and adaptors. Then on re-direct the prosecutor elected testimony from Agent Schrable, about the time to process DNA. He stated it took 6-months to years. Were in reality it only takes on the normal around 30-days to process. See **Maryland V. King, 186 L. Ed. 2d 25 (2013);** DNA identification data base samples have been processed in as few as two days in California, although around thirty day have been the average.

Secondly they told the court and jury that they only received the DNA information just prior to trial. This was not true, the DNA material was found on 02/18/2010.

Granted there is not a statute that mandates the government to test DNA, although the Supreme Court has said it is sometimes the only way to identify someone. Again identity was a big factor in this case, specially with the handwriting and the DNA, to identify the person that in reality owned those objects.

In criminal law identity is a big factor, one of the most important things to do long before trial begins.

- The letter or notice the government was refering to was to do the testing not a notice of DNA being found. Stating all they needed was a purple top tube of blood from the petitioner, and a signed authorization to use the evidence for testing from the U.S. Attorney. This same letter also showed that Richard Larry Self was Excluded in the fingerprint testing.

This is also ASSISTED MISREPRESENTATION

Assisted Misrepresentation: (1899) Criminal Law. The act of contributing by word or conduct to anothers misrepresentation so as to give an impression of credibility. (Black Law Dictionary, 10th Edition, 2014, Thomson Reuters).

In an article written by Douglas A. Bermon, from the Moritz Collage of Law at ohio state university, entitled Why Police lie under oath and challenges involving criminal law. Published February 3, 2013. "Thousands of people plead quilty to crimes every year in the United States because they know that a jury believing their word over a Police officer are slime to none."

- Misrepresentation by agent Schrable is nothing new. In the detintion hearing of the petitioner, he lead the court to believe that he was at the search of petitioners home and semi truck, and that he talked to the

petitioners wife several times between the search of the house and the semi truck search, when in reality he was on authorized leave, and petitioners wife was on the truck with him from before the search of the house and the search of the truck on February 18, 2010. She did not leave the truck until February 19, 2010.

Both the prosecutor and agent Schrable knew they were misleading the jury. The petitioner believes he has shown the misconduct by both the agent and the prosecutors misconduct and assisted misrepresentation to the jury.

**ABUSE OF DISCRETION:**

Abuse of Descretion; An adjudicator's failure to exercise sound, reasonable, and legal decision-making. (Black's Law Dictionary, 10th Edition, 2014, Thomson Reuters).

On November 10, 2010, the petitioner for the first time ask for a subsitute counsel, which was promptly denied. After asking petitioner why he needed to subsitute counsel, where the petitioner lost trust in counsel and there had been a long period of non-communication, the Court remarked.

COURT: "In fact, I knew Ms. McClellan before she went to the Public Defenders office. She and I worked at the same Law Firm some years ago and she was a terrific lawyer then as well.

So I really don't have a basis for concluding that we should change counsel.

I have listen to what you said. I certainly understand your concerns about trial, but I think you have a good lawyer who will present the best defense you could have

DEFENDANT: " She's on her own, then"

COURT: "Well, if you say she's on her own, thats going to be your decision, but you need to provide what help you can during the course of the trial"

Two things here, First, The court must not heard the petitioner when he stated he had given her evidence to use and a list of potential witnesses, and about the lack of communication between defendant and counsel. Were she refused to listen to defendant about going to trial, denying the defendant of a speedy trial, and getting his charges superseded. Secondly, The Court was plainly advocating for an ex-work mate, friend, and lawyer.

Petitioner was therefore made to go to trial with an incompetent, unprepared. attorney, that petioner had no trust in and no communication with.

(10)

See **Daniels V. Woodson**, 428 F.3d 1181, 1196-97 (9th cir. 2005); The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right to...have the Assistance of Counsel for his defense. "U.S. Constitution Amendment VI. This right has two componets: (1) the right to counsel's undivided loyalty, **Wood V. Georgia, 540 U.S. 261, 272, 101 S. Ct. 1097, 67 L. Ed. 2d 220 (1981)**, and (2) the right to reasonably competent counsel, **McMann V. Richardson, 397 U.S. 759, 770-71, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1980)**,,,A defendant has a Sixth Amendment right to conflict-free representation. **United States V. Moore, 159 F.3d 1154, 1157 (9th cir. 1998)**...Nevertheless, were a court "compel[s] one charged with [a] grievous crime to undergo a trial with the assistance of an attorney with whom he has become embroiled in [an] erreconcilable conflit [it] deprive[s] him of the effective assistance of any counsel whatsoever." **Brown V. Craven, 424 F.2d 1166, 1170 (9th cir. 1970)**.

"WE have held that a defendant's right to the effective assistance of counsel is impaired when he cannot cooperate in an active manner with his layer. The defendant must be able to provide needed information to his lawyer and to participate in the making of decisions on his own behalf." **Riggins V. Nevada, 504 U.S. 127, 144, 112 S. Ct. 1810, 118 L. Ed. 2d 479 (1992)** See also **Schell V. Witek, 218 F.3d 1017, 1025 (9th cir, 2000)(En Banc)**; "before the District Court can engage in a measured exercise of descretion, it must conduct an inquiry adequate to create a 'sufficient basis for reaching an informed decision.'"

It is a violation of the Sixth Amendment to improperly deny a motion to substitue counsel in a criminal matter and an error that must be reversed, regardless of whether prejudice results. **United States V. Adelzo-Gonzalez, 268 F.3d 772, (9th cir, 2001)**

A court may not deny a motion for substitution of counsel in a criminal matter, simply because it thinks current counsel's representation is adequate.

It was also improper for the court to allow the government to introduce the stories, CD's, and thumbs without first proving they were the property of the petitioner. There was never any handwriting exeplars or evidence shown that they were the property of the petitioners. There was a forensic handwriting analysis done, but was not introduced. there was DNA, which the government never tested to prove identity, and the petitioner was already excluded by fingerprints. The pictures of the defendant were not conclusive to possion because, there were pictures of every person that had access to

the home.

Also the stories had nothing to with the charges of transportation and possission of child pornography. It was used only to show the petitioner as a bad person, and there was no evidence given to show that even if the stories were the petitioners, they would cause the petitioner to accually committ the crimes charged, and they were not illegal at the time of this case, and were still protected under the First Amendment of the Constitution. See **United States V. Brown, 880 F.2d 1012, 1014 (9th cir. 1988);** Under rule 404(b) evidence of a defendants prior crimes or wrongful acts may not be introduced to show that the defendant has bad character and is therefore more likely to have committed the crime with which he is charged.

All evidence in this case was dependent on identity. The stories, CD's and thumb drives all had handwriting on them, were handwriting testing was done by the government, but was not given as Brady evidence to the defense nor was it introduced into court, other than by testimony by petitioners ex-wife, were they had only been married for 4 months and she had not seen any writing, printing, or in any other form, in over 9 months, and then she could only reconize one, the CD that said " Rick's Files" (wonder why that is???). See **United States V. Woodson, 526 F.2d 550 n1 (9th cir. 1975);** The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses.

Also by the court allowing evidence to be introduced without first showing possession or ownership was a violation of the petitioners substantial rights.

See **United States V. Johnson, 439 F.3d 824 (8th cir. 2006);** Rule 404(b) excludes evidence of specific bad acts used to circumstantially prove that a person has the propensity to committ acts of the crime.

In the absents of any other prove of possession or ownership of the items introduced, the court should have had proven exemplars of the petitioners handwriting for comparison by either the court or the jury for genuineness, or even once the court was aware that there was DNA cellular matter available had it tested, for it would seem that after the fingerprint excluded the petitioner it would have raised flags, for if the petitioner had a "secret" as the government sujested, how would anyone one get there fingerprint or DNA cellular matter on the, or some of the objects introduced. Also Shari the petitioners ex-wife had alredy testified that the petitioner

would never allow anyone to touch his CD's and thumbs.

**CONCLUSION:**

The petitioner believes he has shown the violation of particularity in the warrant executed on his home, and semi truck he was driving.

The petitioner believes he has shown the vindictiveness and misconduct by the prosecutor.

The petitioner believes he has shown the abuse of descretion by the court, in not allowing a substitution of counsel, when it was aware that there was a lack of communication, and a lack of trust, not being allowed to participate in any of the decision making in his case, it was always "my decision to make.

The petitioner believes he has shown that the very prejudicial evidence were introduced without any kind of proof the items were the petitioners.

Trial **judge has responsibility** to weigh evidence and set aside jury's verdict when, in his conscientious opinion, verdict is contrsry to weight of evidence. **Cecil Corley Motor Co. V. General Motors Corp. (1974, MD Tenn) 380 F Supp 819, 1974-2 CCH Trade Cases ¶ 75175**

The petitioner believes he has shown that the very prejudicial evidence was never proven to be his, and should never have been introduced as evidence.

Because of this the petitioner believes his case should be reversed and vacated, because of the Fourth Amendment Particularity violations, and evidence never proven to be in the possession of or the petitioner, or that he was the owner of the evidence. All items were either in an area that his ex-wifes belongings were or in an area shared by many in the house hold, possession and identity was never proven.

I pray the Court will except this motion, and see the mistakes, misconduct, vintictiveness, abuse of descretion, and Fourth Amendment violations, and reverse and vacate.

Submitted on this _____ day of _____, 2016

_____
Richard Larry Self
REG. NO. 30099-008
FCI Englewood
9595 West Quincy Avenue
Littleton, CO 80123
Pro Se Litigant

LODGED
RECEIVED          COPY

MAR 1 4 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

MARCH 5 2011

Honorable David G Campbell
United States Court
401 W Washington St. Room 603
Phoenix, AZ 85003

CR 10-8036-01-PCT-DGC

RE: United States v Richard Larry Self
CR-10-8036-PCT-DGC

Honorable David G Campbell
ON NOV 17 2010 I came into your court electing my Right to a fair hearing by jury. The jury, I got, but I don't see the fair hearing. When I was not allowed to call witnesses in my behalf, I could not testify for myself. I asked the court on two different occasions, but was denied both times. As a result my public defender never give me a defense, see never given crossexamed witnesses. So Dean Sehm was allowed to enter purjered testimony, and Shari Jeanne self was allowed to purjure herself with coached testimony.

SHARI Jeanne Self suffered a stroke, a few years earlier, that effected her short term memory. She has to write down day to day things to do or she forgets. I think you can remember she could not remember how to open the computer she used for over a year every day

My public defender Jane McClellan knew all of this information and still did not crossexam. Shari had already lied in two different courts in two counties Yavapai county and Mohave county. Jane knew this and had the paperwork, and still did not crossexam

Jane McClellan never interviewed any of my proposed witnesses, she put off hearing dates, without talking to me about it. There was never any communication between us. She spent more time conspiring with the U.S. Attorney than she did talking to me, about the case. I think this case was way over her head. She admitted to me she had no computer knowledge and little skill will one, she had a expert check my computer, but never used any info she told me from the time we meet. She thought I was

Case 3:13-cv-08199-DGC   Document 42   Filed 12/12/16   Page 15 of 40
Case 3:10-cr-08036-DGC   Document 96   Filed 03/14/11   Page 2 of 7

②

Zesity. never once did She listen to what I Had to Say and
The Theories I Had on How this Came about.
   I believe it Says in The 6th Amendment. I Have To Right
to Procure witnesses And Have the assistence of Counsel.
websters dictionary defines assistence as: to support, Help, Aid,
when, what She wanted. She always did
   And Now in The Probation Report She is allowing them to attack
my Two Daughters. Dawn is Downs syndrom. And the sunshine of
my life. when you ask Her Leading questions The answers will
always be yes. And Robin has Not Lived in my House Hold
from the Time She was 18 (1990) until late 2007 when Her and Her
Husband were getting a divorce. She Helped with Her mother in
the last few months of Her life. I Have done nothing but be
there for my kids all 2 of Them. Even the one thats caused
all of This Trouble. it is Not The First Time Berneta Sehm Has
Tried to get me or Her mother in Trouble. She Had it in mind if
She could break us up She could get Her mom and dad back to-
gether. No milum i owe nothing or have a copy given to me.
   Dean Sehm Has not been in my House since August 2006
The Last Time Berneta Sehm (step-Daughter) was in my House
was on august 23, 2007 when She Forced Her mom out of Her
House of Her Death Bed and Took Her to a Notory and Had a
Paper Signed that Berneta Her self wrote. 23 days later Her
mother passed. prior to that the last Time She was at my
Home was august 2006. And since She Has not been in my
Home.
   Like it never was brought up in court by my Public
Defender. That the Case in question. And usb Thumbs were not
at my. I only owned Three Thumbs Not The 14 or so depicted
in court. (This could Have been Proven by witnesses) the Case was not
was impossible For me if They would Have Done the math. I
give it to my Attorney, 371 miles From Henderson NV To Phoenix AZ.
Traveling US. 95 To US 62 — into Parker Arizona. Continuing on Arizona
95 To I 10 at Quartzite. Then east on I 10. To 5th Ave Exit. 90 to
F. This is Two Lane Rd. I drive This in 5.5 Hours That Averages
67 miles per Hour. That would never give me the Time it
would Take to Find a place along 2 Lane Hwy To Safely Pull

Case 3:12-cv-08199-DGC   Document 42   Filed 12/12/16   Page 16 of 40
Case 3:10-cr-08036-DGC   Document 96   Filed 03/14/11   Page 3 of 7

3

to get the equipment out, set it up, get on my ISP. Then onto the selected site, do a 8 min download. Once you leave searchlight NV. Till you get to quartzite there is very little phone service, Jane never brought any of this up.

I had witnesses to prove I was no writer, that I am a very computer dumby. I always had to get one of my kids to show me. I never even owned a computer until March 2008. The desktop was my wife's and she had a laptop that was given to Dawn I never thought I would need one. Then my wife of 35 years died and left everything for me to do, I don't know how I would of managed with out my kids, specially my son tomas and Daughter-in-law Dawn. That have lived with us or us next door for 30 years. And my Daughter Robin Dawn. And now she's beemg persecuted for doing it by Her Half-sister.

All of this Bay Beinetes and Dean Schma to get Guardianship of Dawn. Its Funny she was making commits about me being in trouble days before the 1st second of my sence. And her fibing with the courts, starting in Maricopia county, Surprise court. Were they found nothing wrong and refused her custody, then all of a sudden I'm arrested And she filling in yavapai court using the molestation and other charges against me. There was never no molestation a the hearing at Surprise. Add info here.

Jane didn't bring up the fact I never even carried my thumbs on disc on the truck for fear of them getting damaged, lost, or stolen. And the fact that they had been missing for the prior 3 weeks, or of the fact that Dean Schma works appront 2 blocks from where I did. He was a top tier with Ryder trucks, winning many awards for this, and our trucks are kept behind a un-fenced building, going to and from work he passes with in 1/2 a block. He knew my truck and truck number. Dean Schma was also very knowlyght of the law. His father was a peace officer And corrections officer in Arizona.

I have never done anything to harm a child, mine or any one else's, I even helped raise 2 of my granddaughters. I have worked hard to make sure they had the things to be a child

to Holdin down 2 Job's or being fired for a week at a time working construction to be sure they Had the TV's, Bikes, Games. And to be Able to take them places like Sea world, marinworld africa USA, mission Bay park, mayrs mountion, to buy them the quards and Motorcycles, it should for Jen to be a child it should never Hurt. And I Have dedicated my life to my children I Have never Hurt one of them and would never do so, And if the probation dept or anyone Else would Have asked them they would Have told them so. but the only one in they talked to was Bernstein schn.

Dawn is not afraid of me, if we could be put in the Same room it would be told. And she is always asking Were Her Daddy poppa is. Me going to prison don't bother me near as much as what they are doing to Here. I was not allowed to go to the guardianship Hearing on April 13 2010 so I lost Her, now I was not given a Chance for a Jury Hearing so I will be going to prison for something I never did nor would ever think of doing. But at least I Have my families support and Knowledge I could never Hurt a child.

Sorry I sound bitter, but I seen a lot of Joults And Failures in a System I always believed in, I always fought and believed in the Constitution of this country, the Bill of rights, our civil Rights, but I also see they are out the Window also in some of the decision I seen from the Supreme court and the several court of appeals, if I might include a few:

IMBLER V PACHTMAN 424 US408 (1976): They MAY Violate Civil Rights iN INiTiATiNG Prosecution ANd presenting A CASE. They MAY Knowingly use FALSE TestiMoney. (SAME CASE)

Second CiRCuiT FEderAL COURT OF APPEAL: IMMuNiTY extends O ALL ACTiViTiES closely ASSOCiATEd with LiTigATioN OR PROTENTiAL LiTigATioN. DAViS V GRuseMEyER 996 F.2d 617 (1993)

NiNeTh CiRCuiT FEderAL COURT OF APPEAL: They MAY now nifly OFFER perjured TestiMoNy. JONES V STANkLANd 800 F.2d 310 (1987)

tenth circut Federal court of appeal. They may Knowingly File charges Against Innocent persons For a crime that Never occured. Norton V Liddell 620 F2d 1375 (1980)

what ever Happened to court ruling, like in (1803) when Chief Justice John marshall said in Mulfuny V Modison; that it was the duty of The Judiciary to say what law is including Expbounding and interpreting that Law. the Law contained in the Constitution, He said was paramount.

in a letter to James madison by thomas Jefferson Dated Dec 20, 1787. said. "A bill of rights is what the people are entitled to against Every governm̄ on Earth, General or particular, And what no Just government should refuse, or Rest on inforcence —

I was lead to believe due process of Law was garinteed in the 5th, 6th and 14th amendments and riger to protection's of illigall Search and Seizure in the 4th. but it Seems been those rights+ have Faltured.
United States V Havens (1980) Allowed Use of Illegally Abtained Evidence to contradict a defendants Testimoney

United States V Salvacci (1980) Restricted a defendants "Atomatic Standing" to Challage Search And Seizure.

Like it was my understanding under the Miranda V Arizona (1966) Ruling AN ARRESTed person must be warned of the Right to remain silent, of the Right To AN Attorney. Where one will be provided if defendant cannot Afford one. "A soon as the Arrest is made"
three facts Now, the search warent of the House did not include, the reason for the search nor the items that could be Seized, the search of the truck. I was never shown a warrent Nor a copy of one, Nor a receipt for items Seized, nor was shown from one, When our persons were searched without warrant or Arrest, copies of numbers from various cards were taken From my Wallet

And I was not given my miranda rights at time
of arrest, nor was I given an attorney when ask
Tid on 3 diffent ocation before going to court. all
of this was Brought to my public defenders attention
which she decided to ignore instead of investigate.
    Because of all the reason Ive mentioned I will
not Appeal this case, I do not Want to be put thru
the enforcement and Humiliation again, Because I
have no say so in the outcame of my life. so
I leave my life in your hands. with the Knowledge that
there is a lot of evidence for the defense that was
never produced because I had a public defender that
never wanted to go to trial, she continually tried to
get me to sign a plea agreement long before one was
even given.
    its sad to think so money are conditioned to believe
that if they go to court, that they will get a fair trial, that
they will have Justice and better yet a remody. while
only 27o might.
    its sad to see a person take his rights to a fair
hearin and be punished for doing so. its sad to see a
And be called a liar and recieve an additional 2 years
because you lost.
    I believe with a system like this we all lose
I believe as Barry Goldwater did. "Our constitutional
Government is the finist thing devised by man
Why screw with it."
    I only Hope Toni McClellin realizes how many
lives she has effected by her decesion of not defending me
effected besides my own, or is it as my grandson
dropped out of law school in his second year. (top five
in his class) Says "Grandpa Seeing what they are
doing to you I am not in close conversion I will
Law school. I was under the impression that aur
system was a system of Justice for all." He is now
in Engineering school at San diego state. (Sad)

                                        Richard Larry Self

Richard Self
3809008
C49/Central Arizon *
P.O.Box 6300
Florence, AZ. 85132

Honorable David G. Campbell
United States Court
401 W Washington St. Room 603
Phoenix, AZ 85003

85003+2156

AO93(Rev.5/85)Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of the Website
Located at URL:

http://www.easy-payments.org          **SEARCH WARRANT**
IP Address: 204.15.10.239

Located at FeBox, LLC                    08 - 7 1 6 - M - 0 1
65 Cheyenne Street
Tinton Falls, New Jersey 07712

TO: Senior Special Agent Matthew Dunn and any Authorized Officer of the United States

Affidavit(s) having been made before me by Senior Special Agent Matthew Dunn, who has reason to believe that
(name, description and or location)

SEE ATTACHMENT A TO THE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF
FULLY RESTATED HEREIN

in the jurisdiction of this Court, there is now concealed a certain person or property, namely (describe the person or property)

SEE ATTACHMENT B TO THE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF
FULLY RESTATED HEREIN

I am satisfied that the affidavits(s) and any recorded testimony establish probable cause to believe that the person or
property so described is now concealed on the person or premises above-described and establish grounds for the issuance
of this warrant.

YOU ARE HEREBY COMMANDED to search on or before _December 26, 2008_

(Date)
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and
making the search ☑ (in the daytime - 6:00 A.M. to 10:00 P.M.) ☐ (at any time in the day or night as I find reasonable
cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant
and receipt for the person or property taken, and prepare a written inventory of the person or property seized and
promptly return this warrant to the undersigned U.S. Judge/U.S. Magistrate Judge, as required by law.

DEC 1 6 2008

Date and Time Issued                         at Washington, D.C.

JOHN M. FACCIOLA                             _[signature]_
U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer           Signature of Judicial Officer

01452

AO93(Rev.5/85)Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of the Website
Located at URL:

http://www.dreamzone.cc/portal
IP Address: 216.14.123.226

**SEARCH WARRANT**

08-717-M-01

Located at eBoundHost.com
3233 N. Arlington Heights Road
Suite 203
Arlington Heights, Illinois 60004

TO: Senior Special Agent Matthew Dunn and any Authorized Officer of the United States

Affidavit(s) having been made before me by Senior Special Agent Matthew Dunn, who has reason to believe that
(name, description and/or location)

SEE ATTACHMENT A TO THE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF
FULLY RESTATED HEREIN

in the jurisdiction of this Court, there is now concealed a certain person or property, namely (describe the person or property)

SEE ATTACHMENT B TO THE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF
FULLY RESTATED HEREIN

I am satisfied that the affidavits(s) and any recorded testimony establish probable cause to believe that the person or
property so described is now concealed on the person or premises above-described and establish grounds for the issuance
of this warrant.

YOU ARE HEREBY COMMANDED to search on or before _Dec. 26, 2008_
                                                                    (Date)
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and
making the search ☑ (in the daytime - 6:00 A.M. to 10:00 P.M.) ☐ (at any time in the day or night as I find reasonable
cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant
and receipt for the person or property taken, and prepare a written inventory of the person or property seized and
promptly return this warrant to the undersigned U.S. Judge/U.S. Magistrate Judge, as required by law.

DEC 1 6 2008

_____              at Washington, D.C.
Date and Time Issued
JOHN M. FACCIOLA                     _____
U.S. MAGISTRATE JUDGE                Signature of Judicial Officer
Name and Title of Judicial Officer

AO93(Rev.5/85)Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)
THE WEBSITE LOCATED AT URL
http://www.dreamzona.cc/
IP. Address: 67.225.176.169,
located at Liquid Web, Inc.
4210 Creyts Road
Lansing, MI 48917

**SEARCH WARRANT**

CASE NUMBER:   09 - 0 0 6 - M - 0 7

TO: _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by SSA Matthew Dunn   who has reason to believe that
(name, description and or location)

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

in the jurisdiction of this Court, there is now concealed a certain person or property, namely (describe the person or property)

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

I am satisfied that the affidavits(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before ____FEB 27 2009____
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search ☐ (in the daytime - 6:00 A.M. to 10:00 P.M.) ☐ (at any time in the day or night as I find reasonable cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to the undersigned U.S. Judge/U.S. Magistrate Judge, as required by law.

FEB 17 2009   12:04
Date and Time Issued   at Washington, D.C.

ALAN KAY
U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer

01396

AO93 (Rev.5/85) Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)
THE WEBSITE LOCATED AT URL

http://www.thepay.blz/
IP Address: 67.202.92.4

**SEARCH WARRANT**

Located at Steadfast Networks
350 E. Cermak Ave, Suite 240
Chicago, IL 60616

CASE NUMBER: 09 - 0 8 7 - M - 0 1

TO: _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by SSA Matthew Dunn ___ who has reason to believe that
(name, description and or location)

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

in the jurisdiction of this Court, there is now concealed a certain person or property, namely (describe the person or property)

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

I am satisfied that the affidavits(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before ___ FEB 27 2009 _____
(Date)

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search ☑ (in the daytime - 6:00 A.M. to 10:00 P.M.) ☐ (at any time in the day or night as I find reasonable cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to the undersigned U.S. Judge/U.S. Magistrate Judge, as required by law.

FEB 17 2009   11:22 AM                at Washington, D.C.

Date and Time Issued

ALAN KAY
U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer                Signature of Judicial Officer

01424

AO 93 (Rev. 5/85) Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person or property to be searched)
THE WEBSITE LOCATED AT URL
http://www.thepay.biz/
IP Address: 66.226.64.49
located at Abacus America
10350 Barnes Canyon Road
San Diego, CA 92121

### SEARCH WARRANT

CASE NUMBER: 09 - 088 - M - 01

TO: _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by  SSA Matthew Dunn   who has reason to believe that
(name, description and or location)

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

in the jurisdiction of this Court, there is now concealed a certain person or property, namely (describe the person or property)

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

I am satisfied that the affidavits(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before _____ FEB 27 2009
(Date)

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search ☑ (in the daytime - 6:00 A.M. to 10:00 P.M.) ☐ (at any time in the day or night as I find reasonable cause has been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to the undersigned U.S. Judge/U.S. Magistrate Judge, as required by law.

FEB 17 2009        11:35
am

Date and Time Issued

ALAN KAY
U.S. MAGISTRATE JUDGE

Name and Title of Judicial Officer

at Washington, D.C.

Signature of Judicial Officer

01368

AO 93 (Rev. 01/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

In the Matter of the Search of      )
(Briefly describe the property to be searched    )
or identify the person by name and address)    )    Case No. ....
                                      )    10-4006 MB
5750 North Desert Pine Road       )
Rimrock, Arizona 86335           )

## SEARCH, SEIZURE AND FORFEITURE WARRANT

To:     Any authorized law enforcement officer

     An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Arizona _____
*(identify the person or describe the property to be searched and give its location):*

See Attachment A

     The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*

See Attachment B

     I find that the affidavit(s), or any recorded testimony, establish probable cause to search, seize and hold for possible forfeiture proceedings the person or property.

     **YOU ARE COMMANDED** to execute this warrant on or before _January 27, 2010_
                                                        *(not to exceed 14 days)*
☒ in the daytime  6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

     Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

     The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
_____
         *(name)*

     ☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30).*
                                      ☐ until, the facts justifying, the later specific date of _____

Date and time issued:  _1-13-10  1:05 P.M._          _Mark E. Aspey_
                                                   *Judge's signature*

City and state:    _Flagstaff, Arizona_             MARK E. ASPEY, U.S. Magistrate Judge
                                                    *Printed name and title*

0150

AO 93  (Rev. 01/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| | |
|---|---|
| In the Matter of the Search of | ) |
| (Briefly describe the property to be searched or identify the person by name and address) | ) Case No.  10-04017MB |
| | ) |
| 5750 North Desert Pine Road Rimrock, Arizona 86335 | ) |
| | ) |

## SEARCH, SEIZURE AND FORFEITURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Arizona _____
(Identify the person or describe the property to be searched and give its location):

See Attachment A

The person or property to be searched, described above, is believed to conceal (identify the person or describe the property to be seized):

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search, seize and hold for possible forfeiture proceedings the person or property.

YOU ARE COMMANDED to execute this warrant on or before ____2-10-10____ .
                                                                                   (not to exceed 14 days)

☒ in the daytime  6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge

_____
            (name)

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized (check the appropriate box) ☐ for _____ days (not to exceed 30).
                                                    ☐ until, the facts justifying, the later specific date of _____

Date and time issued: _1-27-10  3:10 PM_                    _____
                                                                                              Judge's signature

City and state:   Flagstaff, Arizona                            MARK E. ASPEY, U.S. Magistrate Judge
                                                                                      Printed name and title

01235

AO 93. (Rev: 01/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of | ) |
| (Briefly describe the property to be searched or identify the person by name and address) | ) |
| | ) Case No. 10 – 4091MB |
| | ) |
| 2007 Kenworth W900 Semi-Tractor/Truck VIN #1XKWD48X87R185271, Unit #157 | ) |
| | ) |

## SEARCH, SEIZURE AND FORFEITURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Arizona _____ (Identify the person or describe the property to be searched and give its location):

See Attachment A

The person or property to be searched, described above, is believed to conceal (identify the person or describe the property to be seized):

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search, seize and hold for possible forfeiture proceedings the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before    3-3-10 _____
                                                                                                    (not to exceed 14 days)

☐ in the daytime 6:00 a.m. to 10 p.m.    ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge _____ (name)

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized (check the appropriate box) ☐ for _____ days (not to exceed 30).
                                                                                          ☐ until, the facts justifying, the later specific date of _____

Date and time issued:    2-17-10  3:20 P.M.                    _____
                                                                                        Judge's signature

City and state:    Flagstaff, Arizona _____        MARK E. ASPEY, U.S. Magistrate Judge
                                                                                       Printed name and title

1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT

8            DISTRICT OF ARIZONA

9   United States of America,

10              Plaintiff,              No.  CR 10 80 3 6 PCT DGC LOA

       v.                              **INDICTMENT**

11  Richard Self,                       VIO:  18 U.S.C. §§ 2252A(a)(5)(B), and
                                              2256
12              Defendant.                    Possession of Child Pornography
                                              Counts 1, 2, 3 & 4
13
                                              18 U.S.C. § 2253
14                                            Forfeiture Allegation

15  THE GRAND JURY CHARGES:

16                          **COUNT 1**

17      On or about February 18, 2010, in the District of Arizona, defendant RICHARD SELF, did

18  knowingly possess a compact disc that contained an image of child pornography, to wit: an

19  image entitled "2[4].jpg" that had been mailed, shipped and transported in interstate and foreign

20  commerce, by any means including by computer.

21      In violation of Title 18, United States Code, Sections 2252A(a)(5)(B), and 2256.

22                          **COUNT 2**

23      On or about February 18, 2010, in the District of Arizona, defendant RICHARD SELF, did

24  knowingly possess a compact disc that contained an image of child pornography, to wit: an

25  image entitled "31.jpg" that had been mailed, shipped and transported in interstate and foreign

26  commerce, by any means including by computer.

27      In violation of Title 18, United States Code, Sections 2252A(a)(5)(B), and 2256.

28

FILED   LODGED
RECEIVED   COPY
MAR  9 2010
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
DEPL

REDACTED FOR PUBLIC DISCLOSURE

## COUNT 3

On or about February 18, 2010, in the District of Arizona, defendant RICHARD SELF, did knowingly possess a Simpletech 1 GB USB thumb drive that contained an image of child pornography, to wit: an image entitled "_REV040.JPG" that had been mailed, shipped and transported in interstate and foreign commerce, by any means including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B), and 2256.

## COUNT 4

On or about February 18, 2010, in the District of Arizona, defendant RICHARD SELF, did knowingly possess a Verbatim 4GB USB thumb drive that contained an image of child pornography, to wit: an image entitled "22_03797_9120522641286_122_2141o.jpg" that had been mailed, shipped and transported in interstate and foreign commerce, by any means including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B), and 2256.

## FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts 1 - 4 of this Indictment, defendant RICHARD SELF shall forfeit to the United States pursuant to 18 U.S.C. § 2253, all visual depictions produced, mailed, transported, shipped and received in violation of the law; all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offense seized from the residence and semi-tractor truck of RICHARD SELF, including the compact discs, Simpletech 1 GB USB thumb drive, and Verbatim 4GB USB thumb drive used to possess child pornography, and held in custody of

///

///

///

2

1   Immigration and Custom's Enforcement

2       Pursuant to 18 U.S.C. § 2253 and Rule 32.2 of the Federal Rules of Criminal Procedure.

3

4                            A TRUE BILL.

5

6                           /s/

7                  FOREPERSON OF THE GRAND JURY

       DENNIS K. BURKE      Date:  March 16, 2010

8    United States Attorney

       District of Arizona

9             /s/

10

       HEATHER H. BELT

11   Assistant U.S. Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

____ FILED          ____ LODGED
____ RECEIVED       ____ COPY

SEP 2 1 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

*REDACTED FOR PUBLIC DISCLOSURE*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          v.<br><br>Richard Self,<br><br>                    Defendant. | No. CR-10-08036-PCT-DGC<br><br>**S U P E R S E D I N G**<br><br>**I N D I C T M E N T**<br><br>VIO:   18 U.S.C. §§ 2252A(a)(1) and 2256<br>Transportation of Child Pornography<br>Counts 1, 2 & 3<br><br>18 U.S.C. §§ 2252A(a)(5)(B), and 2256<br>Possession of Child Pornography<br>Counts 4, 5 & 6<br><br>18 U.S.C. § 2253<br>Forfeiture Allegation |

THE GRAND JURY CHARGES:

## COUNT 1

On or between February 6, 2010 and February 18, 2010, in the District of Arizona, and elsewhere, defendant RICHARD SELF, did knowingly transport or ship child pornography, (to wit: a video entitled "(pthc) Izzy 02.avi"), in interstate commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(1) and 2256.

## COUNT 2

On or between February 6, 2010 and February 18, 2010, in the District of Arizona, and elsewhere, defendant RICHARD SELF, did knowingly transport or ship child pornography, (to wit: aan image entitled "3-10.jpg"), in interstate commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(1) and 2256.

## COUNT 3

On or between February 6, 2010 and February 18, 2010, in the District of Arizona, and elsewhere, defendant RICHARD SELF, did knowingly transport or ship child pornography, (to wit:  an image entitled "dogg_78956_pthc_ptsc_9yo_jenny_sucking_daddys _dog6_naked._look_at_her_lil_pussy_122_835lo.jpg"), in interstate commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(1) and 2256.

## COUNT 4

On or about February 18, 2010, in the District of Arizona, defendant RICHARD SELF, did knowingly possess a compact disc (referred to as CD 1) that contained at least one image of child pornography, to wit: an image entitled "image943[1].jpg" that had been mailed, shipped and transported in interstate and foreign commerce, by any means including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B), and 2256.

## COUNT 5

On or about February 18, 2010, in the District of Arizona, defendant RICHARD SELF, did knowingly possess a compact disc (referred to as CD 2) that contained at least one image of child pornography, to wit: an image entitled "m_p_1.jpg" that had been mailed, shipped and transported in interstate and foreign commerce, by any means including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B), and 2256.

## COUNT 6

On or about February 18, 2010, in the District of Arizona, defendant RICHARD SELF, did knowingly possess a Verbatim 4GB USB thumb drive that contained at least one image of child pornography, to wit: an image entitled "22_03797_9120522641286_122_214lo.jpg" that had been mailed, shipped and transported in interstate and foreign commerce, by any means including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B), and 2256.

## FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts 1 - 6 of this

2

1  Indictment, defendant RICHARD SELF shall forfeit to the United States pursuant to 18
2  U.S.C. § 2253, all visual depictions produced, mailed, transported, shipped and received in
3  violation of the law; all property, real or personal, constituting or traceable to gross profits or
4  other proceeds obtained from the offense; and all property, real and personal, used or
5  intended to be used to commit or to promote the commission of the offense seized from the
6  residence and semi-tractor truck of RICHARD SELF, including the compact discs
7  (referenced as CD 1 and CD 2), Simpletech 1 GB USB thumb drive, RD Data 2 GB thumb
8  drive 0465, RD 2 GB thumb drive 0467, and Verbatim 4GB USB thumb drive used to
9  possess child pornography, and held in custody of
10  Immigration and Custom's Enforcement
11      Pursuant to 18 U.S.C. § 2253 and Rule 32.2 of the Federal Rules of Criminal Procedure.
12
13                              A TRUE BILL
14
15                              /S/
                                _____
16                              FOREPERSON OF THE GRAND JURY
                                Date:   September 21, 2010
17  DENNIS K. BURKE
    United States Attorney
18  District of Arizona

19      /S/
    _____
20  HEATHER H. BELT
    ROGER DOKKEN
21  Assistant U.S. Attorneys

22
23
24
25
26
27
28

                                3



**U.S. Department of Justice**

United States Attorney
District of Arizona

*Two Renaissance Square*          *Main:  (602) 514-7500*
*40 North Central Avenue, Suite 1200*   *Main FAX:  (602) 514-7693*
*Phoenix, Arizona  85004-4408*          *FAX:  (602) 514-7650*

September 7, 2010

Jane L. McClellan
Assistant Federal Public Defender
850 W. Adams Street, Suite 201
Phoenix, AZ 85007

```
As the court can see, the date of
notice and the date of the letter
notifing the defendant of the court
date is the same, and the superseding
date was the 21st, some kind of
collusion going on here, besides
counsel never keeping petitioner
abreast of his case, and doing as
she liked, whether petitioner
approved or not.
```

Re:     *United States v. Richard Self*
        CR-10-8036-PCT-DGC

Dear Jane:

I am writing this letter to inform you that I intend to seek a superceding indictment to add transportation of child pornography charges in violation of 18 USC §2252A(a)(1). These charges carry a mandatory minimum of a 5 years and increased sentencing guidelines. I did not originally charge these offenses because I wanted to extend a plea offer to possession of child pornography without having to gain permission to dismiss counts with mandatory minimums by going through an extended plea approval process. The new charges are based upon the discovery that I already sent to you. This discovery details how Mr. Self drove his truck from Florida to Arizona while possessing child pornography.

It is my view that it will be easy for the government to prove transportation of the child pornography. The elements of transportation of child pornography do not require proof of an intent to distribute, only that:

1.    The Defendant knowingly transported in interstate or foreign commerce by any means, including by computer,
2.    child pornography, as defined in Title 18 Untied States Code, Section 2256(8); and
3.    The Defendant knew that such transported item(s) constituted child as defined in Title 18 United States Code Section 2256(8).

As you know, the media contained very personal items that were specific to Mr. Self and eliminate the possibility of any claim by him that he just <u>unknowingly</u> purchased used thumb drives, etc., which already contained this material at some truck stop. For this reason, I believe that it will be easy to prove that the defendant traveled with the child pornography on his round-trip from Arizona to Florida.

This leaves the element of knowledge and the crimes of possession. Should Mr. Self try to shift the blame to his wife or others, the government plans to call a witness to testify to the following:

Letter to Jane L. McClellan
September 7, 2010
Page 2

> *It is very rare for women to collect child pornography. Mark Motivans & Tracey Kyckelhahn, "Federal Prosecution of Child Sex Exploitation Offenders, 2006," Bureau of Justice Statistics Bulletin 5 (Dec.2007), http://bjs.ojp.usdoj.gov/content/pub/pdf/fpcseo06.pdf (visited Aug. 31, 2010) (only 1 percent of those charged with child pornography crimes are female); Janis Wolak et al., "Child-Pornography Possessors Arrested in Internet-Related Crimes: Findings From the National Juvenile Online Victimization Study" vii, 1-2 (2005), www.unh.edu/ccrc/pdf/jvq/CV81.pdf (visited Aug. 31, 2010) (less than 1 percent).*

The 7th Circuit Court of Appeals in Chicago recently observed that even without reading the underlying hidden data in a defendant's computer files, in a situation similar to that here, a defendant's claim that a woman did it is unbelievable due to these statistics. *U.S. v. Slaight,*--- F.3d ----, 2010 WL 3431621( 7th Cir. 2010).

To prove knowledge, identity, and possession, I also plan to introduce at trial evidence that Mr. Self an author and collector of pornographic stories that discuss incest and sex with children. This 404(b) evidence is admissible to prove, among other things, knowledge, absence of mistake, and identity. In that regard, I intend to introduce evidence that Mr. Self engaged in an incestuous relationship with his daughter. This proves, among other things, that Mr. Self possessed the stories as he has an interest in their content (incest). Given the content of these stories also concerns child pornography and sex with children, possessing the stories is evidence that Mr. Self has a sexual interest in children and child pornography and that he, therefore, possessed the child pornography.

I am still hopeful that we can reach some sort of resolution, particularly in light of Mr. Self fully understanding the evidence that the government intends to introduce at trial. In any case, should this not occur, I wanted to make sure you had time to prepare for these issues even though I am confident that you had already anticipated them. I look forward to talking with you.

Sincerely yours,

DENNIS K. BURKE
United States Attorney
District of Arizona

HEATHER H. BELT
Assistant United States Attorneys

# FEDERAL PUBLIC DEFENDER
### District of Arizona
850 West Adams Street, Suite 201
## PHOENIX, ARIZONA 85007-2730

JON M. SANDS
**Federal Public Defender**

(602) 382-2729
(FAX) 382-2800
1-800-758-7053

September 7, 2010

Richard Larry Self
c/o BSSW
2420 E. Roosevelt
Phoenix, AZ 85008

Re:   <u>United States v. Richard Larry Self</u>
      CR-10-8036-PCT-DGC

Dear Richard:

The Court has scheduled your next court appearance for the date and time listed below.

Event:        Arraignment on Superseding Indictment
Date:         September 29, 2010
Time:         10:45 a.m.
Place:        United States District Court
              401 West Washington Street
              Phoenix, Arizona 85003
Judge:        Magistrate Judge Lawrence O. Anderson
Courtroom #:  302

We will arrange for your transportation to the courthouse.  The government added the transportation charge, so you must have another arraignment hearing to enter a not-guilty plea to the new charge. Please call me to discuss.

Very truly yours,

JANE L. McCLELLAN
Asst. Federal Public Defender

JLM/kk

EXIBIT # ONE



ARIZONA DEPARTMENT OF PUBLIC SAFETY

SCIENTIFIC EXAMINATION REPORT

| | | |
|---|---|---|
| AGENCY | US FBI, Flagstaff | DR NO. 2010735014 |
| | Flagstaff, AZ 86001 | Page 1 of 1 |
| FILE NO. | 3050PX85766 | |
| OFFICER | LEE, #19684 | |
| DATE | October 29, 2010 | |
| NAME(S) | SELF, RICHARD | |

### ITEMS:

#LI002.          Miscellaneous storage devices and adapters

#LI003.          Twenty-eight CD-R/CD-RWs

### EXAMINATION REQUESTED:

Latent Prints

### RESULTS / INTERPRETATIONS:

Items #LI002 and LI003 were processed for latent prints with the following results:
No ridge detail of value for identification was developed on item #LI003.
One latent print was developed on item #LI002 (plastic case) and was compared to a fingerprint card
from OPPIS bearing the name "Self, Richard" 7/11/1949. Richard Self was excluded as the source of
the latent print.

*Erin Daniel*

ERIN DANIEL, #6528
Criminalist
Northern Regional Crime Laboratory
1140 W. Kaibab Lane
Flagstaff, AZ 86001
(928) 773-3687

CUSTODY OF EVIDENCE

RECEIVED          D.P.S. Property

DISPOSITION       D.P.S. Property

*Laboratory System Accredited by ASCLD/LAB - International (ISO)*

*Any notes, photographs, charts, or graphs generated during the examination are retained in the laboratory.*

EXIBIT # TWO



## ARIZONA DEPARTMENT OF PUBLIC SAFETY

### SCIENTIFIC EXAMINATION REPORT

**AGENCY**    US FBI, Flagstaff

Flagstaff, AZ 86001                                 **DR NO. 2010735014**

**FILE NO.**    3050PX85766                          Page 1 of 1

**OFFICER**    LEE, #19684

**DATE**    October 26, 2010

**NAME(S)**    SELF, RICHARD

### ITEMS:

#LI002.        Miscellaneous storage devices and adapters

#LI003.        Twenty-eight CD-R/CD-RWs

### EXAMINATION REQUESTED:

Serology

### RESULTS / INTERPRETATIONS:

Cellular material was detected on items #LI002 and LI003.

Samples were taken from items #LI002 and LI003 and retained in the laboratory's serology freezer as items #LI002-A and LI003-A.

Further information may be obtained from the above items by a DNA analysis. To request this analysis, please contact the Crime Laboratory at (928) 773-3651. The following standard collected in a purple-top blood tube will be needed:

1. Blood sample from the suspect

A letter giving permission to consume items #LI002-A and LI003-A in a DNA analysis will be needed from the U.S. Attorney assigned to this case.

*Erin Daniel*

_____

ERIN DANIEL, #6528

Criminalist

Northern Regional Crime Laboratory

1140 W. Kaibab Lane

Flagstaff, AZ 86001

(928) 773-3687

CUSTODY OF EVIDENCE

RECEIVED        D.P.S. Property

DISPOSITION        D.P.S. Property

*Laboratory System Accredited by ASCLD/LAB – International (ISO)*

*Any notes, photographs, charts, or graphs generated during the examination are retained in the laboratory.*

01535

CD Re: ✗   on no witnesses
My Documents   testify is not

She did not   right not to
recognize

...uption of guilt may
...be   inference of any
Kind may be drawn from the fact
that Mr. Self DN testify. from the
evidence

What was (missing) from gov's case: proof

1. fingerprints   9 mnths later

2. DNA - evidence seized 2/18/10

3. Evidence that Δ looked at CP -
Sherry Self   Knew Δ -
Dean Sohm   no testimony re: Δ &
CP

Fictional
4. Stories - Some evidence he was a writer
But no evidence that anyone had read
the stories in question

No h/w analysis - stories-edits or
writing on CDs
Sherry Self DN recognize h/w on one but did
the other - she's not an expert