**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff/Respondent,<br><br>v.<br><br>Richard Larry Self,<br><br>　　　　　Defendant/Movant. | No.　CV13-08199-PCT-DGC (JFM)<br>　　　CR10-08036-PCT-DGC<br><br>**ORDER** |

Defendant Richard Larry Self has filed a motion under Federal Rule of Civil Procedure 60(b)(6). The motion raises many issues presented before, including attacks on the warrants in this case and allegations of prosecutorial misconduct and vindictiveness. The Court views this as a second and successive § 2255 motion over which it lacks jurisdiction.

Even if the Court were to consider the motion on the merits, it would be denied. A motion under Rule 60(b)(6) "must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1). Defendant was convicted and sentenced more than five years ago. The issues he raises were apparent at the time. He has not brought this motion within a reasonable time.

In addition, Rule 60(b)(6) motions are used "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). To receive relief under the rule, a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), as amended on

denial of reh'g and reh'g en banc (Apr. 24, 2002) (citing *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir.1971) (per curiam)).  Defendant has not done so.

**IT IS ORDERED** that Defendant's motion (Doc. 42) is **denied**.

Dated this 28th day of December, 2016.

_____
David G. Campbell
United States District Judge