**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff/Respondent,<br><br>v.<br><br>Richard Larry Self,<br><br>                Defendant/Movant. | No.   CV13-08199-PCT-DGC (JFM)<br>        CR10-08036-PCT-DGC<br><br>**ORDER** |

       Richard Self is confined in federal prison in Littleton, Colorado. The Court previously denied his 28 U.S.C. § 2255 motion to vacate his sentence in Case No. CR-10-08036. Doc. 35.[1] Mr. Self has filed a motion for civil commitment. Doc. 47.

       Mr. Self was convicted by a jury on three counts of possession and three counts of transportation of child pornography. CR Doc. 90. He was sentenced to concurrent terms of 135 months for each transportation charge and 120 months for each possession charge – an effective sentence of 135 months. CR Docs. 95, 97. Federal Bureau of Prisons ("BOP") records indicate Mr. Self will be released on July 7, 2020.

       Mr. Self asks the Court to order him civilly committed following his release from prison. Doc. 47.[2] He seeks commitment because he has no intention of registering as a

---

[1] Citations to documents in the criminal case are denoted "CR Doc." Citations are to page numbers attached to the top of pages by the Court's electronic filing system.

[2] Mr. Self also appears to argue the merits of his § 2255 Motion, alleging ineffective assistance of counsel in his criminal trial. Doc. 47 at 1-3. The Court has repeatedly rejected these arguments. *See* Docs. 25, 41, 43

sex offender "for something he did not do," and he will be homeless upon release. Docs. 47 at 2-3, 48 at 1.

Mr. Self presents, and the Court has found, no authority under which the Court could grant the relief he requests. His § 2255 action does not authorize the Court to order civil commitment. BOP prisoners may be civilly committed before their release if they are certified "sexually dangerous" under 18 U.S.C. § 4248, but neither the Attorney General nor the BOP Director has made the requisite certification. *See* § 4248(a).

The Court acknowledges the difficult situation Mr. Self will be in upon his release from prison. But the Court simply has no authority to order him civilly committed. Mr. Self will have the opportunity to discuss his housing situation with his probation officer and seek assistance. He is reminded that he must abide by the conditions of his supervised release, and must report to the probation office in the district where he is released within 72 hours of release from prison. *See* CR Doc. 97 at 2.

**IT IS ORDERED** that Defendant's motion for civil commitment (Doc. 47) is **denied**.

Dated this 20th day of May, 2020.

David G. Campbell
United States District Judge